# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD ROSE**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>**BHI ENERGY SERVICES, LLC** and **BHI ENERGY I SPECIALITY SERVICES LLC**,<br><br>    Defendants. | Case No.: 1:23-cv-12513 |
| **JOSHUA PYFROM**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>**BHI ENERGY SERVICES, LLC** and **BHI ENERGY I SPECIALITY SERVICES LLC**,<br><br>    Defendants. | Case No.: 1:23-cv-12532 |
| **RICHARD DESCHAMPS**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>**BHI ENERGY SERVICES, LLC** and **BHI ENERGY I SPECIALITY SERVICES LLC**,<br><br>    Defendants. | Case No.: 1:23-cv-12555 |

**LASHAWNTAE A. WASHINGTON**, individually and on behalf of all others similarly situated,

    Plaintiff,

    v.

**BHI ENERGY SERVICES, LLC** and **BHI ENERGY I SPECIALITY SERVICES LLC**,

    Defendants.

Case No.: 1:23-cv-12577

---

**GARY KAPLAN** AND **THEODORE JOHNS**, individually and on behalf of all others similarly situated,

    Plaintiffs,

    v.

**BHI ENERGY SERVICES, LLC** and **BHI ENERGY I SPECIALITY SERVICES LLC**,

    Defendants.

Case No.: 1:23-cv-12589

---

**KIM R. WEVER** AND **TED MELTON**, individually and on behalf of all others similarly situated,

    Plaintiff,

    v.

**BHI ENERGY SERVICES, LLC** and **BHI ENERGY I SPECIALITY SERVICES LLC**,

    Defendants.

Case No.: 1:23-cv-12626

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL AND MEMORANDUM OF LAW IN SUPPORT**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 2

   A.   The Parties. .............................................................................................................. 2

   B.   The Data Breach. ..................................................................................................... 2

   C.   Procedural History ................................................................................................... 2

III. THE ACTIONS SHOULD BE CONSOLIDATED BEFORE THIS COURT .................. 4

   A.   Legal Standards........................................................................................................ 4

   B.   Argument and Authorities........................................................................................ 5

IV.  THE PROPOSED LEADERSHIP STRUCTURE SHOULD BE APPOINTED................ 7

   A.   Legal Standards........................................................................................................ 7

   B.   Argument and Authorities........................................................................................ 8

     1. Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date. ............................................................................... 9

     2. Proposed Interim Class Counsel Possess the Necessary Experience and Skill to Prosecute This Action.......................................................................................... 10

     3. Proposed Interim Class Counsel and Proposed Interim Liaison Class Counsel Have Committed, and Will Continue to Commit, the Resources Necessary to Fairly and Adequately Represent the Class........................................................................ 15

   C.   Other Factors Support the Appointment of Proposed Interim Class Counsel and Proposed Interim Liaison Class Counsel. ........................................................... 16

V.   CONCLUSION ............................................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*,

    No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626 (D. Colo. Sep. 1, 2017) .............. 6

*Cappello v. Franciscan All., Inc.*,

    No. 3:16-CV-290-TLS-MGG, 2017 WL 781609 (N.D. Ind. Feb. 28, 2017) ............................. 8

*Cruickshank v. Clean Seas Co.*,

    402 F. Supp. 2d 328, 341, *report and recommendation adopted by* 402 F. Supp. 2d 328 (D.

    Mass. 2005) ....................................................................................................................... 4, 5

*Fero v. Excellus Health Plan, Inc.*,

    236 F. Supp. 3d 735 (W.D.N.Y. 2017) ...................................................................................... 6

*First Choice Federal Credit Union v. The Wendy's Co., et al.*,

    No. 2:16-cv-506 (W.D. Pa. July 12, 2016) ................................................................................ 6

*Greater Chautauqua Federal Credit Union v. Kmart Corp. et al.*,

    No. 1:15-cv-02228 (N.D. Ill.) .................................................................................................... 6

*In re Aluminum Phosphide Antitrust Litig.*,

    No. 93-2452, 1994 WL 481847 (D. Kan. May 17, 1994) ......................................................... 15

*In re Terazosin Hydrochloride Antitrust Litig.*,

    220 F.R.D. 672 (S.D. Fla. 2004) .............................................................................................. 10

*In re Wendy's Co. S'holder Derivative Litig.*,

    No. 1:16-cv-1153, 2018 WL 6605394 (S.D. Ohio Dec. 17, 2018) ........................................... 16

