# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL MEYERS, *et al.*,

    *Plaintiffs*,

    v.

BHI ENERGY SERVICES, LLC, *et al.*,

    *Defendants*.

Lead Case No. 1:23-cv-12513-LTS

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Michael J. Stortz (admitted *pro hac vice*)
michael.stortz@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8200
Fax: (415) 882-8220

Robert W. Sparkes, III, (BBO # 663626)
robert.sparkes@klgates.com
K&L GATES LLP
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Tel:  (617) 261-3100
Fax: (617) 261-3175

Wesley A. Prichard (admitted *pro hac vice*)
wesley.prichard@klgates.com
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Tel:  (412) 355-8969
Fax: (412) 355-6501

*Counsel for Defendants*
*BHI Energy Services, LLC and*
*BHI Energy I Specialty Services LLC*

# TABLE OF CONTENTS

**Page(s)**

BACKGROUND ................................................................................................................... 1

ARGUMENT ...................................................................................................................... 3

I.     The Court should dismiss the Complaint because Plaintiffs lack standing. ..................... 3

    A.     Plaintiffs Meyers, Kaplan, Wever, Pyfrom, Deschamps, Washington, and Melton do not plead an injury-in-fact. ................................................................................ 4

    B.     Plaintiff Muske does not plead that his alleged injury is fairly traceable to BHI's alleged conduct. ........................................................................................ 8

    C.     Plaintiffs lack standing for injunctive relief because they do not allege facts showing a credible future injury. ........................................................................ 9

    D.     Plaintiffs lack standing to invoke the common law of states in which they do not reside. ................................................................................................ 10

II.     This Court should dismiss the Complaint because Plaintiffs fail to allege a plausible claim for relief. ............................................................................................. 11

    A.     Plaintiffs' common-law claims are deficient. ........................................................ 11

        1.     Negligence. ................................................................................................ 12

        2.     Breach of implied contract and unjust enrichment. ................................. 15

        3.     Additional argument specific to breach of implied contract. .................... 15

        4.     Additional arguments specific to unjust enrichment. .............................. 16

        5.     Breach of confidence. ............................................................................... 18

    B.     Mr. Meyers's California statutory claims are also deficient. ................................. 19

        1.     Violation of the CCPA. ............................................................................. 19

        2.     Violation of the UCL. .............................................................................. 20

CONCLUSION ................................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

*Afridi v. Residential Credit Sols., Inc.*,
   189 F. Supp. 3d 193 (D. Mass. 2016) (Gorton, J.)....................................................................5

*In re Ambry Genetics Data Breach Litig.*,
   567 F. Supp. 3d 1130 (C.D. Cal. 2021) ...............................................................................18

*Am. Safety Ins. Serv., Inc. v. Griggs*,
   959 So.2d 322 (Fla. Dist. Ct. App. 2007) ...........................................................................17

*Arnett v. Bank of Am., N.A.*,
   874 F. Supp. 2d 1021 (D. Or. 2012) ....................................................................................15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................................................11

*Blood v. Labette Cty. Med. Ctr.*,
   No. 22-4036, 2022 WL 11745549 (D. Kan. Oct. 20, 2022) ...........................................6, 7, 8

*Blue Ridge Sportcycle Co., Inc. v. Schroader*,
   299 S.E.2d 303 (N.C. Ct. App. 1983)..................................................................................13

*In re Brinker Data Incident Litig.*,
   No. 18-686, 2020 WL 691848 (M.D. Fla. Jan. 27, 2020)....................................................18

*Britt v. McKenney*,
   529 F.2d 44 (1st Cir. 1976)..................................................................................................11

*Brookewood, Ltd. P'ship v. DeQueen Phys. Therapy & Occupational Therapy, Inc.*,
   547 S.W.3d 461 (Ark. Ct. App. 2018).................................................................................16

*Brooks Range Petroleum Corp. v. Shearer*,
   425 P.3d 65 (Alaska 2018)...................................................................................................16

*Burton v. MAPCO Exp., Inc.*,
   47 F. Supp. 3d 1279 (N.D. Ala. 2014).................................................................................13

*C.C. v. Med-Data Inc.*,
   No. 21-2301, 2022 WL 970862 (D. Kan. Mar. 31, 2022) .....................................................4

*Campbell v. Portfolio Recovery Assocs.*,
   No. 21-1322, 2022 WL 657225 (E.D.N.Y. Mar. 4, 2022).....................................................7

*Campbell Sales Grp., Inc. v. Niroflex by Jiufeng Furniture, LLC*,
    No. 19-865, 2022 WL 17413381 (N.C. Super. Ct. Brunswick Cty. Dec. 5, 2022) ................18

*Carroll v. LJC Def. Contr'ing, Inc.*,
    24 So.3d 448 (Ala. Civ. App. 2009) ....................................................................15

*In re Checking Acct. Overdraft Litig.*,
    694 F. Supp. 2d 1302 (S.D. Fla. 2010) ..............................................................10

*Church v. Wachovia Secs., Inc.*,
    No. 05-422, 2008 WL 5429604 (W.D.N.C. Dec. 30, 2008) ................................15

*Claridge v. RockYou, Inc.*,
    785 F. Supp. 2d 855 (N.D. Cal. 2011) ...............................................................20

*Coleman v. Alaska U.S. Fed. Credit Union*,
    No. 19-229, 2020 WL 1866261 (D. Alaska Apr. 14, 2020) ................................16

*Dan King Plumbing Heating & Air Conditioning, LLC v. Harrison*,
    869 S.E.2d 34 (N.C. Ct. App. 2022) ..................................................................16

*Diamond "S" Dev. Corp. v. Mercantile Bank*,
    989 So.2d 696 (Fla. Dist. Ct. App. 2008) ..........................................................15

*Duty Free World, Inc. v. Miami Perfume Junction, Inc.*,
    253 So.3d 689 (Fla. Dist. Ct. App. 2018) ..........................................................16

*In re Eaton Vance Corp. Secs. Litig.*,
    220 F.R.D. 162 (D. Mass. 2004) (Harrington, J.) ..............................................10

*Echavaria v. Uline, Inc.*,
    534 F. Supp. 3d 168 (D. Mass. 2021) (Gorton, J.) .............................................12

*Eggiman v. Bank of Am., N.A.*,
    No. 22-10298, 2023 WL 2647071 (D. Mass. Mar. 27, 2023) (Burroughs, J.) ........12

*Farman v. Deutsche Bank Nat'l Tr. Co.*,
    311 So.3d 191 (Fla. Dist. Ct. App. 2020) ..........................................................16

*Fernandez v. Leidos, Inc.*,
    127 F. Supp. 3d 1078 (E.D. Cal. 2015)..............................................................4, 9

*Forsythe v. Sun Life Fin., Inc.*,
    417 F. Supp. 2d 100 (D. Mass. 2006) (O'Toole, J.) ...........................................10

*Furtick v. Medford Housing Auth.*,
    963 F. Supp. 64 (D. Mass. 1997) (Young, J.) .....................................................9

*In re Gallagher Data Breach Litig.*,
  631 F. Supp. 3d 573 (N.D. Ill. 2022) ...................................................................16

*Gourley v. O'Donnell*,
  926 P.2d 367 (Or. Ct. App. 1981) .......................................................................17

*Gray v. Cummings*,
  917 F.3d 1 (1st Cir. 2019) ....................................................................................10

*Greenstate Credit Union v. Hy-Vee, Inc.*,
  549 F. Supp. 3d 969 (D. Minn. 2021) ..................................................................12

