**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| MICHAEL MEYERS, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Lead Case No. 1:23-cv-12513-LTS |
| | ) | |
| BHI ENERGY SERVICES, LLC, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS**
**FROM PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

Michael J. Stortz (admitted *pro hac vice*)
michael.stortz@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8200
Fax: (415) 882-8220

Robert W. Sparkes, III, (BBO # 663626)
robert.sparkes@klgates.com
K&L GATES LLP
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Tel: (617) 261-3100
Fax: (617) 261-3175

Wesley A. Prichard (admitted *pro hac vice*)
wesley.prichard@klgates.com
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Tel: (412) 355-8969
Fax: (412) 355-6501

*Counsel for Defendants*
*BHI Energy Services, LLC and*
*BHI Energy I Specialty Services LLC*

# TABLE OF CONTENTS

**Page(s)**

BACKGROUND ........................................................................................................... 2

STANDARD OF REVIEW ........................................................................................ 3

ARGUMENT ............................................................................................................... 4

    I.    The Court should strike Plaintiffs' nationwide class allegations because no nationwide class could be certified where the laws of 51 jurisdictions would be implicated. ............................................................................................................... 4

    II.    The Court should strike Plaintiffs' class allegations because the proposed classes include unharmed individuals who are not entitled any relief. ............................... 8

    III.    The Court should strike Plaintiffs' class allegations for a Rule 23(b)(3) class because their claims require proofs that are inherently individualized. ................ 10

    IV.    The Court should strike Plaintiffs' class allegations for a Rule 23(b)(2) class because Plaintiffs lack standing for injunctive relief, predominantly seek monetary relief, and do not allege the inadequacy of remedies at law. ................ 12

CONCLUSION ........................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*In re Asacol Antitr. Litig.*,
   907 F.3d 42 (1st Cir. 2018)..................................................................................................8

*Autauga Cty. Emergency Mgmt. Commc'n Dist. v. Bellsouth Telecomms., LLC*,
   No. 15-765, 2016 WL 5848854 (N.D. Ala. Oct. 6, 2016) ........................................................6

*Bais Yaakov of Spring Valley v. ACT, Inc.*,
   12 F.4th 81 (1st Cir. 2021).................................................................................................9, 11

*Barrett v. Avco Fin. Servs. Mgmt. Co.*,
   292 B.R. 1 (D. Mass. 2003) (Ponsor, J.)..............................................................................4, 10

*Bearbones, Inc. v. Peerless Indem. Ins. Co.*,
   No. 15-30017, 2016 WL 5928799 (D. Mass. Oct. 11, 2016) (Robertson, M.J.)................4, 10

*Belezos v. Bd. of Selectmen of Hingham, Mass.*,
   No. 17-12570, 2019 WL 6358247 (D. Mass. Nov. 27, 2019) ................................................13

*Blood v. Labette Cty. Med. Ctr.*,
   No. 22-4036, 2022 WL 11745549 (D. Kan. Oct. 20, 2022) ...................................................11

*Burton v. MAPCO Exp., Inc.*,
   47 F. Supp. 3d 1279 (N.D. Ala. 2014).....................................................................................9

*Camey v. Force Factor, LLC*,
   No. 14-14717, 2016 WL 10998440 (D. Mass May 16, 2016) (Zobel, J.) ............................4, 5

*Campbell Sales Grp., Inc. v. Niroflex by Jiufeng Furniture, LLC*,
   No. 19-865, 2022 WL 17413381 (N.C. Super. Ct. Brunswick Cty. Dec. 5, 2022) .................6

*In re Celexa & Lexapro Mktg. & Sales Pracs. Litig.*,
   291 F.R.D. 13 (D. Mass. 2013) (Gorton, J.) ...........................................................................5

*In re Checking Acct. Overdraft Litig.*,
   694 F. Supp. 2d 1302 (S.D. Fla. 2010) ....................................................................................7

*Downing v. Keurig Green Mountain, Inc.*,
   No. 20-11673, 2021 WL 2403811 (D. Mass. June 11, 2021) (Talwani, J.) ........................4, 8

*Eggiman v. Bank of Am., N.A.*,
   No. 22-10298, 2023 WL 2647071 (D. Mass. Mar. 27, 2023) (Burroughs, J.) ........................5

*Farm Bureau Ins. Co. v. Case Corp.*,
   878 S.W.2d 741 (Ark. 1994).....................................................................................................6

*Fernandez v. Leidos, Inc.*,
    127 F. Supp. 3d 1078 (E.D. Cal. 2015).................................................................11

*Fleming v. Select Portfolio Servicing*,
    342 F.R.D. 361 (D. Mass. 2022) (Saris, J.).........................................................10

*Furtick v. Medford Housing Auth.*,
    963 F. Supp. 64 (D. Mass. 1997) (Young, J.) ......................................................12

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982).................................................................................................3

