# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MEYERS, *et al.*, <br>     Plaintiffs, <br> v. <br> BHI ENERGY SERVICES, LLC, *et al.*, <br>     Defendants. | Lead Case No. 1:23-cv-12513-LTS <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan ("Motion"). The Court has reviewed the Motion and the class Settlement Agreement ("Agreement") entered into by Plaintiffs and Defendants BHI Energy Services, LLC and BHI Energy I Specialty Services LLC (collectively, "Defendants" or "BHI") (together with Plaintiffs, the "Parties"), and it finds that the Motion should be **GRANTED**.[1]

    1.    The Court does hereby preliminarily and conditionally approve, for settlement purposes only, the following Settlement Class and California Subclass:

> Nationwide Class. All U.S. residents who were sent breach notice letters by BHI and whose breach notice letter was not returned as undeliverable.

> California Subclass. All California residents who were sent breach notice letters by BHI and whose breach notice letter was not returned as undeliverable.

Excluded from the Settlement Class and California Subclass are (a) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; (b) counsel for the Parties, any member of their respective staffs who worked directly on the

---

[1] Unless otherwise stated, all capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

Litigation, and any member of their immediate families; (c) any government entity; (d) any entity in which BHI has a controlling interest; and (e) any of BHI's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns.

2. The Settlement provides that BHI will pay $1,500,000.00 to establish a non-reversionary Settlement Fund that will be used to cover any settlement benefits, Costs of Claims Administration, any Attorneys' Fees and Expenses Award, and any Service Award to Class Representatives. The Settlement also requires BHI to implement and/or maintain certain Business Practice Commitments designed to enhance BHI's data security, with a total cost of approximately $6,400,000.00 being incurred by BHI separate from the Settlement Fund.

3. Subject to the terms and conditions set forth in the Settlement Agreement, the following Settlement benefits are available to Settlement Class Members who submit valid and timely Claim Forms:

   a. Reimbursement of certain documented Out-of-Pocket Losses incurred as a result of the Data Incident, up to a maximum of $7,500 per person;

   b. Compensation for lost time spent remedying issues related to the Data Incident at $25 per hour up to 4 hours for a maximum of up to $100 per person;

   c. Two years of credit monitoring and identity theft protection services, with identity restoration insurance;

   d. CCPA payments of $100 for each valid California Subclass claimant;

   e. *Pro Rata* Cash Payments to valid claimants of any money remaining in the Net Settlement Fund after the payment of Settlement costs and other Settlement benefits.

4. Based upon information provided and for settlement purposes only: the Settlement Class is ascertainable; it numbers approximately 88,408 individuals (including 2,514 California Subclass members), satisfying numerosity; there are common questions of law and fact, including

whether BHI's Data Incident potentially compromised the Class Representatives' and Settlement Class Members' Personal Information, satisfying commonality; the proposed Class Representatives' claims are typical, in that they are members of the Settlement Class and allege they received notice from BHI that their Personal Information was potentially compromised in BHI's Data Incident, thereby alleging they have been damaged by the same conduct as other Settlement Class Members; the proposed Class Representative and Class Counsel will fully, fairly and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a nationwide class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

5.  The Court appoints Michael Meyers, Daniel Muske, Gary Kaplan, Kim Wever, Joshua Pyfrom, Lashawntae Washington, and Ted Melton as the Class Representatives of the Settlement Class.

6.  The Court appoints as Class Counsel William Federman of Federman & Sherwood and A. Brooke Murphy of Murphy Law Firm.

7.  The Court appoints Atticus Administration, LLC as Claims Administrator.

8.  The Court does hereby preliminarily approve the Settlement, including the notices and releases contained therein as being fair, reasonable, and adequate as to the Settlement Class Members, subject to further consideration at the Final Approval Hearing described below.

9.  A Final Approval Hearing shall be held before the Court on _____, 202_, at ____ am/pm for the following purposes:

    a. To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

      b. To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

      c. To determine whether the claims process under the Settlement is fair and reasonable, and it should be approved by the Court;

      d. To determine whether Plaintiffs' application for an Attorneys' Fees and Expenses Award and requested Service Awards for the Class Representatives should be approved; and

      e. To rule upon such other matters as the Court may deem appropriate.

10. Plaintiffs' Motion for Final Approval shall be filed at least thirty-five (35) days before the Final Approval Hearing.

11. The Court approves, as to the form and content, the Long Notice, Short Notice, Claim Form, and Notice Program, and finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

12. The Complaint was commenced after February 18, 2005. The Court directs BHI to timely notify, through the Claims Administrator, the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (to the extent this has not already been done). Counsel for BHI or the Claims Administrator shall, at or before the Final Approval Hearing, file with the Court proof of compliance with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

13. The Claim Form submitted by each Settlement Class Member must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the Settlement Agreement.