*Moehrl v. Nat'l Ass'n of Realtors*,

    No. 19-cv-01610, 2020 U.S. Dist. LEXIS 164895 (N.D. Ill. May 30, 2020) ........................... 16

*Roe v. Arch Coal, Inc.*,

    No. 4:15-cv-910, 2015 WL 6702288 (E.D. Mo. Nov. 2, 2015)................................. 7

S*eguro de Servicio de Salud v. McAuto Sys. Grp.*,

    878 F.2d 5 (1st Cir. 1989) ...................................................................................... 4, 5

*Storlazzi v. Bakey*,

    1995 U.S. App. LEXIS 30146 (1st Cir. Oct. 24, 1995) .............................................. 5

*Syzmczak v. Nissan N. Am., Inc.*,

    Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306 (S.D.N.Y. May 15, 2012)......... 7

*Tingley Sys., Inc. v. CSC Consulting, Inc.*,

    152 F. Supp. 2d 95 (D. Mass. 1995) ........................................................................ 5

## Rules

Fed. R. Civ. P. 23 ........................................................................................................ 7, 8

Fed. R. Civ. P. 42 .................................................................................................... 1, 4, 6

## Treatises

*Manual for Complex Litig.* § 21.11 (4th ed. 2004) ........................................................ 7

*Manual for Complex Litig.* § 10.22 (4th ed. 2004) .......................................... 7, 8, 16

*Manual for Complex Litig.* § 10.272 (4th ed. 2004) .................................................. 16

Plaintiffs Richard Rose, Joshua Pyfrom, Richard Deschamps, Lashawntae A. Washington, Gary Kaplan, Theodore Johns, Kim R. Wever, and Ted Melton (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated (the "Class" or "Class Members"), respectfully move for: (i) consolidation of the above-captioned cases (the "Related Actions") for both pre-trial and trial purposes pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 40.1(k); and (ii) appointment of William B. Federman of Federman & Sherwood and A. Brooke Murphy of Murphy Law Firm as Interim Co-Lead Class Counsel ("Proposed Interim Class Counsel"), and appointment of Robert E. Mazow of Mazow | McCullough, PC as Interim Liaison Class Counsel. For the reasons set forth below, Plaintiffs' Unopposed Motion to Consolidate Cases and Appoint Interim Class Counsel should be granted.

## I.    INTRODUCTION

Plaintiffs seek to hold BHI Energy Services, LLC and BHI Energy I Specialty Services, LLC (collectively, "BHI Energy" or "Defendants") liable for their unlawful disclosure of the highly sensitive personally identifiable information ("PII") and protected health information ("PHI") of approximately 91,269 individuals in a massive and preventable data breach. As a result of Defendants' failure to keep Plaintiffs' and Class Members' PII and PHI secure and confidential, multiple class action lawsuits were filed against Defendants in the United States District Court for the District of Massachusetts. The Related Actions present numerous common issues of law and fact. Accordingly, these actions are ripe for consolidation and establishment of a leadership structure.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Parties

BHI Energy is a business services company that provides staffing solutions and related services to the oil, gas, and energy industries. Dkt. No. 1 ("Rose Compl."), ¶ 1. As part of Defendants' business, Defendants maintain the highly sensitive PII and PHI of thousands of individuals. Plaintiffs and the Class are current and/or former customers or employees of BHI Energy. In order to receive services or employment opportunities, Plaintiffs were required to give their PII and/or PHI to Defendants. Rose Compl., ¶ 18.

### B.  The Data Breach

On or around June 29, 2023, Defendants learned of a data breach on its network that resulted in the unauthorized exploitation of the PII and/or PHI of approximately 91,269 individuals (the "Data Breach" or "Breach"). Rose Compl., ¶ 49. On May 30, 2023, an unauthorized third-party gained unlawful access to Plaintiffs and Class Members' PII and PHI through Defendants' inadequately protected computer network. *Id.*, ¶¶ 50–52. After the Data Breach, Defendants admitted that a ransomware gang known as Akira accessed and exfiltrated 737,035 files that contained the highly sensitive and confidential PII and PHI of Plaintiffs and the Class. *Id.* Plaintiffs and the Class are at a certainly impending risk of harm now that their PII and PHI was stolen and is in the hands of cybercriminals.