*Griffey v. Magellan Health Inc.*,
  562 F. Supp. 3d 34 (D. Ariz. 2021) .....................................................................19

*Griffey v. Magellan Health Inc.*,
  No. 20-1282, 2022 WL 1811165 (D. Ariz. June 2, 2022) .....................................19

*Hampton v. Hearn*,
  838 S.E.2d 650 (N.C. Ct. App. 2020) ..................................................................15

*In re Hard Drive Suspension Assemblies Antitr. Litig.*,
  No. 19-2918, 2020 WL 5074041 (N.D. Cal. Aug. 26, 2020) ................................16

*Hardy v. Smith*,
  148 So.3d 64 (Ala. Civ. App. 2013) .....................................................................16

*Hartigan v. Macy's, Inc.*,
  501 F. Supp. 3d 1 (D. Mass. 2020) (Saris, J.) ........................................................5

*Holmes v. Elephant Ins. Co.*,
  No. 22-487, 2023 WL 4183380 (E.D. Va. June 26, 2023) ......................................7

*Hooked Media Grp., Inc. v. Apple Inc.*,
  259 Cal. Rptr. 3d 406 (Cal. Ct. App. 2020) .........................................................16

*Irwin v. Jimmy John's Franchise, LLC*,
  175 F. Supp. 3d 1064 (C.D. Ill. 2016) ..................................................................17

*Jianjun Fu v. Wells Fargo Home Mortg.*,
  No. 13-1271, 2014 WL 4681543 (N.D. Ala. Sept. 12, 2014) ................................16

*Johnson v. Wells Fargo Home Mortg., Inc.*,
  635 F.3d 401 (9th Cir. 2011) ...............................................................................14

*Kelly v. Ga.-Pac. LLC*,
  671 F. Supp. 2d 785 (E.D.N.C. 2009) ..................................................................14

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
    313 U.S. 487 (1941)................................................................................12

*Legg v. Leaders Life Ins. Co.*,
    574 F. Supp. 3d 985 (W.D. Okla. 2021) ...........................................6

*U.S. ex rel. Lokosky v. Acclarent, Inc.*,
    --- F. Supp. 3d ---, 2023 WL 3457903 (D. Mass. May 10, 2023) (Cabell, M.J.) ...................12

*Lorenz v. Deutsche Bank Nat'l Trust Co.*,
    No. 15-680, 2015 WL 4507999 (D. Or. July 24, 2015)........................16

*Lujan v. Defenders of Wildlife*,
    504 U.S 555 (1992)........................................................................3, 4, 8

*Lyons v. Midnight Sun Transp. Servs., Inc.*,
    928 P.2d 1202 (Alaska 1996).............................................................15

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*,
    19 F.4th 58 (2d Cir. 2021) ..................................................................6

*Magrans v. Andrada*,
    616 S.W.3d 668 (Ark. Ct. App. 2021) ...............................................15

*McCabe v. Abbott Labs., Inc.*,
    47 F. Supp. 3d 339 (E.D.N.C. 2014)..................................................16

*McCombs v. Delta Grp. Elecs., Inc.*,
    --- F. Supp. 3d ---, 2023 WL 3934666 (D.N.M. June 9, 2023)...............9

*Mitford v. de Lasala*,
    666 P.2d 1000 (Alaska 1983)............................................................15

*Moini v. Hewes*,
    763 P.2d 414 (Or. Ct. App. 1988)......................................................16

*Moore v. Centerlake Med. Grp., Inc.*,
    299 Cal. Rptr. 3d 544 (Cal. Ct. App. 2022) ......................................14

*Norman v. Bosak Motors of Burns Harbor LLC*,
    No. 20-51, 2021 WL 4749617 (N.D. Ind. Oct. 12, 2021)........................7

*Oliver v. Johanson*,
    357 F. Supp. 3d 758 (W.D. Ark. 2018)..............................................16

*Paul v. Providence Health Sys.-Or.*,
    273 P.3d 106 (Or. 2012) ...................................................................13

*Portier v. NEO Tech. Sols.*,
No. 17-30111, 2019 WL 7946103 (D. Mass. Dec. 31, 2019) (Robertson, M.J.) ...................12

*Poulin v. Thomas Agency*,
746 F. Supp. 2d 200 (D. Me. 2010) ..................................................................................7

*In re Practicefirst Data Breach Litig.*,
No. 21-790, 2022 WL 354544 (W.D.N.Y. Feb. 2, 2022) ........................................6

*Purser v. Kerr*,
730 S.W.2d 917 (Ark. Ct. App. 1987) ...............................................................17

*Quintero v. Metro Santurce, Inc.*,
No. 20-1075, 2021 WL 5855752 (D.P.R. Dec. 9, 2021) (Young, J.) ........................4

*R.J. Reynolds Tobacco Co. v. Nelson*,
353 So.3d 87 (Fla. Dist. Ct. App. 2022) ..............................................................15

*Razorback Rides, LLC v. Birdsong*,
643 S.W.3d 59 (Ark. Ct. App. 2022) ..................................................................15

*Rivera-Marrero v. Banco Popular de Puerto Rico*,
No. 22-1217, 2023 WL 2744683 (D.P.R. Mar. 31, 2023) ........................................5

*RocketBar LLC v. Lakshimi Distrib. LLC*,
No. 22-470, 2023 WL 5439772 (N.D. Ala. Aug. 23, 2023) ....................................17

*Roe v. Healey*,
78 F.4th 11 (1st Cir. 2023).................................................................................9

*Rogers v. State Farm Fire & Cas. Co.*,
--- F. Supp. 3d ---, 2023 WL 5751440 (S.D. Ala. Sept 6, 2023) ...........................16

*Ruiz v. Gap, Inc.*,
622 F. Supp. 2d 908 (N.D. Cal. 2009) .................................................................13

*In re Sci. Applications Int'l Corp. Backup Tape Data Theft Litig.*,
45 F. Supp. 3d 14 (D.D.C. 2014) .........................................................................9

*Shannon v. Smith*,
309 So.3d 144 (Ala. 2020)..................................................................................15

*Silver v. Stripe Inc.*,
No. 20-8196, 2021 WL 3191752 (N.D. Cal. July 28, 2021) ..................................20

*Smith v. Pizza Hut, Inc.*,
No. 09-1632, 2011 WL 2791331 (D. Colo. July 14, 2011) ....................................10

*Soules v. Ramstack*,
   95 P.3d 933 (Alaska 2004) ........................................................................17

*Spokeo, Inc. v. Robbins*,
   578 U.S. 330 (2016) .............................................................................3, 10

*Stegall v. Ladner*,
   394 F. Supp. 2d 358 (D. Mass. 2005) (Woodlock, J.) ..............................10

*Stevens v. First Interstate Bank of Cal.*,
   999 P.2d 551 (Or. Ct. App. 2000) ............................................................18

*Sullivan v. Lab. Corp. of Am. Holdings*,
   No. 17-193, 2018 WL 1586471 (M.D.N.C. Mar. 28, 2018) ......................17

*Sutter Health v. Superior Ct.*,
   174 Cal. Rptr. 3d 653 (Cal. Ct. App. 2014) .............................................15

*In re Target Corp. Data Sec. Breach Litig.*,
   66 F. Supp. 3d 1154 (D. Minn. 2014) .................................................14, 17

*Taylor v. UKG, Inc.*,
   --- F. Supp. 3d ---, 2023 WL 8291834 (D. Mass. Sept. 15, 2023) (Burroughs, J.) ...............4, 5