*Hooked Media Grp., Inc. v. Apple Inc.*,
    259 Cal. Rptr. 3d 406 (Cal. Ct. App. 2020) ...........................................................6

*In re Intuniv Antitr. Litig.*,
    No. 16-12396, 2019 WL 3947262 (D. Mass. Aug. 21, 2019) (Burroughs, J.) ........9

*Johnson v. Wells Fargo Home Mortg., Inc.*,
    635 F.3d 401 (9th Cir. 2011) ..................................................................................5

*Kelly v. Ga.-Pac. LLC*,
    671 F. Supp. 2d 785 (E.D.N.C. 2009)....................................................................5

*In re Marriott Int'l, Inc.*,
    78 F.4th 677 (4th Cir. 2023) .................................................................................11

*Mazza v. Am. Hondo Motor Co., Inc.*,
    666 F.3d 581 (9th Cir. 2012), *overruled on other grounds*, *Olean Wholesale
    Grocery Coop., Inc. v. Bumble Bee Foods*, 31 F.4th 651 (9th Cir. 2022) ...............7

*McCombs v. Delta Grp. Elecs., Inc.*,
    --- F. Supp. 3d ---, 2023 WL 3934666 (D.N.M. June 9, 2023)..............................11

*McGlenn v. Driveline Retail Merchandising, Inc.*,
    No. 18-2097, 2021 WL 165121 (C.D. Ill. Jan. 19, 2021) ......................................12

*Monteferrante v. Williams-Sonoma, Inc.*,
    241 F. Supp. 3d 264 (D. Mass. 2017) (Wolf, J.)..................................................4, 8

*Moore v. Centerlake Med. Grp., Inc.*,
    299 Cal. Rptr. 3d 544 (Cal. Ct. App. 2022) ...........................................................5

*MSP Recovery Claims, Series LLC & Series 17-04-631 v. Plymouth Rock
    Assurance Co., Inc.*,
    404 F. Supp. 3d 470 (D. Mass. 2019) (Burroughs, J.).............................................4

*In re New Motor Vehicles Canadian Export Antitrust Litig.*,
    522 F.3d 6 (1st Cir. 2008) ...................................................................................13

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) .............................................................................................13

*Paul v. Providence Health Sys.-Or.*,
    273 P.3d 106 (Or. 2012) .....................................................................................10

*Phan v. Sargento Foods, Inc.*,
    No. 20-9251, 2021 WL 2224260 (N.D. Cal. June 2, 2021) ..................................7

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) ................................................................................6

*Plastic Surgery Assocs., S.C. v. Cynosure, Inc.*,
    407 F. Supp. 3d 59 (D. Mass. 2019) (Casper, J.) ...............................................11

*Quintero v. Metro Santurce, Inc.*,
    No. 20-1075, 2021 WL 5855752 (D.P.R. Dec. 9, 2021) (Young, J.) ....................9

*In re Rhone-Poulenc Rorer, Inc.*,
    51 F.3d 1293 (7th Cir. 1995) ................................................................................7

*Roe v. Healey*,
    78 F.4th 11 (1st Cir. 2023) ..................................................................................12

*Rovinelli v. Trans World Ent. Corp.*,
    No. 19-11304, 2021 WL 752822 (D. Mass. Feb. 2, 2021) (Woodlock, J.) .....................4, 12

*Ruiz v. Gap, Inc.*,
    622 F. Supp. 2d 908 (N.D. Cal. 2009) ...................................................................9

*Savage v. City of Springfield*,
    No. 18-30164, 2022 WL 2758475 (D. Mass. July 14, 2022) (Robertson, M.J.) ...................13

*Schnall v. AT&T Wireless Servs., Inc.*,
    259 P.3d 129 (Wash. 2011).....................................................................................6

*In re Sci. Applications Int'l Corp. Backup Tape Data Theft Litig.*,
    45 F. Supp. 3d 14 (D.D.C. 2014) .........................................................................11

*Shay v. Apple Inc.*,
    512 F. Supp. 3d 1066 (S.D. Cal. 2021).................................................................14

*Smith v. Pizza Hut, Inc.*,
    No. 09-1632, 2011 WL 2791331 (D. Colo. July 14, 2011) ...................................7

*In re Target Corp. Data Sec. Breach Litig.*,
  66 F. Supp. 3d 1154 (D. Minn. 2014) ..................................................................5

*Taylor v. UKG, Inc.*,
  --- F. Supp. 3d ---, 2023 WL 8291834 (D. Mass. Sept. 15, 2023) (Burroughs, J.)...................9

*Thomas v. Metro. Life Ins. Co.*,
  540 F. Supp. 2d 1212 (W.D. Okla. 2008) ...............................................................8

*Thompson v. Jiffy Lube Int'l, Inc.*,
  250 F.R.D. 607 (D. Kan. 2008) ..........................................................................7

*Tiara Condominium Ass'n v. Marsh & McLennan Cos., Inc.*,
  110 So.3d 399 (Fla. 2013) ...............................................................................6