14. As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Agreement.

15. All Settlement Class Members shall be bound by all determinations and judgments in this litigation concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Settlement Class and have not opted back in. The persons who timely and validly requested exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Agreement, shall not be entitled to submit any Claim, and shall not be bound by the Agreement or the Final Approval Order.

16. Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiffs, and Settlement Class Members are barred and enjoined from filing, commencing or prosecuting any action asserting any Released Claims against Defendants.

17. Any Settlement Class Member may enter an appearance, individually or, at their own expense, through counsel of their choice, in which case counsel must file with the Clerk of Court and deliver to Class Counsel and counsel for BHI a notice of such appearance no later than sixty (60) days after the Notice Deadline. If they do not enter an appearance, they will be represented by Class Counsel.

18. Any Settlement Class Member may appear and show cause, if that Settlement Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an Attorneys' Fees and Expenses Award should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has filed with the Clerk of Court of the U.S. District Court for the District

of Massachusetts, and served concurrently upon Class Counsel and Counsel for Defendants, sufficient written objections and copies of all papers and briefs in support of any such objection. Objections must be filed by the Objection Deadline.

19. Any written objection shall include: (a) a reference to this case, *Meyers, et al. v. BHI Energy Services, LLC, et al.*, Lead Case No. 1:23-cv-12513-LTS (D. Mass.), and the name of the presiding Judge, the Hon. Leo T. Sorokin; (b) the name, address, telephone number, and, if available, the email address of the Settlement Class Member or Settlement Subclass Member objecting, and if represented by counsel, their counsel's name, address, telephone number, email, and bar number; (c) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (d) a statement of whether they intend to appear at the Final Approval Hearing, either with or without counsel; (e) proof that the objector is a member of the Settlement Class or Settlement Subclass (*e.g.*, copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (f) a list of any other objections submitted by the Settlement Class Member or Settlement Subclass Member, or their counsel, to any class actions submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years; and (g) the Settlement Class Member or Settlement Subclass Member's signature, even if the objection is submitted through counsel. If the Settlement Subclass Member, Settlement Subclass Member, or their counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, they shall affirmatively state so in the written materials provided in connection with the objection to this Settlement. This information is material to the Court's consideration of the Settlement.

20. Any person who does not make an objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court.

21. Each Person wishing to opt out of the Settlement Class or Settlement Subclass shall individually sign (with a physical signature) and timely submit a written notice to the Claims Administrator of such intent by mailing it with a postmark by the Opt-Out Date to the designated Post Office box established by the Claims Administrator. To be effective, the written opt-out notice must include the following: (a) the requestor's name, address and email address; (b) the requestor's physical signature; (c) the name and number of this Litigation, *Meyers, et al. v. BHI Energy Services, LLC, et al.*, Lead Case No. 1:23-cv-12513-LTS (D. Mass); and (d) a statement that clearly manifests his or her wish to be excluded from the Settlement Class for purposes of this settlement. To be effective, written notice must be postmarked no later than the Opt-Out Date.

22. This Order, the Agreement, and the Settlement, and any of their terms, whether or not it becomes final, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Defendants or any of the Released Parties; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Settlement Class Member; or (d) the propriety of certification of a class other than solely for the purposes of the Settlement. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement and the Settlement shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any court,

administrative agency, arbitration tribunal, or other forum of any kind of character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement. All rights of the Parties are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

23. The Claims Administrator is directed to provide Notice to the Settlement Class Members, collect, process, review and determine the validity of all Claims, and otherwise perform its duties in accordance with the Agreement.

24. In the event the Final Judgment Order is not entered by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, the Settlement, this Preliminary Approval Order, and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or any other case or controversy. In such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

25. Counsel for the Parties are hereby authorized to use all reasonable procedures in connection with the administration of the Settlement that are not materially inconsistent with either this Preliminary Approval Order or the terms of the Settlement Agreement.

26. All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Settlement Agreement and this Preliminary Approval Order.

27. In addition to the deadlines imposed above, the Settlement Administrator and Parties shall abide by the following timeline:

| **From Order Granting Preliminary Approval** | |
|---|---|
| BHI provides list of Settlement Class Members to the Claims Administrator | +7 days |
| BHI pays cost of Notice | +21 days |
| Notice Commencement Date | +30 days |
| **From Notice Commencement Date** | |
| Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses | +45 days |
| Objection Deadline | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Opt-Out Deadline | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Optional Reminder Notice | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Claims Deadline | +150 days (*i.e.*, 180 days after Order Granting Preliminary Approval) |
| Final Approval Hearing | At least 120 days from Order Granting Preliminary Approval |
| Motion for Final Approval | At least 35 days before Final Approval Hearing |

28. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiffs and Defendants, if appropriate, without further notice to the Settlement Class.

**IT IS ORDERED:**

Date: _____                       _____
                                          HONORABLE LEO T. SOROKIN
                                          UNITED STATES DISTRICT COURT JUDGE