### C.  Procedural History

BHI Energy began notifying affected individuals of the Data Breach on October 18, 2023. In the weeks following, several class actions lawsuits were filed against BHI Energy, each seeking

to redress the harms caused by the Data Breach. All of the actions filed focus on the same factual predicate—the Data Breach—and assert nearly identical claims for relief.

On October 24, 2023, Plaintiff Richard Rose filed his class action lawsuit against Defendants in this Court in the case *Rose v. BHI Energy Services, LLC, et al.,* No. 1:23-CV-12513. Plaintiff Rose asserts claims for: (i) negligence; (ii) unjust enrichment; (iii) breach of implied contract; and (iv) breach of implied covenant of good faith and fair dealing.

On October 25, 2023, Plaintiff Joshua Pyfrom filed his class action lawsuit against Defendants in this Court in the case *Pyfrom v. BHI Energy Services, LLC, et al.,* No. 1:23-CV-12532. Plaintiff Pyfrom asserts claims for: (i) negligence; (ii) unjust enrichment; (iii) breach of implied contract; and (iv) declaratory judgment.

On October 27, 2023, Plaintiff Richard Deschamps filed his class action lawsuit against Defendants in this Court in the case *Deschamps v. BHI Energy Services, LLC, et al.,* No. 1:23-CV-12555. Plaintiff Pyfrom asserts claims for: (i) negligence; (ii) unjust enrichment; (iii) breach of implied contract; (iv) breach of fiduciary duty; and (v) breach of confidence.

On October 28, 2023, Plaintiff Lashawntae A. Washington filed her class action lawsuit against Defendants in this Court in the case *Washington v. BHI Energy Services, LLC, et al.,* No. 1:23-CV-12577. Plaintiff Washington asserts claims for: (i) negligence; (ii) negligence *per* se; (iii) breach of confidence; (iv) breach of implied contract; (v) breach of fiduciary duty; and (vi) breach of the implied covenant of good faith and fair dealing; and (vii) unjust enrichment.

On October 30, 2023, Plaintiffs Gary Kaplan and Theodore Johns filed their class action lawsuit against Defendants in this Court in the case *Kaplan, et al., v. BHI Energy Services, LLC, et al.,* No. 1:23-CV-12589. Plaintiffs Kaplan and Johns assert claims for: (i) negligence; (ii)

negligence *per* se; (iii) breach of contract; (iv) breach of implied contract; (v) unjust enrichment; (vi) breach of confidence; and (vii) declaratory judgment.

On October 3, 2023, Plaintiffs Kim R. Wever and Ted Melton filed their class action lawsuit against Defendants in this Court in the case *Wever, et al., v. BHI Energy Services, LLC, et al.,* No. 1:23-CV-12626. Plaintiffs Wever and Melton assert claims for: (i) negligence; (ii) unjust enrichment; (iii) breach of contract; and (vi) declaratory relief.

## III.    THE ACTIONS SHOULD BE CONSOLIDATED BEFORE THIS COURT

The Actions before this Court are nearly identical; thus, consolidation is appropriate. Each lawsuit arises from the same common set of operative facts—the Data Breach. Due to each Plaintiffs' reliance on the same set of operative facts, all Plaintiffs assert overlapping claims, on behalf of similarly defined classes, seeking similar relief. The above-captioned cases, the parties thereto, and the Court will be best served in a consolidated proceeding.

### A.    Legal Standards

Federal Rule of Civil Procedure 42 provides that if actions before the Court "involve a common question of law ***or*** fact" the Court may "consolidate the actions." Fed. R. Civ. P. 42(a)(2) (emphasis added). The threshold issue in determining whether actions should be consolidated is whether the proceedings "involve a common party and common issues of fact or law." S*eguro de Servicio de Salud v. McAuto Sys. Grp*., 878 F.2d 5, 8 (1st Cir. 1989). The facts and issues of law in the actions need not be identical. *See Cruickshank v. Clean Seas Co*., 402 F. Supp. 2d 328, 341, *report and recommendation adopted by* 402 F. Supp. 2d 328 (D. Mass. 2005). Once that threshold is met, the Court has "broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Seguro*, 878 F.2d at 8.