*Thomas v. Metro. Life Ins. Co.*,
   540 F. Supp. 2d 1212 (W.D. Okla. 2008) ................................................11

*Thomas v. Sharon*,
   427 S.W.3d 756 (Ark. Ct. App. 2013) ......................................................13

*Tomlinson v. Metro. Pediatrics, LLC*,
   412 P.3d 133 (Or. 2018) ..........................................................................15

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ...............................................................................3, 9

*Valli v. Avis Budget Rental Car Grp., LLC*,
   No. 14-6072, 2023 WL 6579150 (D.N.J. Oct. 10, 2023) ..........................12

*Vizcarra v. Michaels Stores, Inc.*,
   --- F. Supp. 3d ---, 2024 WL 64747 (N.D. Cal. Jan. 5, 2024) ...................15

*In re Waste Mgmt. Data Breach Litig.*,
   No. 21-6257, 2022 WL 561734 (S.D.N.Y. Feb. 24, 2022) ........................20

*Webb v. Injured Workers Pharmacy, LLC*,
   72 F.4th 365 (1st Cir. 2023) ......................................................................4

*Welborn v. IRS*,
  218 F. Supp. 3d 64 (D.D.C. 2016) ........................................................8

*In re Wellbutrin XL Antitr. Litig.*,
  260 F.R.D. 143 (E.D. Pa. 2009)...........................................................11

*In re WellNx Mktg. & Sales Pracs. Litig.*,
  673 F. Supp. 2d 43 (D. Mass. 2009) (Stearns, J.) .................................10

*Zeldman v. Pershing LLC*,
  No. 09-22609, 2010 WL 11505834 (S.D. Fla. Aug. 20, 2010) ...............13

**Statutes**

California Consumer Privacy Act,
  Cal. Civ. Code §§ 1798.100, *et seq.*...........................................3, 19, 20

California Unfair Competition Law,
  Cal. Bus. & Prof. Code §§ 17200, *et seq.* ...................................3, 19, 20

**Other Authorities**

Fed. R. Civ. P. 12 ...........................................................................1, 10, 11

Plaintiffs' Consolidated Class Action Complaint, Doc. No. 24, should be dismissed pursuant to Rules 12(b)(1) and (6) because it fails to adequately allege standing or state a claim.

As for the threshold requirement of standing, all but one Plaintiff fails to allege an injury-in-fact within the meaning of Article III, and all Plaintiffs fail to allege traceability because they allege no facts plausibly connecting Defendants' alleged actions to their alleged "injuries." Plaintiffs also lack standing to seek a forward-looking injunction based on entirely past conduct, or to sue in a representative capacity for common-law claims arising under the laws of states in which no Plaintiff alleges to have lived.

Even if Plaintiffs had standing, their common-law claims for negligence, breach of implied contract, unjust enrichment, and breach of confidence each fail to state a claim, even with their evaluation complicated by the reality that the laws of each Plaintiff's home state governs their respective claims. These claims fail for a combination of failure to allege a cognizable injury or causation, application of the economic loss doctrine, existence of an express contract, no benefit being unjustly received or retained by Defendants, and no affirmative disclosure by Defendants. And Plaintiff Meyers's California statutory claims fail for inadequate notice, generalized pleadings, and failure to allege statutory standing.

For these reasons, and as explained below, the Court should dismiss the Complaint.

## BACKGROUND

Defendants BHI Energy Services, LLC and BHI Energy I Specialty Services LLC (collectively, "BHI") provide specialty services to industrial, oil and gas, nuclear, and power generation markets. Doc. No. 24 at ¶ 2. Plaintiffs are eight individuals from seven different states who allege to be current or former BHI employees, contractors, or customers. *Id.* at ¶¶ 19–26, 160,

172, 185, 197, 209, 221, 234, 247. In its ordinary course of business, BHI collects and maintains personal identifiable information ("PII") such as names, addresses, and dates of birth. *Id.* at ¶ 3.

On June 29, 2023, BHI discovered that a cybercriminal group that calls itself Akira gained access to BHI's internal network through a previously compromised user account of a third-party contractor. *Id.* at ¶¶ 43, 46. While Akira exfiltrated some files containing PII from BHI's servers, *id.* at ¶¶ 49, Plaintiffs do not allege that PII was used by Akira, sold, or revealed to others.

Following the incident, BHI issued notice letters pursuant to applicable law. *Id.* at ¶ 59. BHI voluntarily provided every individual sent a notice letter a complimentary 24-month membership to Experian's IdentityWorks, which includes advanced identity theft monitoring, monthly privacy scans, dark web internet surveillance alerts, and more. *Id.* at ¶ 43 n.3 PDF p. 3.

Plaintiffs allege various injuries from the data security incident summarized in the table below, the most common being generic allegations regarding loss of privacy, increased risk of identity theft, time spent responding to the data breach, and increased stress:

| Plaintiff | State | Alleged Injuries (Doc. No. 24) |
|---|---|---|
| Mr. Meyers | CA | Loss of privacy (¶ 165), increased risk of identity theft (¶ 166), time spent responding to data breach (¶¶ 167, 170), increased stress (¶ 169) |
| Mr. Kaplan | OR | Loss of privacy (¶ 190), increased risk of identity theft (¶ 191), time spent responding to data breach (¶¶ 192, 195), increased stress (¶ 194) |
| Ms. Wever | AK | Loss of privacy (¶ 202), increased risk of identity theft (¶ 203), time spent responding to data breach (¶¶ 204, 207), increased stress (¶ 206) |
| Mr. Pyfrom | FL | Loss of privacy (¶ 214), increased risk of identity theft (¶ 215), time spent responding to data breach (¶¶ 216, 219), increased stress (¶ 218) |
| Mr. Deschamps | AL | Loss of privacy (¶ 226), increased risk of identity theft (¶ 228), time spent responding to data breach (¶¶ 229, 232), increased stress (¶ 231), increase in spam calls (¶ 227) |
| Mr. Melton | AR | Loss of privacy (¶ 252), increased risk of identity theft (¶ 253), time spent responding to data breach (¶¶ 255, 258), increased stress (¶ 257), increase in spam calls (¶ 254), information on the dark web (¶ 254) |
| Mr. Washington | NC | Loss of privacy (¶ 239), increased risk of identity theft (¶ 241), time spent responding to data breach (¶¶ 242, 245), increased stress (¶ 244), increase in spam calls (¶ 240), decrease in credit score (¶ 239) |

| Mr. Muske | FL | Loss of privacy (¶ 176), increased risk of identity theft (¶ 177), time spent responding to data breach (¶¶ 180, 183), increased stress (¶ 182), increase in spam calls (¶ 178), unauthorized bank transactions (¶ 178) |

From those alleged injuries, all Plaintiffs seek to represent a nationwide class asserting claims for negligence, breach of implied contract, unjust enrichment, and breach of confidence. Doc. No. 24 at ¶¶ 278–351. Additionally, Plaintiff Meyers seeks to represent a California subclass asserting claims arising under the California Consumer Privacy Act (Cal. Civ. Code §§ 1798.100, *et seq.*) ("CCPA") and the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) ("UCL"). *Id.* at ¶¶ 352–375.

## ARGUMENT

## I.     The Court should dismiss the Complaint because Plaintiffs lack standing.

Plaintiffs bear the burden to establish the "irreducible constitutional minimum of standing," *Lujan v. Defenders of Wildlife*, 504 U.S 555, 560 (1992), which includes "(i) that [they] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Thus, Plaintiffs must "clearly allege facts demonstrating each element" of standing. *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016). And "standing is not dispensed in gross," so each Plaintiff must establish standing "for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion*, 594 U.S. at 431.