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ..................................................................................8, 12

*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442 (2016) ..................................................................................10

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) .................................................................................3, 13

*In re Wellbutrin XL Antitr. Litig.*,
  260 F.R.D. 143 (E.D. Pa. 2009) ......................................................................8

*Zeldman v. Pershing LLC*,
  No. 09-22609, 2010 WL 11505834 (S.D. Fla. Aug. 20, 2010) ...........................10

*Zinser v. Accufix Rsch. Inst., Inc.*,
  253 F.3d 1180 (9th Cir. 2001) ........................................................................7

**Statutes**

California Consumer Privacy Act,
  Cal. Civ. Code §§ 1798.100, *et seq.* .................................................................3

California Unfair Competition Law,
  Cal. Bus. & Prof. Code §§ 17200, *et seq.* .........................................................3

**Other Authorities**

Fed. R. Civ. P. 23 ...........................................................................*passim*

Plaintiffs seek to certify under Rules 23(b)(2) and (b)(3) a sweeping nationwide class asserting four common-law claims and a subclass of California residents asserting violations of two state statutes. On the face of Plaintiffs' allegations, asserted claims, and proposed class definitions, those classes cannot be certified. The Court should thus strike Plaintiffs' class allegations for at least four reasons.

***First***, Plaintiffs' putative nationwide class invokes the common law of 51 jurisdictions, bringing with it state-by-state variations in negligence, implied contract, unjust enrichment, and breach of confidence. In situations where plaintiffs seek to certify a nationwide class asserting state-specific torts, federal courts across the board deny certification due to the intricate issues inherent in managing a class-wide trial where numerous, varied laws are at play.

***Second***, Plaintiffs' putative nationwide class and California subclass by definition include many unharmed individuals. No Court within the First Circuit has held that a data-breach plaintiff suffered an injury-in-fact absent an allegation of actual misuse of their information. And even for just the seven jurisdictions relevant to the named Plaintiffs, the majority has held that a data-breach plaintiff has not suffered a cognizable injury to state a claim absent actual misuse. These unharmed individuals cannot be afforded any relief in this case.

***Third***, the evidence necessary to prove or disprove issues surrounding actual misuse are inherently individualized for each Plaintiff and absent putative class member. This destroys the prospect of any claim pled in the Consolidated Class Action Complaint being certified consistent with Rule 23(b)(3)'s predominance requirement.

***Fourth***, Plaintiffs have no standing to seek injunctive relief, their requested relief is predominantly monetary, and they do not plead the inadequacy of remedies at law. This precludes the chance for any claim pled in the Complaint being certified under Rule 23(b)(2).

For these reasons, and as explained below, the Court should strike Plaintiffs' class allegations.

**BACKGROUND**

Defendants BHI Energy Services, LLC and BHI Energy I Specialty Services LLC (collectively, "BHI") provide specialty services to industrial, oil and gas, nuclear, and power generation markets. Doc. No. 24 at ¶ 2. Plaintiffs are eight individuals from seven different states who allege to be current or former BHI employees, contractors, or customers. *Id.* at ¶¶ 19–26, 160, 172, 185, 197, 209, 221, 234, 247. In its ordinary course of business, BHI collects and maintains personal identifiable information ("PII") such as names, addresses, and dates of birth. *Id.* at ¶ 3.

On June 29, 2023, BHI discovered that a cybercriminal group that calls itself Akira gained access to BHI's internal network through a previously compromised user account of a third-party contractor. *Id.* at ¶¶ 43, 46. While Akira exfiltrated some files containing PII from BHI's servers, *id.* at ¶¶ 49, Plaintiffs do not allege that PII was used by Akira, sold, or revealed to others.

Following the incident, BHI issued notice letters pursuant to applicable law. *Id.* at ¶ 59. BHI voluntarily provided every individual sent a notice letter a complimentary 24-month membership to Experian's IdentityWorks, which includes advanced identity theft monitoring, monthly privacy scans, dark web internet surveillance alerts, and more. *Id.* at ¶ 43 n.3 PDF p. 3.

Plaintiffs allege various injuries from the data security incident summarized in the table below, the most common being generic allegations regarding loss of privacy, increased risk of identity theft, time spent responding to the data breach, and increased stress:

| Plaintiff | State | Alleged Injuries (Doc. No. 24) |
|---|---|---|
| Mr. Meyers | CA | Loss of privacy (¶ 165), increased risk of identity theft (¶ 166), time spent responding to data breach (¶¶ 167, 170), increased stress (¶ 169) |
| Mr. Kaplan | OR | Loss of privacy (¶ 190), increased risk of identity theft (¶ 191), time spent responding to data breach (¶¶ 192, 195), increased stress (¶ 194) |