In considering the costs and benefits of consolidation, the Court should consider "the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation." *Cruickshank*, 402 F. Supp. 2d at 341 (quoting *Tingley Sys., Inc. v. CSC Consulting, Inc*., 152 F. Supp. 2d 95, 102 (D. Mass. 1995)). "A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Seguro*, 878 F.2d at 8 (citation omitted); *see, e.g., Storlazzi v. Bakey*, 1995 U.S. App. LEXIS 30146, at *4–5 (1st Cir. Oct. 24, 1995) (consolidation of three actions appropriate where cases involved common questions of law and fact and there was no prejudice to parties); *Cruickshank*, 402 F. Supp. 2d at 340–42 (consolidation ordered where separate actions involved common parties, overlapping legal issues, and "nearly identical facts").

## B.    Argument and Authorities

Consolidation is appropriate here because the Related Actions are substantively identical and are in the same stage of litigation. All of the actions focus on one factual event—Defendants' Data Breach—which was a result of Defendants' failure to protect Plaintiffs and Class Members' PII and PHI. Each action alleges the same factual contentions, *i.e.*,: (i) Defendants knowingly violated its obligations to abide by best practices and industry standards in protecting its patients' PII; (ii) these failures enabled an unauthorized third party to intercept, access, and acquire the PII Defendants collected and maintained, putting Class members' PII at a serious and ongoing risk; and (iii) Defendants failed to disclose the full extent of the Data Breach and notify the affected patients in a timely manner. These factual allegations are the gravamen of each of the filed actions, thus numerous common questions of fact exist. Furthermore, each action: (i) is brought as a putative class action seeking to certify the same class of individuals; (ii) alleges many of the same claims, including for negligence, breach of implied contract, and unjust enrichment; and (iii) arises

out of the same occurrence that inflicted the same alleged injuries on the Plaintiffs, namely an injurious exposure of PII and PHI as a result of a cyberattack on BHI Energy that was discovered on June 29, 2023.

Courts consistently find that data breach class actions are particularly appropriate for Rule 42 consolidation. *See, e.g.*, *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sep. 1, 2017) ("[B]oth actions are substantively identical and are in the same stage of litigation . . . arise out of the same occurrence: a data breach . . . ."); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 745 (W.D.N.Y. 2017) (noting court had previously "issued an order consolidating . . . pursuant to Federal Rule of Civil Procedure 42(a)(2), and transferred the case" to one judge in large data breach litigation); *First Choice Federal Credit Union v. The Wendy's Co., et al.*, No. 2:16-cv-506, ECF No. 20 (W.D. Pa. July 12, 2016) (consolidating five actions arising out of a data breach); *Greater Chautauqua Federal Credit Union v. Kmart Corp. et al.*, No. 1:15-cv-02228, ECF No. 44 (N.D. Ill.) (consolidating related data beach cases).

Consolidation of the Related Actions (and any future similar actions alleging claims relating to the Data Breach) is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception. Consolidating the Related Actions will also reduce the confusion and delay that may result from prosecuting related putative class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters. Thus, consolidation will foster judicial economy.

There is no potential prejudice to the parties if the six lawsuits are consolidated. To the contrary, since the six cases involve common questions of law and fact, consolidation will prevent inconsistent verdicts.

Accordingly, Plaintiffs respectfully request that the Court consolidate the Related Actions, and any subsequently filed or transferred actions relating to the Data Breach, under the docket number of the first filed case, No. 1:23-CV-12513, and under the caption "*In re BHI Energy Data Breach Litigation*."

## IV. THE PROPOSED LEADERSHIP STRUCTURE SHOULD BE APPOINTED

To avoid inefficiency, duplication, and possible prejudice to Plaintiffs and Class Members, and consistent with the interests of justice, the Manual for Complex Litigation recommends that courts in complex litigation should "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." Manual for Complex Litigation (Fourth) ("MCL" or "Manual"), § 10.22. In some cases, "the attorneys coordinate their activities without the court's assistance, and such effort should be encouraged." *Id*. Such are the circumstances here: the undersigned counsel have organized themselves and begun coordinated prosecution of this litigation on behalf of Plaintiffs.

### A. Legal Standards

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Designating lead counsel now ensures the protection of the interests of the Class in making and responding to motions, conducting discovery, and negotiating possible settlements. *See Roe v. Arch Coal, Inc.*, No. 4:15-cv-910, 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (finding it in the best interests of the class to appoint interim class counsel even

when no other counsel competed for appointment); *Syzmczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing *Manual for Complex Litig.* § 21.11 (4th ed. 2004)).