Plaintiffs lack standing for at least four reasons: (1) all Plaintiffs other than Mr. Muske failed to plead an injury-in-fact; (2) Mr. Muske failed to plead that his alleged injury is traceable to BHI's alleged actions; (3) no Plaintiffs alleged a credible future harm to support injunctive relief; and (4) Plaintiffs cannot invoke the common law of states in which they do not reside.

**A.      Plaintiffs Meyers, Kaplan, Wever, Pyfrom, Deschamps, Washington, and Melton do not plead an injury-in-fact.**

Standing requires proof of an injury-in-fact that is "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S at 560 (internals omitted). All Plaintiffs allege through copy-paste allegations loss of privacy, increased risk of future identity theft, time spent responding to the data security incident, and increased stress. *See* Table, *supra* at 2–3. As described below, however, a well-developed body of case law in the data-breach context demonstrates that none of these supposed injuries confers standing.

**Actual misuse.** BHI is unaware of "any First Circuit caselaw in which a court has found plaintiffs established standing" to assert claims arising out of data security incidents "without allegations of actual misuse." *Taylor v. UKG, Inc.*, --- F. Supp. 3d ---, 2023 WL 8291834, at *7 (D. Mass. Sept. 15, 2023) (Burroughs, J.) (internals omitted and collecting cases). We recognize, however, the First Circuit's holding in *Webb* that "alleged actual misuse" is "itself a concrete injury." *Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365, 374 (1st Cir. 2023); *see also Quintero v. Metro Santurce, Inc.*, No. 20-1075, 2021 WL 5855752, at *8 (D.P.R. Dec. 9, 2021) (Young, J.). Only Mr. Muske alleges actual misuse of his PII. *See* Doc. No. 24 at ¶ 178.

**Loss of privacy.** No injury-in-fact exists where, as here, plaintiffs allege lost privacy based on the exposure of their PII, without alleging that anyone has actually viewed their PII. *See, e.g.*, *Taylor*, 2023 WL 8291834, at *7 (applying *Webb* in holding that "Plaintiffs' allegations are inadequate" to "the extent that Plaintiffs assert that their alleged loss of privacy resulting from the exposure of their PII constitutes a standalone injury in fact"); *Fernandez v. Leidos, Inc.*, 127 F. Supp. 3d 1078, 1088 (E.D. Cal. 2015); *C.C. v. Med-Data Inc.*, No. 21-2301, 2022 WL 970862, at *10 (D. Kan. Mar. 31, 2022) (collecting cases).

**Increased risk of future identity theft.** No court in the First Circuit "has found standing in a case premised on an allegation of an increased risk of future injury due to a data breach of PII where the plaintiff does not allege any actual misuse of their PII." *Rivera-Marrero v. Banco Popular de Puerto Rico*, No. 22-1217, 2023 WL 2744683, at *11 (D.P.R. Mar. 31, 2023); *see also Hartigan v. Macy's, Inc.*, 501 F. Supp. 3d 1, 6 (D. Mass. 2020) (Saris, J.) (an alleged increased risk of future identity theft was insufficient to confer standing when, among other things, "there are no allegations of any fraudulent use or even attempted use of" plaintiff's information).

In short, "without allegations of actual misuse of information from" the "data breach, Plaintiffs' alleged risk of future misuse is not sufficiently imminent or substantial to support standing." *Taylor*, 2023 WL 8291834, at *6 (dismissing claims for damages and injunctive relief).

**Time spent responding to the notification letter.** "Where, as here, Plaintiffs have not shown an imminent risk of identity theft, prophylactic costs to mitigate such a risk do not constitute an independent injury to support standing." *Id.* at *7. Instead, the Court has held that those types of costs are attempts to "manufacture standing merely by" plaintiffs "inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Id.* at *7 (internals omitted); *see also Hartigan*, 501 F. Supp. 3d at 6 (plaintiff "alleges no misuse of his or any class member's data," so his "purchase of credit monitoring services" was not "premised on a reasonably impending threat and does not constitute injury-in-fact" (internals omitted)).

**Increased stress.** The Court has recognized that "stress and anxiety are not recoverable unless tied to a physical harm." *Afridi v. Residential Credit Sols., Inc.*, 189 F. Supp. 3d 193, 199 (D. Mass. 2016) (Gorton, J.). Particularly where, as here, the eight Plaintiffs each make the same copy-paste, generalized allegations of increased stress, a "perfunctory allegation of emotional

5

distress" is "insufficient to plausibly allege constitutional standing." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021).

In short, courts have routinely found that alleged loss of privacy, increased risk of future identity theft, time spent responding to a data breach, and increased stress are insufficient to constitute an injury-in-fact. Since these are the *only* "injuries" alleged by Plaintiffs Meyers (Doc. No. 24 at ¶¶ 166–170), Kaplan (*id.* at ¶¶ 190–195), Wever (*id.* at ¶¶ 202–207), and Pyfrom (*id.* at ¶¶ 214–219), they do not allege to have suffered a cognizable injury-in-fact and lack standing. The Court should therefore dismiss Plaintiffs Meyers, Kaplan, Wever, and Pyfrom's claims.

**Spam communications.** In addition to the above injuries, Plaintiffs Deschamps and Melton allege an increase in spam calls and text messages. Doc. No. 24 at ¶¶ 227 (Deschamps), 254 (Melton). But alleged "inconvenient disruptions (such as spam calls, texts, and emails) do not constitute an injury in fact." *Blood v. Labette Cty. Med. Ctr.*, No. 22-4036, 2022 WL 11745549, at *6 (D. Kan. Oct. 20, 2022); *see also In re Practicefirst Data Breach Litig.*, No. 21-790, 2022 WL 354544, at *5 n.8 (W.D.N.Y. Feb. 2, 2022), *adopted by district court*, 2022 WL 3045319 (collecting cases holding that receiving spam communications do not confer standing).

Further, Plaintiffs Deschamps and Melton nowhere allege that the phone numbers at which they allegedly received increased spam calls and texts were accessed by anyone as part of the at-issue data security incident or were previously unlisted or otherwise protected. Their alleged spam communications, therefore, "cannot be causally linked to the specific data breach here." *Practicefirst*, 2022 WL 354544, at *5; *see also Legg v. Leaders Life Ins. Co.*, 574 F. Supp. 3d 985, 993 (W.D. Okla. 2021) ("the receipt of phishing emails … does not plausibly suggest that any actual misuse of Plaintiff's personal identifying information has occurred" (internals omitted)).

**Dark web presence.** In addition to the above injuries, Mr. Melton alleges that his information is "located on the Dark Web." Doc. No. 24 at ¶ 254. Without alleging "any misuse of" his PII "or resulting harm from" his PII allegedly "appearing on the dark web, this alleged injury simply echoes the claim of heightened risk of identity theft" and therefore does not constitute an injury-in-fact. *Holmes v. Elephant Ins. Co.*, No. 22-487, 2023 WL 4183380, at *4 (E.D. Va. June 26, 2023). Further, without alleging whether (1) his PII was "on the dark web before the breach"; (2) the PII allegedly on the dark web matches "the PII stolen in the data breach"; or (3) BHI's "database [was] the only place this information wasn't available," Mr. Melton's "dark web allegation lacks a plausible connection to" BHI's alleged actions. *Blood*, 2022 WL 11745549, at *8. Mr. Melton's dark web allegation thus fails to allege an injury-in-fact.