| Ms. Wever | AK | Loss of privacy (¶ 202), increased risk of identity theft (¶ 203), time spent responding to data breach (¶¶ 204, 207), increased stress (¶ 206) |
|---|---|---|
| Mr. Pyfrom | FL | Loss of privacy (¶ 214), increased risk of identity theft (¶ 215), time spent responding to data breach (¶¶ 216, 219), increased stress (¶ 218) |
| Mr. Deschamps | AL | Loss of privacy (¶ 226), increased risk of identity theft (¶ 228), time spent responding to data breach (¶¶ 229, 232), increased stress (¶ 231), increase in spam calls (¶ 227) |
| Mr. Melton | AR | Loss of privacy (¶ 252), increased risk of identity theft (¶ 253), time spent responding to data breach (¶¶ 255, 258), increased stress (¶ 257), increase in spam calls (¶ 254), information on the dark web (¶ 254) |
| Mr. Washington | NC | Loss of privacy (¶ 239), increased risk of identity theft (¶ 241), time spent responding to data breach (¶¶ 242, 245), increased stress (¶ 244), increase in spam calls (¶ 240), decrease in credit score (¶ 239) |
| Mr. Muske | FL | Loss of privacy (¶ 176), increased risk of identity theft (¶ 177), time spent responding to data breach (¶¶ 180, 183), increased stress (¶ 182), increase in spam calls (¶ 178), unauthorized bank transactions (¶ 178) |

From those alleged injuries, all Plaintiffs seek to represent a nationwide class asserting claims for negligence, breach of implied contract, unjust enrichment, and breach of confidence. Doc. No. 24 at ¶¶ 278–351. Additionally, Plaintiff Meyers seeks to represent a California subclass asserting claims arising under the California Consumer Privacy Act (Cal. Civ. Code §§ 1798.100, *et seq.*) and the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*). *Id.* at ¶¶ 352–375.

## STANDARD OF REVIEW

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internals omitted). "Sometimes the issues are plain enough from the pleadings to determine whether the interests of absent class parties are fairly encompassed within the named plaintiff's claim" on the pleadings alone. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Therefore, the Court should strike class allegations where the complaint "pleads the existence of a group of putative class members whose claims are" not "susceptible of resolution on a classwide basis."

*Rovinelli v. Trans World Ent. Corp.*, No. 19-11304, 2021 WL 752822, at *6 (D. Mass. Feb. 2, 2021) (Woodlock, J.) (internals omitted).

Judges in this District have not hesitated to strike class allegations where proper. *See, e.g.*:

- *Rovinelli*, 2021 WL 752822, at *13 (granting motion to strike because the claims pled would inherently require individualized evidence of causation "to adjudicate this case fairly");

- *Downing v. Keurig Green Mountain, Inc.*, No. 20-11673, 2021 WL 2403811, at *8 (D. Mass. June 11, 2021) (Talwani, J.) (granting motion to strike putative nationwide class "because plaintiffs who saw Keurig advertisements and acted in reliance on them outside of Massachusetts are not covered by Chapter 93A");

- *MSP Recovery Claims, Series LLC & Series 17-04-631 v. Plymouth Rock Assurance Co., Inc.*, 404 F. Supp. 3d 470, 485 (D. Mass. 2019) (Burroughs, J.) (granting motion to strike because, among other reasons, each plaintiff's claim "would demand an individualized and fact-specific" analysis);

- *Monteferrante v. Williams-Sonoma, Inc.*, 241 F. Supp. 3d 264, 274 (D. Mass. 2017) (Wolf, J.) (granting motion to strike because the "class definition, on its face, encompasses individuals" not entitled to relief);

- *Bearbones, Inc. v. Peerless Indem. Ins. Co.*, No. 15-30017, 2016 WL 5928799, at *9 (D. Mass. Oct. 11, 2016) (Robertson, M.J.) (granting motion to strike because plaintiffs "fail to state a claim as to their own entitlement to a declaration");

- *Carney v. Force Factor, LLC*, No. 14-14717, 2016 WL 10998440, at *7–8 (D. Mass May 16, 2016) (Zobel, J.) (granting motion to strike nationwide class asserting unjust enrichment claim where the laws of every state would apply and noting "federal courts have generally refused to certify a nationwide class based upon a theory of unjust enrichment" (internals omitted));

- *Barrett v. Avco Fin. Servs. Mgmt. Co.*, 292 B.R. 1, 11–12 (D. Mass. 2003) (Ponsor, J.) (granting motion to strike because the Court lacked jurisdiction over the claims of certain putative absent class members).

## ARGUMENT

### I.    The Court should strike Plaintiffs' nationwide class allegations because no nationwide class could be certified where the laws of 51 jurisdictions would be implicated.

Plaintiffs nowhere suggest which state's law governs the common-law claims purportedly asserted on behalf of a nationwide class, *see* Doc. No. 24 at ¶¶ 278–351, but Massachusetts's

choice-of-law rules dictate that the law of each Plaintiff's (and absent class member's) state of residence at the time of the data breach governs their respective claims. *See Eggiman v. Bank of Am., N.A.*, No. 22-10298, 2023 WL 2647071, at *3 n.3 (D. Mass. Mar. 27, 2023) (Burroughs, J.); *Portier v. NEO Tech. Sols.*, No. 17-30111, 2019 WL 7946103, at *16 n.12 (D. Mass. Dec. 31, 2019) (Robertson, M.J.), *adopted by district court*, 2020 WL 877035.[1]

Therefore, the putative nationwide class implicates the laws of all 50 states plus the District of Columbia.