Determining the appointment of lead class counsel requires the court to consider counsel's: (i) work in identifying and investigating potential claims; (ii) experience in handling class action and complex litigation and the types of claims asserted in the action; (iii) knowledge of the applicable law; and (iv) available resources. Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig.* § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B).

### B.     Argument and Authorities

Proposed Interim Class Counsel satisfy the factors considered by the Court for appointment under Fed. R. Civ. P. 23(g)(3). Proposed Interim Class Counsel have successfully litigated numerous class actions involving data breaches and privacy claims on behalf of millions of consumers. Additionally, Proposed Interim Class Counsel possess the necessary resources to prosecute this litigation, have the support of the Plaintiffs from all cases on file, are working

together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Because Proposed Interim Class Counsel have the case-management and complex litigation skills, experience, knowledge of the relevant facts and legal issues, and extensive resources needed to efficiently prosecute this action, the Court should grant Plaintiffs' motion.

      **1.   Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date**

Proposed Interim Class Counsel and Liaison Counsel have been diligent in investigating and advancing this case. Among other things, they have investigated the circumstances surrounding the Data Breach and have communicated with affected class members, including, but not limited to, the following: (i) investigating the facts surrounding the Data Breach; (ii) interviewing numerous consumers injured by the Data Breach; (iii) researching legal claims; (iv) drafting initial pleadings; and (v) organizing Plaintiffs and counsel to work toward unified proceedings.

The Data Breach at issue is egregious in terms of the information exposed and the scope of victims affected. Accordingly, Proposed Interim Class Counsel and Liaison Counsel worked to quickly organize and avoid any delay that could be caused by a leadership dispute to address the merits of the case as expeditiously as possible. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating any duplicity.

Proposed Interim Class Counsel and Liaison Counsel operate as a cohesive, well-organized group. Going forward, and if appointed, Proposed Interim Class Counsel and Proposed Interim Liaison Class Counsel will establish a standardized protocol for managing and reporting time and

expenses incurred. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel and Liaison Counsel under Fed. R. Civ. P. 23(g)(3).

### 2. Proposed Interim Class Counsel Possess the Necessary Experience and Skill to Prosecute This Action

Proposed Interim Class Counsel and Proposed Interim Liaison Class Counsel are well-qualified to lead this case. Each member has a track record of successfully litigating and resolving consumer class actions, particularly data breach class actions. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

Plaintiffs request that the Court designate William B. Federman and A. Brooke Murphy as Interim Class Counsel. Plaintiffs further request that the Court designate Robert E. Mazow as Interim Liaison Class Counsel. As demonstrated below, these attorneys have substantial class-action and data-breach experience and knowledge that will benefit the putative class as this litigation proceeds.

### a. William B. Federman of Federman & Sherwood

Mr. Federman, the founder and managing member of Federman & Sherwood, has more than forty years of diverse, hands-on, trial, and appellate experience in the areas of complex financial fraud litigation, commercial litigation, consumer litigation, data breach litigation, and class action litigation. Mr. Federman has represented both plaintiffs and defendants in federal courts, state courts, and arbitration forums across the United States. Indeed, Mr. Federman has litigated hundreds of class action lawsuits demonstrating he has the skill, knowledge, and experience necessary to see this case through to its completion. *See* Exhibit 1.

Mr. Federman recently served (or is currently serving) in leadership positions in similar data breach cases, including: *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508, at *1 (M.D. Fla. Apr. 14, 2021), *vacated in part sub nom. Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023) (co-lead class counsel); *Perez v. Carvin Wilson Software LLC*, No. CV-23-00792-PHX-SMM (D. Ariz.) (interim co-lead class counsel); *Bingaman, et al. v. Avem Health Partners, Inc.*, No. CIV-23-134-SLP (W.D. Okla.) (interim lead class counsel and interim liaison class counsel); *Okonski, et al. v. Progressive Casualty Insurance Company*, No. 1:23-cv-01548 (N.D. Ohio) (interim co-lead class counsel); *In re: Bryan Cave Leighton Paisner, LLP Data Breach Litigation*, No. 1:23-cv-04249 (N.D. Ill.) (interim lead class counsel); *Sanders, et al., v. Ibex Global Solutions, Inc., et al.*, No. 1:22-cv-00591-TNM (D.D.C.) (co-lead settlement class counsel); *Mackey v. Belden, Inc.*, No. 4:21-cv-00149-JAR (E.D. Mo.) (co-lead settlement class counsel); *In re: Solara Medical Supplies Data Breach Litigation*, No. 3:19-cv-00284-H-KSC (S.D. Cal.) (interim co-lead class counsel); *Mednax Services, Inc., Customer Data Security Breach Litigation*, No. 21-MD-02994-RAR, ECF No. 43 (S.D. Fla.) (interim co-lead class counsel); *McFarlane et al. v. Altice USA, Inc.*, Case No. 20-cv-1297 (S.D.N.Y.) (interim lead counsel); *M.S. and D.H. v. Med-Data, Inc.*, Case No. 4:22-cv-00187 (S.D. Tex.) (interim co-lead class counsel; settlement pending); and *In re: Physician's Business Office Data Incident Litigation*, Case No. CC-54-2022-C-252 (Wood Cnty. Cir. Ct. of West Virginia) (interim co-lead class counsel).