**Decreased credit score.** Other than the above injuries, Mr. Washington alleges a decrease in his credit score. *See* Doc. No. 24 at ¶ 239. But a "lower credit score is not a cognizable injury in fact." *Norman v. Bosak Motors of Burns Harbor LLC*, No. 20-51, 2021 WL 4749617, at *3 (N.D. Ind. Oct. 12, 2021). While many courts previously "had held that a drop in a plaintiff's credit score was a sufficiently concrete injury in fact," that holding "is no longer tenable in cases where plaintiffs do not allege that their reduced credit score was disseminated, or was accompanied by any other injury resembling a historically recognized harm" following the Supreme Court's 2021 decision in *TransUnion*. *Campbell v. Portfolio Recovery Assocs.*, No. 21-1322, 2022 WL 657225, at *2 (E.D.N.Y. Mar. 4, 2022) (internals omitted).

Here, however, Mr. Washington has not alleged any actual harm suffered by the supposed credit score decrease, such as an "effect on eligibility for loans, on employment opportunities, [or] social positions." *Poulin v. Thomas Agency*, 746 F. Supp. 2d 200, 206 (D. Me. 2010). Therefore, he has failed to allege a cognizable injury-in-fact.

The Court should thus dismiss all claims of all Plaintiffs who do not allege actual misuse.

**B.**     **Plaintiff Muske does not plead that his alleged injury is fairly traceable to BHI's alleged conduct.**

Traceability requires "a causal connection between the injury and the conduct complained of," *i.e.*, "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (internals omitted). To "demonstrate causation, Plaintiffs must put forward facts showing that their injuries can be traced to the specific data incident of which they complain and not to any previous theft or data loss incident." *Welborn v. IRS*, 218 F. Supp. 3d 64, 79 (D.D.C. 2016).

For example, in *Blood*, plaintiffs alleged that they experienced unauthorized charges to their bank account that resulted in overdraft fees following a data breach. 2022 WL 11745549, at *1. But plaintiffs failed to "plead any facts suggesting how the mere possession of their Social Security numbers and names would enable someone to make unauthorized charges on an existing account (instead of, for example, opening a new account)." *Id.* at *5. This failure rendered plaintiffs' allegations "speculative and insufficient to connect the data breach to their bank account." The same is true of Mr. Muske's allegations.[1]

Mr. Muske alleges that the data breach involved "his full name, Social Security number, date of birth, address, and potentially health information." Doc. No. 24 at ¶ 174. He does not allege that this information has never been implicated in any prior theft or data loss incident. Mr. Muske alleges that he has experienced "identity theft and financial fraud in the form of unauthorized bank transactions and suspicious hard credit inquiries that he does not recognize." *Id.* at ¶ 178. But nowhere does he allege facts that any third party is actually in possession of his PII as a result of

---

[1] Since all other Plaintiffs failed to allege an injury-in-fact, the Court can dismiss their claims without analyzing traceability. However, the reasons that Mr. Muske failed to allege traceability apply equally to all other Plaintiffs.

the data breach, or facts suggesting how possession of his Social Security number would enable someone to make unauthorized bank transactions.

It follows that the Court should dismiss Mr. Muske's claim because he failed to adequately allege traceability. *See, e.g.*, *McCombs v. Delta Grp. Elecs., Inc.*, --- F. Supp. 3d ---, 2023 WL 3934666, at *6 (D.N.M. June 9, 2023) ("the alleged unauthorized access of" plaintiff's "bank account is not fairly traceable to the data breach and does not confer standing"); *In re Sci. Applications Int'l Corp. Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 31 (D.D.C. 2014) (finding allegations that "unauthorized charges were made to" plaintiffs' "existing credit or debit cards, or that money was withdrawn from an existing bank account" lacked traceability because plaintiffs did not allege "that credit-card, debit-card, or bank-account information was on the stolen tapes"); *Fernandez v. Leidos, Inc.*, 127 F. Supp. 3d 1078, 1086 (E.D. Cal. 2015).

## C. Plaintiffs lack standing for injunctive relief because they do not allege facts showing a credible future injury.

Plaintiffs seek injunctive relief in addition to damages, *e.g.*, Doc. No. 24 at ¶¶ 159, 275, 276, but their allegations solely concern BHI's supposed past conduct. Since "standing is not dispensed in gross," Plaintiffs must individually establish standing "for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion*, 594 U.S. at 431. For their injunctive relief, Plaintiffs must "allege facts that indicate a real or immediate threat that they will be wronged again—a likelihood of substantial and immediate irreparable injury." *Furtick v. Medford Housing Auth.*, 963 F. Supp. 64, 68 (D. Mass. 1997) (Young, J.) (internals omitted)

Since Plaintiffs' allegations concern a single, past act (the data security incident) with no well-pled allegations of a credible future harm, Plaintiffs lack standing to seek injunctive relief. *See, e.g.*, *Roe v. Healey*, 78 F.4th 11, 21 (1st Cir. 2023) ("past harm does not confer standing to seek forward-looking declaratory or injunctive relief unless there is ongoing injury or a sufficient

threat that the injury will recur" (internals omitted)); *Gray v. Cummings*, 917 F.3d 1, 19 (1st Cir. 2019) (to pursue injunctive relief "a plaintiff must establish a real and immediate threat resulting in a sufficient likelihood that she will again be wronged in a similar way." (internals omitted)).

### D. Plaintiffs lack standing to invoke the common law of states in which they do not reside.

"That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo*, 578 U.S. at 338 n.6 (internals omitted). For this reason, courts in putative class actions at the Rule 12 stage have considered the standing of named plaintiffs to bring claims in a representative capacity that the named plaintiffs would not have standing to bring on their own. *E.g.*, *In re Eaton Vance Corp. Secs. Litig.*, 220 F.R.D. 162, 165–69 (D. Mass. 2004) (Harrington, J.); *Stegall v. Ladner*, 394 F. Supp. 2d 358, 361–63 (D. Mass. 2005) (Woodlock, J.); *Forsythe v. Sun Life Fin., Inc.*, 417 F. Supp. 2d 100, 118–19 (D. Mass. 2006) (O'Toole, J.); *In re WellNx Mktg. & Sales Pracs. Litig.*, 673 F. Supp. 2d 43, 55 (D. Mass. 2009) (Stearns, J.).

Numerous cases have held "that named plaintiffs lack standing to bring claims on behalf of a class under the laws of states where named plaintiffs have never lived or resided." *Smith v. Pizza Hut, Inc.*, No. 09-1632, 2011 WL 2791331, at *9 (D. Colo. July 14, 2011) (collecting cases). No Plaintiff alleges they lived or resided in any state other than Alabama, Alaska, Arkansas, California, Florida, North Carolina, or Oregon, *see* Doc. No. 24 at ¶¶ 19–26, so Plaintiffs do not have standing to invoke the common law of the other 43 states. *See In re Checking Acct. Overdraft Litig.*, 694 F. Supp. 2d 1302, 1325 (S.D. Fla. 2010) (plaintiffs "may only assert a state statutory claim if a named plaintiff resides in that state"). And yet Plaintiffs purport to bring a "nationwide

class" asserting four common-law claims, presumably arising under the common law of all 50 states and the District of Columbia. *See* Doc. No. 24 at ¶¶ 260, 261, 278–351.