**A nationwide class is unmanageable.** The Court has recognized that the "intricate nature of certifying a class under the law of multiple states and the potential for juror confusion has persuaded most courts that it is unwise to do so." *In re Celexa & Lexapro Mktg. & Sales Pracs. Litig.*, 291 F.R.D. 13, 19 (D. Mass. 2013) (Gorton, J.) (internals omitted). The Court has thus granted motions to strike nationwide class allegations where the laws "of the states" vary "significantly from state to state." *Camey*, 2016 WL 10998440, at *7–8.

Individualized jurisdictional differences abound in the named Plaintiffs' seven states alone.

**Differences in economic loss doctrine.** For example, courts applying Alaska and California law in data-breach class actions have applied the economic loss doctrine to dismiss tort claims, and Oregon's economic loss doctrine applies to torts generally.[2] North Carolina's economic loss doctrine applies only when the parties' relationship is governed by a contract.[3]

---

[1] The choice-of-law analysis is fully set forth in BHI's memorandum in support of its motion to dismiss, Doc. No. 27 at 11–12, which is incorporated by reference as if set forth herein.

[2] *See In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1172 (D. Minn. 2014) (applying Alaska law); *Moore v. Centerlake Med. Grp., Inc.*, 299 Cal. Rptr. 3d 544, 553 (Cal. Ct. App. 2022) (applying California law); *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 420 (9th Cir. 2011) (applying Oregon law).

[3] *See Kelly v. Ga.-Pac. LLC*, 671 F. Supp. 2d 785, 791 (E.D.N.C. 2009) (applying North Carolina law).

Alabama and Florida cabin the economic loss doctrine to product liability claims,[4] and Arkansas does not recognize the economic loss doctrine at all.[5]

**Differences in unjust enrichment.** "California does not recognize a cause of action for unjust enrichment," *Hooked Media Grp., Inc. v. Apple Inc.*, 259 Cal. Rptr. 3d 406, 417 (Cal. Ct. App. 2020), but the six other jurisdictions relevant to the named Plaintiffs do.

**Differences in breach of confidence.** North Carolina does not recognize breach of confidence as a standalone claim, *see Campbell Sales Grp., Inc. v. Niroflex by Jiufeng Furniture, LLC,* No. 19-865, 2022 WL 17413381, at *10 (N.C. Super. Ct. Brunswick Cty. Dec. 5, 2022), but California, Florida, and Oregon do. And BHI's research did not identify case law in Alaska, Alabama, or Arkansas recognizing breach of confidence as a standalone claim.

These are but some of the differences in the laws of the seven states implicated by the named Plaintiffs; adding in 44 other jurisdictions would exponentially compound these issues. *See Schnall v. AT&T Wireless Servs., Inc.*, 259 P.3d 129, 134–35 (Wash. 2011) ("an overwhelming number of federal courts have denied certification of nationwide state law class actions" because "the variations in the laws of the states may swamp any common issues and defeat predominance" (collecting more than 50 federal decisions)).

**Differences in negligence.** For example, numerous federal courts considering putative nationwide classes asserting negligence have recognized the myriad differences across states' negligence laws. *See, e.g.*, *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (affirming striking of class allegations when the "claims are governed by different States'

---

[4] *See Autauga Cty. Emergency Mgmt. Commc'n Dist. v. Bellsouth Telecomms., LLC*, No. 15-765, 2016 WL 5848854, at *5 (N.D. Ala. Oct. 6, 2016) (applying Alabama law); *Tiara Condominium Ass'n v. Marsh & McLennan Cos., Inc.*, 110 So.3d 399, 407 (Fla. 2013).

[5] *See Farm Bureau Ins. Co. v. Case Corp.*, 878 S.W.2d 741, 743 (Ark. 1994).

laws, a largely legal determination, and no proffered or potential factual development offers any hope of altering that conclusion, one that generally will preclude class certification"); *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1299 (7th Cir. 1995) (reversing certification of nationwide negligence class claims due to differences in state negligence laws, "including subsidiary concepts such as duty of care, foreseeability, and proximate cause"); *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1189–90 (9th Cir. 2001) (reversing certification of nationwide negligence claims, as "the complexity of the trial" of such claims "would be further exacerbated to the extent that the laws of forty-eight states must be consulted to answer such questions").