Federman & Sherwood has also served as lead counsel or co-lead counsel in multiple other class action lawsuits (consumer and financial matters), including MDL proceedings, cooperatively working with a multitude of law firms across the country. A brief summary of additional cases Mr. Federman has had lead roles in include: *Aguirre, et al. v. Hello Products*, No. 1:19-cv-09577-SDA (S.D.N.Y.) (lead counsel); *Michael Ouelette v. Sony Corporation of America, Inc., Sony*

*Electronics, Inc. and Sony Corp.*, Case No. 1:09-cv-1939 (S.D.N.Y.) (lead counsel); *In re: Samsung Top-Load Washing Machine Marketing, Sales Practices and Products Liability Litigation*, MDL No. 17-ml-2792-D (W.D. Okla.) (co-lead counsel); *Loritz v. Exide Technologies, et al.*, No. 2:13-cv-02607-SVW-E (C.D. Cal.) (lead counsel); *Angley v. UTi Worldwide, Inc., et al.*, No. 2:14-cv-02066-CBM-E (C.D. Cal.) (lead counsel); *Perez, et al. v. Izea, Inc., et al.*, No. 2:18-cv-02784-SVW-GJS (C.D. Cal.) (co-lead counsel); *Superconductor Technologies, Inc.*, No. CV-04-2680-DT-JTLX (consolidated with CV-04-2848-DT and CV-04-2927-DT) (C.D. Cal.) (lead counsel); and *Mulderrig, et al. v. Amyris, Inc.*, No. 19-cv-01765-YGR (N.D. Cal.) (lead counsel). *But see also Access Financial Group, Inc. v. McGuire, et al.*, Case No. CJ-2020-2542 (Dist. Ct. of Okla. Cnty.) (Andrews, J.) (William B. Federman appointed as discovery special master).

Not only does Federman & Sherwood possess the requisite skill, knowledge, and experience, it also has adequate financial resources to support the litigation. Due to its success as a prominent class action law firm, Federman & Sherwood has assisted in numerous cases funding litigation expenses in excess of $1 million. Federman & Sherwood has both the financial resources and the staff to assist in resolving this case and does not use or rely upon third-party funding sources. Additional information regarding Mr. Federman and Federman & Sherwood is detailed in the Federman & Sherwood firm résumé, attached hereto as Exhibit 1.

Given Federman & Sherwood's vast experience and proven track record in successfully prosecuting class action data breach cases, William B. Federman of Federman & Sherwood would serve as excellent Interim Co-Lead Class Counsel.

### b.  A. Brooke Murphy of Murphy Law Firm

For more than a decade, Ms. Murphy has specialized in representing plaintiffs in class actions and other complex litigation.  Ms. Murphy has litigated numerous data breach class actions across the country where she has obtained several successful rulings on issues of standing, pleading, and class certification. Ms. Murphy has similarly overcome common challenges by defendants in data breach class actions, including on matters involving the applicability of arbitration clauses, assertions of privilege or work-product protections, and attempts to exclude expert testimony. Through her involvement in data breach class actions, Ms. Murphy has worked closely with consulting and testifying experts to assist in the preparation of data security and damages reports. Ms. Murphy has conducted technical depositions of data security personnel, forensic investigators, and information security consultants. Ms. Murphy is also well-skilled in managing and navigating large document productions and has overseen the search and review of productions involving millions of pages of documents.