Since "none of the named plaintiffs may maintain" their common-law claims "on their own behalf" for states other than Alabama, Alaska, Arkansas, California, Florida, North Carolina, and Oregon, "they may not seek such relief on behalf of a class." *See Britt v. McKenney*, 529 F.2d 44, 45 (1st Cir. 1976). Therefore, the Court should dismiss any claims for which Plaintiffs attempt to invoke the common law of the other 43 states. *See, e.g.*, *Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1226 (W.D. Okla. 2008) ("the court's analysis requires dismissal of any state law claims alleged under the laws of any states where a particular named plaintiff is not a resident"); *In re Wellbutrin XL Antitr. Litig.*, 260 F.R.D. 143, 157 (E.D. Pa. 2009) (dismissing claims where the "allegations present no facts that would connect injuries specific to the plaintiffs, as opposed to injuries against competitors and purchasers nationwide, to any cause arising in states where no named plaintiff is located and where no member of a named plaintiff purchased" the at-issue drug).

## II.     This Court should dismiss the Complaint because Plaintiffs fail to allege a plausible claim for relief.

To survive a Rule 12(b)(6) motion, the complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internals omitted). Mere "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do"; instead, the Complaint's factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internals omitted).

### A.     Plaintiffs' common-law claims are deficient.

Eight Plaintiffs from seven different states assert four common-law claims individually and purportedly on behalf of a nationwide class, but Plaintiffs nowhere suggest what state's law

governs those claims. *See* Doc. No. 24 at ¶¶ 278–351. The law of each Plaintiff's (and absent class member's) state of residence at the time of the data breach governs their respective claims.

This Court sitting in diversity applies Massachusetts's choice of law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). "Traditionally, in matters of tort, the courts of Massachusetts apply the substantive laws of the jurisdiction wherein the tort occurred." *U.S. ex rel. Lokosky v. Acclarent, Inc.*, --- F. Supp. 3d ---, 2023 WL 3457903, at *6 (D. Mass. May 10, 2023) (Cabell, M.J.) (internals omitted). "To determine the place where the injury occurred, courts look to the place where the last event necessary to make an actor liable for an alleged tort takes place." *Echavaria v. Uline, Inc.*, 534 F. Supp. 3d 168, 171 (D. Mass. 2021) (Gorton, J.).

In data-breach claims, the last event necessary for liability is the harm allegedly experienced by a plaintiff, which occurs in the plaintiff's home state. *See Eggiman v. Bank of Am., N.A.*, No. 22-10298, 2023 WL 2647071, at *3 n.3 (D. Mass. Mar. 27, 2023) (Burroughs, J.) ("where Plaintiff resides in Massachusetts and any injury" arising from alleged data breach "would have occurred in Massachusetts, the Court finds that Massachusetts law applies"); *Portier v. NEO Tech. Sols.*, No. 17-30111, 2019 WL 7946103, at *16 n.12 (D. Mass. Dec. 31, 2019) (Robertson, M.J.), *adopted by district court*, 2020 WL 877035; *Greenstate Credit Union v. Hy-Vee, Inc.*, 549 F. Supp. 3d 969, 978 (D. Minn. 2021); *Valli v. Avis Budget Rental Car Grp., LLC*, No. 14-6072, 2023 WL 6579150, at * (D.N.J. Oct. 10, 2023). Plaintiffs tacitly admit this reality in bringing a California subclass represented only by Mr. Meyers, a California resident.

Below thus analyzes Plaintiffs' claims according to the laws of their respective home state.

### 1. *Negligence.*

**No damages.** Plaintiffs' negligence claim should be dismissed because no Plaintiff other than Mr. Muske has pled an injury that rises to the necessary level of appreciable harm. Negligence

in each of the seven relevant jurisdictions requires actual damages. *See, e.g.*, *Thomas v. Sharon*, 427 S.W.3d 756, 760 (Ark. Ct. App. 2013) ("Although a defendant may be shown to have been negligent, the plaintiff must also prove that she suffered damages as a result of that negligence."); *Blue Ridge Sportcycle Co., Inc. v. Schroader*, 299 S.E.2d 303, 304–05 (N.C. Ct. App. 1983) ("Negligence, unless a proximate cause of injury, is not actionable.").

For the same reasons that no Plaintiff other than Mr. Muske has adequately alleged an injury-in-fact for standing purposes, *supra* § I.A, Plaintiffs have not alleged the damages necessary to state a negligence claim. The majority of relevant jurisdictions in data-breach class actions have held that, in the absence of actual damages resulting from the data security incident, a negligence claim will not lie. *See Burton v. MAPCO Exp., Inc.*, 47 F. Supp. 3d 1279, 1284 (N.D. Ala. 2014) (plaintiff "cannot press forward unless he plausibly alleges not only that fraudulent charges appeared on his debit card as a consequence of the MAPCO data breach but also that he incurred damages as a result"); *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 913 (N.D. Cal. 2009) (increased risk of future identity theft "does not rise to the level of appreciable harm necessary to assert a negligence claim under California law"); *Zeldman v. Pershing LLC*, No. 09-22609, 2010 WL 11505834, at *6 (S.D. Fla. Aug. 20, 2010) (dismissing negligence claim under Florida law because plaintiff failed "to plead sufficient facts alleging causation and damages"); *Paul v. Providence Health Sys.-Or.*, 273 P.3d 106, 112 (Or. 2012) (Plaintiffs who "have alleged no actual identity theft or financial harm, other than credit monitoring and similar mitigation costs" have not stated a negligence claim under Oregon law, "which require[s] the allegation of such present injury.").

**Economic loss doctrine.** Since Ms. Wever (AK), Mr. Meyers (CA), and Mr. Kaplan (OR) fail to allege an injury to person or property, their negligence claim is barred by the economic loss doctrine. The economic loss doctrine bars tort recovery for economic losses, *i.e.*, losses that do not

sound in person or property. *E.g.*, *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 420 (9th Cir. 2011) ("Oregon negligence law does not allow recovery of purely economic losses except when there is an injury to person or property or where there is a special duty to the plaintiff.").

Courts applying Alaska and California law in data-breach class actions have applied the economic loss doctrine to dismiss tort claims. *See In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1172 (D. Minn. 2014) ("Alaska law recognizes negligence claims only if the breach of duty created a risk of personal injury or property damages."); *Moore v. Centerlake Med. Grp., Inc.*, 299 Cal. Rptr. 3d 544, 553 (Cal. Ct. App. 2022) (plaintiff's "negligence claim was barred by the economic loss rule, because appellants sought recovery for financial losses unaccompanied by personal injury or property damage").

Further, North Carolina applies the economic loss doctrine in cases where, as here, the parties' relationship is governed by contract. *See Kelly v. Ga.-Pac. LLC*, 671 F. Supp. 2d 785, 791 (E.D.N.C. 2009) ("North Carolina courts have developed" the "economic loss rule, which prohibits recovery for purely economic losses in a tort when a contract" operates "to allocate risk."). Mr. Washington alleges he worked as a contractor for BHI, and that BHI owed him contractual duties. Doc. No. 24 at ¶¶ 9, 55, 234. North Carolina's economic loss doctrine therefore bars his negligence claim. *See Kelly*, 671 F. Supp. 2d at 791 ("Ordinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor." (internals omitted)).

Therefore, the negligence claims of Ms. Wever (AK), Mr. Meyers (CA), Mr. Washington (NC), and Mr. Kaplan (OR) are barred under their respective home state's economic loss doctrine.[2]

---

[2] Of the other relevant jurisdictions, Alabama and Florida cabin the economic loss doctrine to product liability claims, and Arkansas does not recognize the doctrine at all.