**Unjust enrichment.** Federal courts have recognized the "elements necessary to establish unjust enrichment also vary materially from state to state." *Mazza v. Am. Hondo Motor Co., Inc.*, 666 F.3d 581, 591 (9th Cir. 2012), *overruled on other grounds*, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods*, 31 F.4th 651 (9th Cir. 2022); *see also Thompson v. Jiffy Lube Int'l, Inc.*, 250 F.R.D. 607, 626 (D. Kan. 2008) (finding that "there are differences nationwide in the very definition of unjust enrichment and its availability as a remedy" and so "federal courts have generally refused to certify a nationwide class based upon a theory of unjust enrichment"); *Phan v. Sargento Foods, Inc.*, No. 20-9251, 2021 WL 2224260, *7–8 (N.D. Cal. June 2, 2021) (collecting cases where courts granted requests to strike nationwide unjust enrichment allegations).

**Standing.** Further, Plaintiffs lack standing to invoke the common law of a jurisdiction where they never lived. Numerous cases have held "that named plaintiffs lack standing to bring claims on behalf of a class under the laws of states where named plaintiffs have never lived or resided." *Smith v. Pizza Hut, Inc.*, No. 09-1632, 2011 WL 2791331, at *9 (D. Colo. July 14, 2011) (collecting cases); *see also In re Checking Acct. Overdraft Litig.*, 694 F. Supp. 2d 1302, 1325 (S.D.

Fla. 2010); *In re Wellbutrin XL Antitr. Litig.*, 260 F.R.D. 143, 157 (E.D. Pa. 2009); *Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1226 (W.D. Okla. 2008).

For these reasons, Plaintiffs' putative nationwide class is unmanageable, and their nationwide class allegations should be stricken. *See Downing*, 2021 WL 2403811, at *8 (granting motion to strike nationwide class because named absent class members would not have standing).

## II. The Court should strike Plaintiffs' class allegations because the proposed classes include unharmed individuals who are not entitled any relief.

Plaintiffs' proposed class definitions encompass innumerable individuals who allege no harm. Plaintiffs' nationwide class is defined as all "United States residents who were sent a Notice Letter by Defendants notifying them that their PII was actually or potentially accessed or acquired during the Data Breach," and the California subclass is substantively identical for California residents. Doc. No. 24 at ¶¶ 261–62. These class definitions include individuals who—like seven of the eight named Plaintiffs—do not allege actual misuse of their PII. *See* Table, *supra* at 2–3.

**Classes encompassing unharmed individuals are improper.** "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (internals omitted). For this reason, no class can be certified that would require the Court to sort the allegedly harmed class members from the unharmed masses. *See In re Asacol Antitr. Litig.*, 907 F.3d 42, 58 (1st Cir. 2018) ("a class cannot be certified based on an expectation that the defendant will have no opportunity to press at trial genuine challenges to allegations of injury-in-fact"). Thus, Courts in this district "strike class allegations that plainly encompass individuals" who claim no harm. *Monteferrante*, 241 F. Supp. 3d at 269.

**No standing for damages.** As detailed at length in BHI's memorandum in support of its motion to dismiss, Doc. No. 27 at 3–8, which is incorporated by reference as if set forth herein,

the only injury-in-fact that can support a damages claim arising from a data security incident is actual misuse of information. *See Taylor v. UKG, Inc.*, --- F. Supp. 3d ---, 2023 WL 8291834, at *7 (D. Mass. Sept. 15, 2023) (Burroughs, J.) (there is no "First Circuit caselaw in which a court has found plaintiffs established standing" to assert claims arising out of data security incidents "without allegations of actual misuse" (internals omitted and collecting cases)); *Quintero v. Metro Santurce, Inc.*, No. 20-1075, 2021 WL 5855752, at *8 (D.P.R. Dec. 9, 2021) (Young, J.) ("Absent plausible allegations that the information itself was accessed and misused, the named Patients lack constitutional standing to sue the Hospitals."). Since Plaintiffs' class definition is not limited to individuals alleging actual misuse, it sweeps in hordes of unharmed individuals on its face.

Given that Plaintiffs' class definition encompasses numerous unharmed individuals, class certification would be impossible. *See Bais Yaakov of Spring Valley v. ACT, Inc.*, 12 F.4th 81, 92 (1st Cir. 2021) (class treatment improper where the court cannot "cull from the class" the unharmed individuals "in an administratively feasible way" that is protective of defendant's rights); *In re Intuniv Antitr. Litig.*, No. 16-12396, 2019 WL 3947262, at *8 (D. Mass. Aug. 21, 2019) (Burroughs, J.) (denying class certification where identifying "uninjured consumers with any degree of confidence would require an assessment of individual-specific facts").