Based on her years of extensive experience, Ms. Murphy has been court-appointed as class counsel or co-lead counsel in several data breach class actions. *See, e.g., In re: Mondelez Data Breach Litig.*, Case No. 1:23-cv-0399 (N.D. Ill.); *Perez v. Carvin Wilson Software, LLC,* Case No. CV-23-00792-PHX-SMM (D. Ariz.); *Sanders, et al., v. Ibex Global Solutions, Inc., et al.*, Case No. 1:22-cv-00591-TNM (D.C.C.); *In re: Solara Medical Supplies Data Breach Litig.,* Case No. 3:19-cv-00284-H-KSC (S.D. Cal.); *McFarlane v. Altice USA, Inc.,* Case No. 20-CV-1297-JMF (S.D.N.Y.). Ms. Murphy's biography and resume is attached hereto as Exhibit 2.

### c.  Robert E. Mazow of Mazow McCullough, PC

Robert E. Mazow ("Attorney Mazow") is a 1994 graduate of the New England School of Law. He was admitted to practice in Massachusetts in 1994.  Attorney Mazow has also been

admitted to the bar of the State of New Hampshire, and the bars of the United States District Court for the districts of Massachusetts and New Hampshire. Attorney Mazow is a member in good standing of all bars to which he has been admitted and there are no disciplinary proceedings against him.

From 1995 to approximately 1998, Attorney Mazow was an Assistant District Attorney in Essex County, Massachusetts. From 1998 to 2000 Attorney Mazow was an attorney at the law firm of Peabody & Arnold, LLP in Boston, Massachusetts where his practice was primarily in the area of insurance defense. From 2000 to 2002 Attorney Mazow was with the Law Offices of Robert E. Mazow in Chelsea, Massachusetts where his practice consisted of criminal defense and general civil litigation.

From 2002 to the present, Attorney Mazow has been a partner with the law firm of Mazow | McCullough, PC in Salem, Massachusetts. Attorney Mazow's practice consists of general civil litigation in federal and state court where he represents plaintiffs in personal injury matters. Attorney Mazow's practice also includes representing consumers in the area of consumer protection and class action litigation. As a partner of the former law firm Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C., Attorney Mazow has served as counsel and represented numerous putative classes and certified classes in both state and Federal Court. *See e.g., O'Hara et al. v. Diageo Beer Co., et al*, CA No. 1:15-cv-14139-MLW (Final Approval Allowed December 2, 2021, Wolf, J.); *Moran et al. v. Stonehill College*, CA No. 2077-cv-00431A (Final Approval Allowed August 18, 2022, Dunigan, J.); *Hartigan et al. v. The Realty Assoc. fund X LP*., et al., CA No. SUCV-2018-00056-BLS1 (Final Approval Allowed October 5, 2021, Davis, J.); *Doe et al. v. Tewksbury Hospital*, Ca No. 1881-cv-01495 (Final Approval Allowed October 20, 2021); *Walsh, et al. v. Lynnfells Co., LLC*, consolidated with, *Rubenacker, et al. v Lorn, LLC*, CA No. 1781-CV-

03058 (Final Approval Allowed July 17, 2019, Howe, J.); *DeAmelio et al. v. Pilgrim Ins. Co.*, CA No. SUCV-1784-02206-BLS2 (Final Approval Allowed September 25, 2018, Sanders, J.); *Polanik et al. v. Boston Hill Donuts, LLC, et al.*, CA No. 1784CV00914-BLS2 (Final Approval Allowed, September 28, 2017, Leibensperger, J.); *Hyman et al. v. Metropolitan Property & Casualty Ins. Co., et al.*, CA No. SUCV-1684CV00488- BLS2 (Final Approval Allowed, August 23, 2017, Sanders, J.); and *Kappotis et al. v. Bertucci's, Inc. et al.*, CA No. SUCV-1584CV03821-BLS1 (Final Approval Allowed, February 24, 2017, Kaplan, J.). Mazow ǀ McCullough, PC's Firm Resume is attached hereto as Exhibit 3.

3. **Proposed Interim Class Counsel and Proposed Interim Liaison Class Counsel Have Committed, and Will Continue to Commit, the Resources Necessary to Fairly and Adequately Represent the Class.**

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed Interim Class Counsel and Liaison Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Class Counsel and Liaison Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to organize in one venue and file this motion for consolidation and leadership proposal. They are also expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation. And, as their résumés and counsels' experience indicate, Proposed Interim Class Counsel and Liaison Counsel have the resources to see this litigation through to its conclusion, including trial. *See* Exhibits 1-3, attached hereto.