**No proximate causation.** All relevant jurisdictions require that the defendant's alleged action proximately caused plaintiff's alleged injury to maintain a negligence claim.[3] For the same reasons that Plaintiffs failed to plead facts sufficient to satisfy Article III's traceability requirement, *supra* § I.B, Plaintiffs failed to allege facts indicating that BHI's alleged conduct proximately caused their alleged injuries. Further, Plaintiffs allege that the data breach occurred through "a compromised user account of a third-party contractor," Doc. No. 24 at ¶¶ 45–46, and nowhere suggest that BHI was responsible for the compromising of that third party contractor's account.

For these reasons, Plaintiffs failed to state a negligence claim.

### 2.      *Breach of implied contract and unjust enrichment.*

**Contractual relationship.** Plaintiffs failed to state a claim for breach of implied contract or unjust enrichment because their relationship with BHI is governed by an express contract. The relevant jurisdictions foreclose a claim for quasi-contract where an express contract concerning the same subject matter exists.[4] Plaintiffs allege to be current or former BHI employees, contractors, or customers, and that BHI owed them contractual duties. Doc. No. 24 at ¶¶ 9, 55, 160, 172, 185, 197, 209, 221, 234, 247. Therefore, their quasi-contract claims should be dismissed.

### 3.      *Additional argument specific to breach of implied contract.*

**No damages.** Plaintiffs failed to state a claim for breach of implied contract because they fail to allege cognizable damages. Each of the at-issue jurisdictions requires damages to maintain

---

[3] *E.g.*, *Shannon v. Smith*, 309 So.3d 144, 145 (Ala. 2020); *Lyons v. Midnight Sun Transp. Servs., Inc.*, 928 P.2d 1202, 1204 (Alaska 1996); *Magrans v. Andrada*, 616 S.W.3d 668, 677 (Ark. Ct. App. 2021); *Sutter Health v. Superior Ct.*, 174 Cal. Rptr. 3d 653, 661 (Cal. Ct. App. 2014); *R.J. Reynolds Tobacco Co. v. Nelson*, 353 So.3d 87, 90 (Fla. Dist. Ct. App. 2022); *Hampton v. Hearn*, 838 S.E.2d 650, 655 (N.C. Ct. App. 2020); *Tomlinson v. Metro. Pediatrics, LLC*, 412 P.3d 133, 149 (Or. 2018).

[4] *E.g.*, *Carroll v. LJC Def. Contr'ing, Inc.*, 24 So.3d 448, 459 (Ala. Civ. App. 2009); *Mitford v. de Lasala*, 666 P.2d 1000, 1006 n.1 (Alaska 1983); *Razorback Rides, LLC v. Birdsong*, 643 S.W.3d 59, 61 (Ark. Ct. App. 2022); *Vizcarra v. Michaels Stores, Inc.*, --- F. Supp. 3d ---, 2024 WL 64747, at *9 (N.D. Cal. Jan. 5, 2024); *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So.2d 696, 697 (Fla. Dist. Ct. App. 2008); *Church v. Wachovia Secs., Inc.*, No. 05-422, 2008 WL 5429604, at *16 (W.D.N.C. Dec. 30, 2008); *Arnett v. Bank of Am., N.A.*, 874 F. Supp. 2d 1021, 1035 (D. Or. 2012).

a claim for breach of implied contract.[5] For the reasons discussed above, no Plaintiff other than Mr. Muske has alleged facts giving rise to a cognizable injury, and their claims should be dismissed. *E.g.*, *Jianjun Fu v. Wells Fargo Home Mortg.*, No. 13-1271, 2014 WL 4681543, at \*6 (N.D. Ala. Sept. 12, 2014) ("the only alleged injury here is the increased risk of identity theft and the costs to monitor credit, which are speculative and are not the type of damage generally recognized under Alabama law").

### 4.    *Additional arguments specific to unjust enrichment.*

**Not a claim.** Mr. Meyers's unjust enrichment claim should be dismissed because "California does not recognize a cause of action for unjust enrichment." *Hooked Media Grp., Inc. v. Apple Inc.*, 259 Cal. Rptr. 3d 406, 417 (Cal. Ct. App. 2020).

**No benefit to BHI.** Plaintiffs failed to state a claim for unjust enrichment because they do not allege well-pleaded facts regarding BHI's acceptance and retention of a benefit conferred by storing Plaintiffs' PII. To state an unjust enrichment claim, all relevant states that recognize the claim require the defendant to accept and retain a benefit from plaintiff.[6] Here, Plaintiffs allege generally that BHI enjoyed some benefit from storing PII, Doc. No. 24 at ¶¶ 331–334, but nowhere do Plaintiffs allege in more than conclusory fashion what that supposed benefit is, or that BHI accepted or retained that benefit. This is insufficient to state an unjust enrichment claim. *See, e.g.*, *In re Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 592 (N.D. Ill. 2022) ("If anything, the

---

[5] *E.g.*, *Rogers v. State Farm Fire & Cas. Co.*, --- F. Supp. 3d ---, 2023 WL 5751440, at \*4–8 (S.D. Ala. Sept 6, 2023); *Brooks Range Petroleum Corp. v. Shearer*, 425 P.3d 65, 79 (Alaska 2018); *Brookewood, Ltd. P'ship v. DeQueen Phys. Therapy & Occupational Therapy, Inc.*, 547 S.W.3d 461, 467 (Ark. Ct. App. 2018); *In re Hard Drive Suspension Assemblies Antitr. Litig.*, No. 19-2918, 2020 WL 5074041, at \*2 (N.D. Cal. Aug. 26, 2020); *Farman v. Deutsche Bank Nat'l Tr. Co.*, 311 So.3d 191, 195 (Fla. Dist. Ct. App. 2020); *Dan King Plumbing Heating & Air Conditioning, LLC v. Harrison*, 869 S.E.2d 34, 50 (N.C. Ct. App. 2022); *Moini v. Hewes*, 763 P.2d 414, 417 (Or. Ct. App. 1988).

[6] *E.g.*, *Hardy v. Smith*, 148 So.3d 64, 68–69 (Ala. Civ. App. 2013); *Coleman v. Alaska U.S. Fed. Credit Union*, No. 19-229, 2020 WL 1866261, at \*6 (D. Alaska Apr. 14, 2020); *Oliver v. Johanson*, 357 F. Supp. 3d 758, 788 (W.D. Ark. 2018); *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So.3d 689, 693 (Fla. Dist. Ct. App. 2018); *McCabe v. Abbott Labs., Inc.*, 47 F. Supp. 3d 339, 348 (E.D.N.C. 2014); *Lorenz v. Deutsche Bank Nat'l Trust Co.*, No. 15-680, 2015 WL 4507999, at \*5 (D. Or. July 24, 2015).

consolidated amended complaint suggests that third-party hackers, not Defendants, are the ones who benefitted from the Data Breach."); *In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d at 1177–78 (dismissing unjust enrichment claimed based on allegation that "the purchase price of the goods Target sold included a premium for adequate data security" because it "has no merit").

**Received benefit of the bargain.** Plaintiffs fail to state a claim for unjust enrichment because they do not allege that they did not receive the benefit of the bargain—*i.e.*, that the alleged employees and contractors were paid for their work and that the alleged customer received the product or service that she ordered. The at-issue jurisdictions each foreclose an unjust enrichment claim where the plaintiff received the benefit of the bargain.[7] Here, Plaintiffs do not allege that they provided BHI with their PII for the purposes of keeping it secure; rather, the alleged provision of PII was ancillary to an employment or customer relationship. And, because no alleged employee or contractor alleges that they did not receive from BHI the compensation for their services and no alleged customer alleges they did not receive from BHI the product or services they ordered, Plaintiffs received the benefit of the bargain. Their unjust enrichment claim should thus be dismissed. *See Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1072 (C.D. Ill. 2016) (data-breach plaintiff "did not pay for a side order of data security and protection" when buying food at defendant's establishment, and any data security and protection "was merely incident to her food purchase, as is the ability to sit at a table to eat her food, or to use Jimmy John's restroom").