**No cognizable injury.** Even if Plaintiffs who do not allege misuse had an injury-in-fact for Article III purposes, the majority of jurisdictions relevant to the named Plaintiffs' claims have held that an alleged injury absent actual misuse is insufficient to state a claim in a data-breach action. *See Burton v. MAPCO Exp., Inc.*, 47 F. Supp. 3d 1279, 1284 (N.D. Ala. 2014) (plaintiff "cannot press forward" under Alabama law "unless he plausibly alleges not only that fraudulent charges appeared on his debit card as a consequence of the MAPCO data breach but also that he incurred damages as a result"); *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 913 (N.D. Cal. 2009)

(increased risk of future identity theft "does not rise to the level of appreciable harm necessary to assert a negligence claim under California law"); *Zeldman v. Pershing LLC*, No. 09-22609, 2010 WL 11505834, at *6 (S.D. Fla. Aug. 20, 2010) (dismissing negligence claim under Florida law because plaintiff failed "to plead sufficient facts alleging causation and damages"); *Paul v. Providence Health Sys.-Or.*, 273 P.3d 106, 112 (Or. 2012) (Plaintiffs who "have alleged no actual identity theft or financial harm, other than credit monitoring and similar mitigation costs" have not stated a negligence claim under Oregon law, "which require[s] the allegation of such present injury.").

Given that class certification would be impossible for Plaintiffs' proffered definitions, the Court should strike Plaintiffs' class allegations. *See Bearbones, Inc.*, 2016 WL 5928799, at *9 (striking class allegations where "Plaintiffs fail to state a claim" for two subclasses); *Barrett*, 292 B.R. at 11–12 (striking class allegations where "jurisdiction does not exist over the claims of" absent putative class members).

### III.    The Court should strike Plaintiffs' class allegations for a Rule 23(b)(3) class because their claims require proofs that are inherently individualized.

Identifying individuals who allege actual misuse and an individual proving a claim for actual misuse would each require inherently individualized evidence. It would thus be impossible to certify a class under Rule 23(b)(3) based on Plaintiffs' allegations and claims.

"The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Fleming v. Select Portfolio Servicing*, 342 F.R.D. 361, 366 (D. Mass. 2022) (Saris, J.) (internals omitted). "This calls upon courts to give careful scrutiny to the relation between common and individual questions," which turns on whether "members of a proposed class will need to present evidence that varies from member to member" in support of their claim. *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (internals omitted). "In

deciding whether individual issues predominate over common ones," the Court should consider "those issues that would likely arise if an individual class member's claims were being adjudicated on the merits." *Bais Yaakov of Spring Valley*, 12 F.4th at 89.

Here, to demonstrate actual misuse, each plaintiff would have to demonstrate, at a minimum, (1) the fact of actual misuse; (2) the scope of the alleged misuse; (3) how possession of the PII allegedly implicated in the BHI data security incident could enable the misuse; and (4) that the PII allegedly implicated in the BHI data security incident was not subject to a prior data security incident or theft. *See, e.g.*, *Blood v. Labette Cty. Med. Ctr.*, No. 22-4036, 2022 WL 11745549, at *5 (D. Kan. Oct. 20, 2022); *McCombs v. Delta Grp. Elecs., Inc.*, --- F. Supp. 3d ---, 2023 WL 3934666, at *6 (D.N.M. June 9, 2023); *In re Sci. Applications Int'l Corp. Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 31 (D.D.C. 2014); *Fernandez v. Leidos, Inc.*, 127 F. Supp. 3d 1078, 1086 (E.D. Cal. 2015). These issues can only be proven or disproven with evidence specific to each individual's circumstances, making them not susceptible to class-wide proof (particularly since even the eight named Plaintiffs vary from being current or former employees, contractors, and customers, *see* Doc. No. 24 at ¶¶ 160, 172, 185, 197, 209, 221, 234, 247).

Given that these individualized issues soak through any liability determination to be made in this case, Rule 23(c)(4) could not operate to wring a certifiable issue class from the claims pled. *See Plastic Surgery Assocs., S.C. v. Cynosure, Inc.*, 407 F. Supp. 3d 59, 72–73 (D. Mass. 2019) (Casper, J.) (rejecting Rule 23(c)(4) issue classes because, even if they were certified, "plaintiffs would still be required to show both factual and proximate cause" such that "approximately 300–400 individualized trials would be necessary after the resolution of their proposed classwide issues to establish proof as to causation and damages" and thus "the proposed issue class will not materially advance the litigation or promote judicial economy"); *In re Marriott Int'l, Inc.*, 78 F.4th

677, 688–89 (4th Cir. 2023) (reversing certification of issue classes in data breach litigation because individualized questions dominated issues of causation and injury); *McGlenn v. Driveline Retail Merchandising, Inc.*, No. 18-2097, 2021 WL 165121, at *10–11 (C.D. Ill. Jan. 19, 2021) (rejecting issue class certification of issues substantially similar to those alleged by Plaintiffs at Doc. No. 24 at ¶ 267 because causation and "damages will require individual assessment for each class member" such that class certification "would not promote judicial efficiency").

"This irreparable failure in the pleadings provides a sufficient basis for" the Court "to exercise" its "authority to strike the class allegations at this stage," which would be "in the interests of justice and for purposes of judicial economy." *Rovinelli*, 2021 WL 752822, at *13 (striking class allegations where "evidence needs to be presented relating to each" plaintiff "to adjudicate this case fairly").