**C.**      **Other Factors Support the Appointment of Proposed Interim** Class **Counsel and Proposed Interim Liaison Class Counsel.**

Notably, the proposed leadership structure has the support of all Plaintiffs and firms involved in the Related Actions. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel." "Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (citation omitted); *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 U.S. Dist. LEXIS 164895, at *10 (N.D. Ill. May 30, 2020) ("And all Plaintiffs in this action have consented to the proposed leadership structure."); *Manual for Complex Litigation* §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach).

Indeed, after the first cases were filed, Proposed Interim Class Counsel and Liaison Counsel moved quickly to coordinate the cases and the proposed leadership structure to avoid any delay attendant with potential multi-district litigation proceedings due to the egregious nature of Defendants' alleged unlawful conduct and likelihood of imminent further harms to Plaintiffs and the Class Members. Proposed Interim Class Counsel seek this leadership structure to best serve the interests of the class in the most efficient manner possible.

Importantly, Proposed Interim Class Counsel and Proposed Interim Liaison Class Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. They all understand that they will be required to make

contributions to fund the litigation, and they will not accept any third-party litigation funding to do so.

While Proposed Interim Class Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already discussed how best to organize to effectively use their members' diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing.

In discussing the consolidation of filed cases and transfer to one venue, Proposed Interim Class Counsel quickly coalesced to cooperatively move this case forward. Not only is this leadership structure supported by counsel for all Plaintiffs involved in this litigation, but the firms are committed to continue their collegial approach without duplication of effort. Accordingly, Plaintiffs respectfully submit that the proposed leadership structure will serve the best interests of Plaintiffs and the putative class.

## V. CONCLUSION

Wherefore, Plaintiffs respectfully request that the Court: (i) consolidate the above-captioned cases for all purposes, pursuant to Federal Rule of Civil Procedure 42(a); and (ii) appoint William B. Federman and A. Brooke Murphy as Interim Class Counsel and appoint Robert E. Mazow as Interim Liaison Class Counsel.

Dated: November 9, 2023

*/s/ A. Brooke Murphy*
A. Brooke Murphy (admitted *pro hac vice*)
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989
abm@murphylegalfirm.com

**FEDERMAN & SHERWOOD**
William B. Federman (admitted *pro hac vice*)

17

10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
wbf@federmanlaw.com

***Proposed Interim Class Counsel***

Robert E. Mazow
BBO# 567507
**MAZOW | MCCULLOUGH, PC**
10 Derby Square, 4th Fl.
Salem, MA 01970
rem@helpinginjured.com
T: (978) 744-8000

***Proposed Interim Liaison Class Counsel***

Kevin Laukaitis (admitted *pro hac vice*)
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
T: (215) 789-4462
klaukaitis@laukaitislaw.com
***Attorney for Plaintiff Rose***

Terence R. Coates*
Justin C. Walker*
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com
jwalker@msdlegal.com
***Attorneys for Plaintiff Deschamps***

Daniel Srourian, Esq.*
**SROURIAN LAW FIRM, P.C.**
3435 Wilshire Blvd. Suite 1710
Los Angeles, California 90010
Telephone: (213) 474-3800
Facsimile: (213) 471-4160
Email: daniel@slfla.com
***Attorney for Plaintiff Washington***

18

Mason A. Barney*
Tyler J. Bean*
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
E: mbarney@sirillp.com
E: tbean@sirillp.com
***Attorneys for Plaintiffs Kaplan and Johns***

David K. Lietz*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
dlietz@milberg.com
***Attorney for Plaintiffs Wever and Melton***

*Additional Attorneys for Plaintiffs and the Class*

\* *pro hac vice* application forthcoming

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL CIVIL RULE 7.1(a)

I, the undersigned, hereby certify that I conferred with defense counsel in good faith, and Defendants do not oppose the relief sought.

*/s/ A. Brooke Murphy*
A. Brooke Murphy

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 9, 2023, the foregoing was filed electronically with the Clerk of Court using the CM/ECF System and was thereby served on all counsel of record.

*/s/ A. Brooke Murphy*
A. Brooke Murphy