---

[7] *E.g.*, *RocketBar LLC v. Lakshimi Distrib. LLC*, No. 22-470, 2023 WL 5439772, at *6 (N.D. Ala. Aug. 23, 2023); *Soules v. Ramstack*, 95 P.3d 933, 940 (Alaska 2004); *Purser v. Kerr*, 730 S.W.2d 917, 920 (Ark. Ct. App. 1987); *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So.2d 322, 331–32 (Fla. Dist. Ct. App. 2007); *Sullivan v. Lab. Corp. of Am. Holdings*, No. 17-193, 2018 WL 1586471, at *7 (M.D.N.C. Mar. 28, 2018); *Gourley v. O'Donnell*, 926 P.2d 367, 371 (Or. Ct. App. 1981).

### 5. *Breach of confidence.*

**Not a claim.** Mr. Washington's breach of confidence claim should be dismissed because North Carolina does not recognize it as a standalone claim. *See Campbell Sales Grp., Inc. v. Niroflex by Jiufeng Furniture, LLC,* No. 19-865, 2022 WL 17413381, at *10 (N.C. Super. Ct. Brunswick Cty. Dec. 5, 2022) (plaintiff "has failed to cite any case from North Carolina's appellate courts that has recognized a standalone claim for breach of confidence").

**No disclosure.** While breach of confidence is a cognizable claim in California, Florida, and Oregon, each of those state's laws require that the defendant affirmatively disclose the at-issue information to state a claim. *See In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1147 (C.D. Cal. 2021) (dismissing breach of confidence claim because "Plaintiffs do not allege that Defendants gave their private information away, but rather allege that the information was involuntarily stolen from defendants"); *In re Brinker Data Incident Litig.*, No. 18-686, 2020 WL 691848, at *22 (M.D. Fla. Jan. 27, 2020) (dismissing data-breach plaintiffs' breach of confidence claim under Florida law because defendant "did not do any act that made Plaintiffs' information known—the information was stolen by third-parties"); *Stevens v. First Interstate Bank of Cal.*, 999 P.2d 551, 554 (Or. Ct. App. 2000) (no breach of confidence claim because the case was about defendant's "alleged failure to protect information provided to it by a depositor from misappropriation" rather than defendant's "affirmative disclosure of information").

Plaintiffs allege that the at-issue information was exfiltrated by an unauthorized third-party cybercriminal. Doc. No. 24 at ¶¶ 45, 53. Since Plaintiffs do not allege that BHI assisted with or took part in the data breach, Mr. Meyers (CA), Mr. Pyfrom (FL), Mr. Muske (FL), and Mr. Kaplan's (OR) breach of confidence claims should be dismissed.

**No case law in other states.** BHI's research did not identify case law in Alaska, Alabama, or Arkansas recognizing breach of confidence as a standalone claim. BHI respectfully submits that Ms. Wever (AK), Mr. Deschamps (AL), and Mr. Melton's (AR) breach of confidence claims should be dismissed because (1) they are not cognizable claims; (2) even if they were cognizable claims, BHI did not disclose any information; (3) even if they were cognizable claims, Ms. Wever, Mr. Deschamps, and Mr. Melton do not allege a compensable injury; and (4) even if Ms. Wever did allege a compensable injury, Alaska's economic loss doctrine would bar her recovery.

**B.      Mr. Meyers's California statutory claims are also deficient.**

Mr. Meyers individually and on behalf of a subclass of California residents additionally asserts violations of the CCPA and the UCL. Doc. No. 24 at ¶¶ 352–375. For the reasons explained below, this Court should dismiss both claims.

**1.      Violation of the CCPA.**

Before filing a CCPA claim, a plaintiff must provide the defendant "30 days' written notice identifying the specific provisions of this title the consumer alleges have been or are being violated," to allow the defendant an opportunity to cure. Cal. Civ. Code § 1798.150(b). The objective of the CCPA's pre-suit notice provision "is to allow the defendant an opportunity to cure the defect outside of court," and providing pre suit notice is a prerequisite to filing suit. *See Griffey v. Magellan Health Inc.*, No. 20-1282, 2022 WL 1811165, at *6 (D. Ariz. June 2, 2022).

Mr. Meyers's pre-suit notice failed to provide adequate notice. *See* Notice, Ex. 1 to the Decl. of R. Sparkes. By failing to allege in the notice "sufficient facts to establish how or why" BHI's "systems were inadequate or unreasonable or how or why" BHI "knew or should have known its systems were inadequate or unreasonable" or what BHI could have done to cure any alleged shortcoming, Mr. Meyers's pre-suit notice is deficient. *See Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 57 (D. Ariz. 2021).

The Complaint is similarly deficient. It "does not plausibly allege" that BHI "breached its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information," does "not plausibly allege that" BHI "failed to cure its alleged violations of the CCPA," and "does not explain what violations need to be remedied." *In re Waste Mgmt. Data Breach Litig.*, No. 21-6257, 2022 WL 561734, at *6–7 (S.D.N.Y. Feb. 24, 2022). Mr. Meyers's conclusory allegations fail to state a CCPA claim, and his claim should be dismissed.

### 2. *Violation of the UCL.*

To bring a UCL claim, "a plaintiff must have suffered an injury in fact and lost money or property" that is "some *identifiable sum*" and that "has *ceased to belong to him*." *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 862 (N.D. Cal. 2011) (internals omitted and emphasis in original). In the data-breach context, claiming that PII constitutes lost money or property "strains the acceptable boundaries of 'injury' under the statute." *Id.* Too, a data-breach plaintiff cannot claim "that his PII was 'lost' in the sense understood under the UCL" because it "did not cease to belong to him or pass beyond his control." *Id.*

Further, Mr. Meyers attempts to use an alleged CCPA violation as the predicate for his UCL claim, *see* Doc. No. 24 at ¶ 366(b), which California law prohibits. *See Silver v. Stripe Inc.*, No. 20-8196, 2021 WL 3191752, at *6–7 (N.D. Cal. July 28, 2021).

For these reasons, Mr. Meyers failed to state a claim under the UCL.

## <u>CONCLUSION</u>

For the foregoing reasons, BHI respectfully requests that the Court: (1) grant this Motion to Dismiss; (2) dismiss all claims alleged in Plaintiffs' Consolidated Class Action Complaint with prejudice; and (3) provide any such further relief as the Court deems just and proper.

Dated:    January 29, 2024            Respectfully submitted,

DEFENDANTS BHI ENERGY SERVICES,
LLC AND BHI ENERGY I SPECIALTY
SERVICES LLC,

By their Attorneys,

*/s/ Robert W. Sparkes, III*

Robert W. Sparkes, III, (BBO # 663626)
robert.sparkes@klgates.com
K&L GATES LLP
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Tel:  (617) 261-3100
Fax: (617) 261-3175

Michael J. Stortz (admitted *pro hac vice*)
michael.stortz@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8200
Fax: (415) 882-8220

Wesley A. Prichard (admitted *pro hac vice*)
wesley.prichard@klgates.com
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Tel:  (412) 355-8969
Fax: (412) 355-6501

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 29, 2024.

/s/ Robert W. Sparkes, III

Robert W. Sparkes, III