## IV. The Court should strike Plaintiffs' class allegations for a Rule 23(b)(2) class because Plaintiffs lack standing for injunctive relief, predominantly seek monetary relief, and do not allege the inadequacy of remedies at law.

**No standing for injunctive relief.** Since "standing is not dispensed in gross," Plaintiffs must individually establish standing "for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion*, 594 U.S. at 431. For their requested injunctive relief, Plaintiffs must "allege facts that indicate a real or immediate threat that they will be wronged again—a likelihood of substantial and immediate irreparable injury." *Furtick v. Medford Housing Auth.*, 963 F. Supp. 64, 68 (D. Mass. 1997) (Young, J.) (internals omitted). But Plaintiffs' allegations concern a single past act (the data security incident) with no well-pled allegations of a credible future harm, so Plaintiffs lack standing to seek injunctive relief. *E.g.*, *Roe v. Healey*, 78 F.4th 11, 21 (1st Cir. 2023) ("past harm does not confer standing to seek forward-looking declaratory or injunctive relief unless there is ongoing injury or a sufficient threat that the injury will recur" (internals omitted)).

Since Plaintiffs lack standing to pursue injunctive relief, no Rule 23(b)(2) class could be certified in this case. *See In re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6, 15–16 (1st Cir. 2008) (vacating certification of Rule 23(b)(2) class where plaintiffs lacked standing to obtain injunctive relief).

**Plaintiffs seek predominantly monetary relief.** Even if Plaintiffs had standing to seek injunctive relief, the Court could not certify their proposed classes under Rule 23(b)(2) because they predominantly seek monetary relief. Plaintiffs seek more than $5 million in damages, and requests for monetary relief permeate the Complaint. *See, e.g.*, Doc. No. 24 at ¶¶ 31, 97, 120, 150, 170, 183, 195, 207, 219, 232, 245, 258, 267(l), 277(i), 312, 315, 326, 327, 339, 347, 348, 350, 359, 361, 362, 370, 372, 375.

It follows that Plaintiffs do not bring claims certifiable under Rule 23(b)(2) because the Supreme Court has made it "clear that individualized monetary claims belong in Rule 23(b)(3)." *See Dukes*, 564 U.S. at 362; *see also Savage v. City of Springfield*, No. 18-30164, 2022 WL 2758475, at *15 (D. Mass. July 14, 2022) (Robertson, M.J.) (denying Rule 23(b)(2) certification because plaintiffs sought lost income and benefits, which "would be different for each member of the proposed class and would not be incidental to injunctive or declaratory relief"); *Belezos v. Bd. of Selectmen of Hingham, Mass.*, No. 17-12570, 2019 WL 6358247, at *11 (D. Mass. Nov. 27, 2019) (Bowler, M.J.) (denying Rule 23(b)(2) certification because requested "compensatory damages for each putative class member are not incidental to the injunctive and declaratory relief plaintiff identifies").

**Plaintiffs fail to allege inadequacy of remedies at law.** Plaintiffs' request for equitable and injunctive relief should be stricken because Plaintiffs nowhere in the Complaint allege that they lack an adequate legal remedy. *See O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (holding

that a complaint seeking equitable relief failed because it did not plead "the basic requisites of the issuance of equitable relief" including "the inadequacy of remedies at law"); *Shay v. Apple Inc.*, 512 F. Supp. 3d 1066, 1078 (S.D. Cal. 2021) (dismissing restitution claim under California Unfair Competition Law because plaintiff "has not alleged that she lacks an adequate remedy at law").

The Court should therefore strike Plaintiffs' requests to certify either the nationwide class or the California subclass under Rule 23(b)(2), and strike Plaintiffs' requests for equitable and injunctive relief.

## **CONCLUSION**

For the foregoing reasons, BHI respectfully requests that the Court: (1) grant this Motion to Strike Class Allegations; (2) strike all class allegations, proposed class definitions, and putative class claims from Plaintiffs' Consolidated Class Action Complaint in their entirety with prejudice; and (3) provide any such further relief as the Court deems just and proper.

Dated:  January 29, 2024          Respectfully submitted,

DEFENDANTS BHI ENERGY SERVICES,
LLC AND BHI ENERGY I SPECIALTY
SERVICES LLC,

By their Attorneys,

*/s/ Robert W. Sparkes, III*

Robert W. Sparkes, III, (BBO # 663626)
robert.sparkes@klgates.com
K&L GATES LLP
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Tel:  (617) 261-3100
Fax: (617) 261-3175

Michael J. Stortz (admitted *pro hac vice*)
michael.stortz@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8200
Fax: (415) 882-8220

Wesley A. Prichard (admitted *pro hac vice*)
wesley.prichard@klgates.com
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Tel:  (412) 355-8969
Fax: (412) 355-6501

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 29, 2024.

/s/ Robert W. Sparkes, III
Robert W. Sparkes, III