# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL MEYERS, *et al.*, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | |
| v. | Lead Case No.: 1:23-cv-12513 |
| BHI ENERGY SERVICES, LLC and BHI ENERGY I SPECIALTY SERVICES LLC, | |
| *Defendants*. | |

<u>**CLASS ACTION SETTLEMENT AGREEMENT**</u>

# CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Agreement" or "Settlement Agreement," as defined in Part II) is entered into between Plaintiffs (as defined in Part II), on behalf of themselves individually and on behalf of the Settlement Class (as defined in Part II) and the Settlement Subclass (as defined in Part II), on the one hand, and Defendants (as defined in Part II), on the other hand, subject to the terms and conditions set forth below and the approval of the Court (as defined in Part II).

This Settlement Agreement is subject to Court approval and is intended by the Parties (as defined in Part II) to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined in Part II), upon and subject to the terms and conditions below.

## I.    RECITALS

1.1.    Plaintiffs allege that between May 30, 2023, and July 7, 2023, unauthorized actors infiltrated Defendants' network and accessed certain information stored on Defendants' network, including the names, addresses, dates of birth, Social Security numbers, and potentially health information of the Settlement Class and Settlement Subclass (the "Data Incident," as defined in Part II). After the Data Incident, Defendants sent notification letters to approximately 88,408 individuals, including 2,509 California residents.[1] Plaintiffs, the Settlement Class, and Settlement Subclass received notices of the Data Incident on or around October 18, 2023.

1.2.    On October 24, 2023, Plaintiff Richard Rose filed his class-action lawsuit against Defendants in this Court in the case captioned *Rose v. BHI Energy Services, LLC, et al.,* Case No. 23-12513, asserting claims for: (i) negligence; (ii) unjust enrichment; (iii) breach of implied contract; and (iv) breach of implied covenant of good faith and fair dealing.

1.3.    On October 25, 2023, Plaintiff Joshua Pyfrom filed his class-action lawsuit against Defendants in this Court in the case captioned *Pyfrom v. BHI Energy Services, LLC, et al.,* Case No. 23-12532, asserting claims for: (i) negligence; (ii) unjust enrichment; (iii) breach of implied contract; and (iv) declaratory judgment.

1.4.    On October 27, 2023, Plaintiff Richard Deschamps filed his class-action lawsuit against Defendants in this Court in the case captioned *Deschamps v. BHI Energy Services, LLC, et al.,* Case No. 23-12555, asserting claims for: (i) negligence; (ii) unjust enrichment; (iii) breach of implied contract; (iv) breach of fiduciary duty; and (v) breach of confidence.

1.5.    On October 27, 2023, Plaintiff Lashawntae A. Washington filed her class-action lawsuit against Defendants in this Court in the case captioned *Washington v. BHI Energy Services, LLC, et al.,* Case No. 23-12577, asserting claims for: (i) negligence; (ii) negligence *per* se; (iii) breach of confidence; (iv) breach of implied contract; (v) breach of fiduciary duty; and (vi) breach of the implied covenant of good faith and fair dealing; and (vii) unjust enrichment.

---

[1] These numbers do not include 2,861 individuals for whom breach notice letter were returned as undeliverable.

1.6.    On October 30, 2023, Plaintiffs Gary Kaplan and Theodore Johns filed their class-action lawsuit against Defendants in this Court in the case captioned *Kaplan, et al., v. BHI Energy Services, LLC, et al.,* Case No. 23-12589, asserting claims for: (i) negligence; (ii) negligence *per* se; (iii) breach of contract; (iv) breach of implied contract; (v) unjust enrichment; (vi) breach of confidence; and (vii) declaratory judgment.

1.7.    On October 31, 2023, Plaintiffs Kim R. Wever and Ted Melton filed their class-action lawsuit against Defendants in this Court in the case captioned *Wever, et al., v. BHI Energy Services, LLC, et al.,* Case No. 23-12626, asserting claims for: (i) negligence; (ii) unjust enrichment; (iii) breach of contract; and (vi) declaratory relief.

1.8.    On November 13, 2023, the Court consolidated the cases referenced in Paragraphs 1.2 through 1.7, above (collectively, the "Action" or "Litigation" as defined in Part II), under Lead Case No. 23-12513. *See* Doc. No. 16. In that same Order, the Court appointed William B. Federman of Federman & Sherwood, and A. Brooke Murphy of Murphy Law Firm as Interim Co-Lead Class Counsel ("Class Counsel" as defined in Part II). *Id.*

1.9.    On December 13, 2023, Plaintiffs Michael Meyers, Daniel Muske, Gary Kaplan, Kim Wever, Joshua Pyfrom, Richard Deschamps, Lashawntae Washington, and Ted Melton, on behalf of themselves individually and all others similarly situated, filed a Consolidated Class Action Complaint ("CCAC" as defined in Part II). Doc. No. 24. In the CCAC, Plaintiffs assert claims for: (i) negligence; (ii) breach of implied contract; (iii) unjust enrichment; (iv) breach of confidence; (v) violation of California's Consumer Privacy Act, Cal. Civ. Code. § 1798.100, *et seq.* ("CCPA" as defined in Part II); and (vi) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

1.10.    On January 29, 2024, Defendants filed a motion to dismiss the CCAC (Doc. No. 26) and a motion to strike class allegations from the CCAC (Doc. No. 29).

1.11.    On November 7, 2024, Plaintiff Richard Deschamps, Plaintiff Theodore Johns, and Plaintiff Richard Rose voluntarily dismissed their respective claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Following their voluntary dismissals, Messrs. Dechamps, Johns, and Rose are Settlement Class Members (as defined in Part II) but are not Class Representatives (as defined in Part II).

1.12.    Thereafter, the Parties exchanged certain materials subject to Federal Rule of Evidence 408, and on June 13, 2024, the Parties engaged in a full day, in-person mediation session with respected mediator Bennett G. Picker of Stradley Ronon Stevens & Young, LLP ("Mr. Picker"). After an all-day mediation session with hard bargaining on both sides, the Parties reached an impasse.

1.13.    Despite the Parties' inability to reach a resolution at the mediation, in the weeks following the mediation, the Parties continued settlement discussions through the assistance of Mr. Picker. Following several rounds of negotiations, on July 11, 2024, Mr. Picker submitted a mediator's proposal that the Parties ultimately accepted. The terms of the mediator's proposal (and additional terms agreed to by the Parties) are memorialized in this Settlement Agreement, which was negotiated at arms' length, in good faith, and without collusion by capable and experienced

counsel, with full knowledge of the facts, the law, and the inherent risks in the Litigation (as defined in Part II), and with the active involvement of the Parties.

1.14.    Defendants deny: (a) each and every allegation and all charges of wrongdoing or liability of any kind whatsoever asserted, or which could have been asserted in this Litigation; (b) that the Plaintiffs and the class they seek to represent have suffered any damage; and (c) that the Litigation satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23.

1.15.    Plaintiffs believe the claims asserted in this action have merit. Plaintiffs and Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to litigate this action against Defendants through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Class Counsel, in consultation with Plaintiffs, have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

1.16.    Defendants agree that the Settlement Agreement is fair and reasonable in light of the merits and risks of the case. While continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to all claims, Defendants nevertheless have chosen to enter into this Agreement in order to avoid further burden, expense, uncertainty, inconvenience, and interference with its ongoing business operations attendant to defending the Litigation and putting to rest the Released Claims.

1.17.    This Settlement Agreement reflects a compromise between the Parties, and in no event shall be construed as or deemed to be an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Litigation, or of any fault on the part of Defendants, and any allegations are expressly denied. Nothing in this Agreement shall constitute, be construed as, or be admissible in evidence in any proceeding as any admission of the validity of any claim or any fact alleged by Plaintiffs in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or admission by any of the Parties of the validity or lack thereof of any claim, allegation, or defense asserted in the Litigation or in any other action.

1.18.    The Parties agree, subject to approval by the Court, that the Litigation between Plaintiffs, the Settlement Class Members, and the Settlement Subclass Members, on the one hand, and Defendants, on the other hand, shall be fully and finally compromised, settled, and released on the terms and conditions set forth in this Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class Members and Settlement Subclass Members, Class Counsel, and Defendants that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Parties and the Settlement Class Members and Settlement Subclass Members (not including those members of the Settlement Class or

Settlement Subclass who timely and validly opt out of the Settlement Agreement), upon and subject to the terms and conditions of this Settlement Agreement, as follows:

## II.    DEFINITIONS

A.    Capitalized terms in this Agreement shall be defined as follows:

2.1.    "Action" or "Litigation" means the following cases, collectively: *Meyers, et al. v. BHI Energy Services, LLC, et al.*, Lead Case No. 1:23-cv-12513-LTS (D. Mass. filed Oct. 24, 2023); *Pyfrom v. BHI Energy Services, LLC, et al.*, No. 1:23-cv-12532-LTS (D. Mass. filed Oct. 25, 2023); *Washington v. BHI Energy Services, LLC, et al.*, No. 1:23-cv-12577-LTS (D. Mass. filed Oct. 27, 2023); *Kaplan v. BHI Energy Services, LLC, et al.*, No. 1:23-cv-12589-LTS (D. Mass. filed Oct. 30, 2023); and *Wever, et al. v. BHI Energy Services, LLC, et al.*, No. 1:23-cv-12626 (D. Mass. filed Oct. 31, 2023).[2]

2.2.    "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement.

2.3.    "Attorneys' Fees and Expenses Award" means the amount awarded by the Court, if any, to be paid to Class Counsel from the Settlement Fund, with such amount, if any, to be in full and complete satisfaction of Class Counsel's claim or request for payment of attorneys' fees, costs, disbursements, and compensation in the Litigation.

2.4.    "Business Practice Commitments" means the data security commitments discussed in Part III.

2.5.    "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.* ("CAFA"), to be served upon the appropriate state official in each state where a Settlement Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid from the Settlement Fund.

2.6.    "CCAC" means the Consolidated Class Action Complaint filed with the Court in Case No. 23-12513 at Doc. No. 24.

2.7.    "CCPA" means the California Consumer Privacy Act, Cal. Civ. Code. § 1798.100, *et seq.*

2.8.    "CCPA Payment" means a cash payment made to a Settlement Subclass Member in the amount of $100.00 in recognition of the claim under the CCPA that the Settlement Subclass has brought, to the extent the Settlement Subclass Member submits a Valid Claim for the CCPA Payment.

---

[2] *Deschamps v. BHI Energy Services, LLC, et al.*, No. 1:23-cv-12555-LTS (D. Mass. filed Oct. 27, 2023) is not included in the definition of "Action" or "Litigation" because Richard Deschamps voluntarily dismissed his claims without prejudice by a stipulation of dismissal signed by all parties who have appeared pursuant to Fed. R. Civ. P. 41(a)(1)(ii)

2.9.    "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

2.10.    "Claims Administrator" means Atticus Administration, LLC, a company experienced in administering class-action claims generally and specifically those of the type provided for and made in data-breach litigation.

2.11.    "Claims Deadline" means the deadline by which Settlement Class Members and Settlement Subclass Members must submit any valid Settlement Claims as set forth in Part III. The Claims Deadline shall be set by the Court in the Preliminary Approval Order. The Parties propose a Claims Deadline that is 150 days after the Notice Commencement Date.

2.12.    "Claim Form" means the form that will be used by Settlement Class Members to submit a Settlement Claim to the Claims Administrator and that is substantially in the form as Exhibit A to this Settlement Agreement.

2.13.    "Class Counsel" means William B. Federman of Federman & Sherwood and A. Brooke Murphy of Murphy Law Firm.

2.14.    "Class Member Information" means the names, email addresses, and last known physical address of each individual in the Settlement Class and Settlement Subclass that is in Defendants' possession.

2.15.    "Class Representatives" or "Plaintiffs" means Michael Meyers, Daniel Muske, Gary Kaplan, Kim Wever, Joshua Pyfrom, Lashawntae Washington, and Ted Melton.

2.16.    "Costs of Claims Administration" means all actual and costs reasonably charged by the Claims Administrator for its services as provided for in this agreement, including those associated with or arising from Claims Administration, the Notice Program, the administration of Opt-Outs, and the administration of objections. All Costs of Claims Administration shall be paid from the Settlement Fund.

2.17.    "Court" means the United States District Court for the District of Massachusetts.

2.18.    "Credit Monitoring and Identity-Protection Services" means the credit monitoring and identity-protection services being made available to Settlement Class Members and Settlement Subclass Members.

2.19.    "Data Incident" means the security incident perpetrated on Defendants between approximately May 30, 2023, and July 7, 2023, wherein criminal actors accessed personal information of individuals in the Settlement Class and Settlement Subclass stored on Defendants' network including names, addresses, dates of birth, Social Security numbers, and potentially health information.

2.20.    "Defendants" or "BHI" means Defendants BHI Energy Services, LLC and BHI Energy I Specialty Services LLC, collectively.

2.21. "Effective Date" means the latest of the following: (a) thirty (30) days after the entry of the Final Judgment Order if no objections are filed or if objections are filed and overruled and no appeal is taken from the Final Judgment Order; or (b) if a timely appeal is made, three (3) business days after the date that a judgment of the United States Court of Appeals for the First Circuit or Supreme Court of the United States affirming the Final Judgment Order, and the Final Judgment Order is no longer subject to further appeal or review.

2.22. "Final Approval Hearing" means the final hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement in accordance with applicable jurisprudence, to be held after the Notice Program has been effectuated, and during which the Court will: (a) consider the merits of any objections to this Agreement and/or any aspect of this Agreement; (b) determine whether to grant final approval to the Settlement Agreement and enter the Final Judgment Order; (c) determine whether to approve a service award to any Plaintiffs and in what amount; and (d) rule on Class Counsel's application for an Attorneys' Fees and Expenses Award. The date for the Final Approval Hearing shall be established in the Preliminary Approval Order. The Parties suggest a date that is not less than one hundred twenty (120) days after the entry of the Preliminary Approval Order.

2.23. "Final Judgment Order" means an order substantially in the form of Exhibit E entered by the Court that finally approves this Settlement Agreement, provides for the release of the Released Claims, and makes such other final rulings as are contemplated by this Settlement Agreement, which may or may not include approving payment of any Service Awards and Class Counsel's Attorneys' Fees and Expenses Award.

2.24. "Long Notice" means the long form notice of settlement to be posted on the Settlement Website, substantially in the form of Exhibit B to this Settlement Agreement.

2.25. "Notice Program" means the plan described in Part IV for disseminating notice to the Settlement Class and Settlement Subclass of the terms of this Settlement Agreement.

2.26. The "Notice Commencement Date" means thirty (30) days after the entry of the Preliminary Approval Order.

2.27. "Objection Date" means the date by which Settlement Class Members and Settlement Subclass Members' objections to the Settlement must be postmarked by mailing them to the Court for that objection to be timely. The objector or his or her counsel may also file, by no later than the Objection Date, the written objection with the Court through the Court's ECF system. The Objection Date shall be set by the Court in the Preliminary Approval Order. The Parties propose an Objection Date that is sixty (60) days after the Notice Commencement Date.

2.28. "Opt-Out Date" means the date by which individuals in the Settlement Class and Settlement Subclass' requests for exclusion from the Settlement must be postmarked by mailing them to the Claims Administrator for that request to be effective. The Opt-Out Date shall be set by the Court in the Preliminary Approval Order. The Parties propose an Opt-Out Date that is sixty (60) days after the Notice Commencement Date.

2.29. "Parties" means Plaintiffs and Defendants, collectively.

2.30.   "Party" means either Plaintiffs or Defendants.

2.31.   "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class and Settlement Subclass, substantially in the form of Exhibit D.

2.32.   "Released Claims" shall collectively mean any and all past, present, and future claims, causes of action, demands, damages, debts, liabilities, remedies, proceedings, actions, suits, allegations, assertions of wrongdoing, and any demand for injunctive relief or any other type of equitable or legal relief including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, whether known or unknown, suspected or unsuspected, asserted or unasserted, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted by any Settlement Class Member or Settlement Subclass Member against any of the Released Persons with respect to the Data Incident or data security in any fashion. Released Claims shall not include the right of any Settlement Class Member or Settlement Subclass Member or any of the Released Persons to enforce the terms of this Settlement Agreement and shall not include the claims of individuals in the Settlement Class who have timely opted out from the Settlement.

2.33.   "Released Persons" means Defendants and their current and former parent companies, subsidiaries, affiliates, divisions, and current and former affiliated individuals and entities, legal successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint ventures, and each and all of their respective officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, vendors, investors, and funds, past, present, and future, and all persons acting under, by, through, or in concert with any of them.

2.34.   "Reminder Notice" means a notice, substantially in the form of the Short Notice. The Claims Administrator shall also have the option, if requested by Class Counsel, to send a Reminder Notice to Settlement Class Members who have not yet submitted a Claim Form, with such Reminder Notice to be sent, if at all, thirty (30) days prior to the Claims Deadline. Any such Reminder Notice shall be sent via email to individuals in the Settlement Class and Settlement Subclass for whom Defendants possess email addresses, and via single postcard to individuals in the Settlement Class and Settlement Subclass for whom Defendants possess physical addresses and do not possess an email address for.

2.35.   "Service Award" means any funds that may be awarded by the Court at its discretion to compensate any Class Representatives for their efforts in bringing this Litigation and/or achieving the benefits of this Settlement on behalf of the Settlement Class and Settlement Subclass, as further discussed in Part V.

2.36.   "Settlement Claim(s)" means a claim for settlement benefits made under the terms of this Settlement Agreement.

2.37.    "Settlement Class" means all U.S. residents who were sent breach notice letters by BHI and whose breach notice letter was not returned as undeliverable. The Settlement Class specifically excludes: (a) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; (b) counsel for the Parties, any member of their respective staffs who worked directly on the Litigation, and any member of their immediate families; (c) any government entity; (d) any entity in which BHI has a controlling interest; and (e) any of BHI's subsidiaries, parents, affiliates, and officers, directors, legal representatives, heirs, successors, or assigns.

2.38.    "Settlement Class Member(s)" means an individual within the defined Settlement Class who does not timely and validly request exclusion from the Settlement Class.

2.39.    "Settlement Fund" means an amount equal to One Million Five Hundred Thousand Dollars ($1,500,000.00), which shall be used to pay for: (i) Valid Claims; (ii) Costs of Claims Administration; (iii) any Service Awards approved by the Court; (iv) any Attorneys' Fees and Expenses Award payment approved by the Court; and (v) the Notice Program. The Settlement Fund will not be used to pay for the Business Practice Commitments identified in Part III.

2.40.    "Settlement Subclass" or "California Subclass" means all California residents who were sent breach notice letters by BHI and whose breach notice letter was not returned as undeliverable. The Settlement Class specifically excludes: (a) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; (b) counsel for the Parties, any member of their respective staffs who worked directly on the Litigation, and any member of their immediate families; (c) any government entity; (d) any entity in which BHI has a controlling interest; and (e) any of BHI's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assign.

2.41.    "Settlement Subclass Member" or "California Subclass Member" means an individual within the defined Settlement Subclass who does not timely and validly request exclusion from the Settlement Class.

2.42.    "Settlement Website" means an internet website created and maintained by the Claims Administrator to provide information regarding the Settlement, Settlement Fund, and where Settlement Class and Settlement Subclass Members can obtain information concerning objecting to the Settlement. The URL of the Settlement Website shall be: BHIdatasettlement.com.

2.43.    "Short Notice" or "Postcard Notice" means the short notice of the Agreement, substantially in the form of Exhibit C to this Agreement, sent via email to individuals in the Settlement Class for whom Defendants possess email addresses, and via single postcard to individuals in the Settlement Class for whom Defendants possess physical addresses. The Short Notice will direct recipients to the Settlement Website where recipients may view the Long Notice and make a claim for monetary relief. The emailed version of the Short Notice will include a link to download the Claim Form. The Short Notice will also provide the Settlement Class with instructions on how to enroll in the Credit Monitoring and Identity-Protection Services Benefits, explained below in Part III. The Short Notice will also inform the Settlement Class, *inter alia*, of the Claims Deadline, and the Opt-Out Date and Objection Date.

2.44.   "United States" as used in this Settlement Agreement includes the District of Columbia and all United States and territories.

2.45.   "Unknown Claims" means any of the Released Claims that any Settlement Class Member or Settlement Subclass Member, including Plaintiffs, does not know or suspect to exist in his or her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members and Settlement Subclass Members intend to and shall be deemed to have, and by operation of the Final Judgment Order shall have, released any and all Released Claims, including Unknown Claims, and waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80, *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members and Settlement Subclass Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Settlement Class Member and Settlement Subclass Member shall be deemed to have, and by operation of the Final Judgment Order shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including Unknown Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

2.46.   "Valid Claims" means Settlement Claims in an amount approved by the Claims Administrator.

2.47.   All time periods herein stated in terms of "days" shall be in calendar days unless otherwise expressly stated.

B.     Conventions. All personal pronouns used in this Agreement, whether used in the masculine, feminine, or neuter gender, shall include all other genders and the singular shall include the plural and vice versa except where expressly provided to the contrary. All references herein to sections, paragraphs, and exhibits refer to sections, paragraphs, and exhibits of and to this Agreement, unless otherwise expressly stated in the reference. The headings and captions contained in this Agreement are inserted only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision thereof.

## III.   SETTLEMENT BENEFITS

3.1.   <u>BHI's obligations.</u> As consideration for the Releases contained in Part VII, as a direct result of the Litigation, and without admitting liability for any allegations raised in the Litigation, BHI will perform all the following:

(a)     BHI will establish the Settlement Fund with the Claims Administrator as follows: (1) within twenty-one (21) days following entry of the Preliminary Approval Order, BHI will advance, or cause to be advanced the sum of one hundred fifty thousand dollars ($150,000.00) to pay for the costs of the Notice Program; and (2) BHI will advance, or cause to be advanced the remaining balance, one million three hundred fifty thousand dollars ($1,350,000.00), within fourteen (14) days of the Effective Date.

(b)     Within one hundred twenty (120) days after the Effective Date, BHI will implement the following Business Practice Commitments, which Class Counsel and the Class Representatives agree are reasonable steps to secure personal information within Defendants' network:

(i)     implementing and maintaining multi-factor authentication on BHI's remote access virtual private network;

(ii)    extending BHI's deployment of endpoint detection and response within its systems;

(iii)   extending BHI's deployment of antivirus software within its systems;

(iv)    decommissioning legacy and unused systems; and

(v)     taking offline from BHI's corporate systems data related to former employees within seven (7) years of the termination of the employer-employee relationship.

(c)     BHI will maintain the Business Practice Commitments identified in Paragraph 3.1.b for a period of at least three years following the Effective Date. BHI estimates that these Business Practice Commitments will cost it approximately six million four hundred thousand dollars ($6,400,000.00) in total, which will be paid by BHI separate and apart from the Settlement Fund.

(d)    Plaintiffs and Class Counsel acknowledge that technical requirements for securing information evolve and change dramatically. If technological or industry developments, or intervening changes in law or business practices render the specific business practice commitments identified in Paragraph 3.1.b obsolete or make BHI's compliance with them unreasonable or technically impractical, BHI may modify its business practices as necessary to ensure appropriate security practices are being followed.

(e)    For a period of three (3) years following the Effective Date, Class Counsel may request in writing BHI's confirmation that it is in compliance with the business practice commitments described in Paragraph 3.1.b. If Class Counsel at any time before the third anniversary of the Effective Date has information indicating that BHI is not in compliance with the business practice commitments described in Paragraph 3.1.b, the Parties are required to meet and confer to discuss the issue prior to seeking Court intervention. To the extent Court intervention is required, the Parties agree to cooperate in seeking the Court's permission to file the business practice commitments and any discussion of the business practice commitments under seal.

3.2.    <u>Settlement benefits.</u> All Settlement Class Members shall have the opportunity to submit a Claim Form for certain claimed benefits. The claimed benefits, as described below, shall include: (a) Reimbursement of attested time spent addressing the Data Incident; (b) Out-of-Pocket Losses; (c) Credit Monitoring and Identity-Protection Services; (d) CCPA Payment for Settlement Subclass Members only; and (e) a *Pro Rata* Cash Payment. Any Valid Claim may be combined with any other Valid Claim. All settlement benefits will be paid exclusively by the Settlement Fund.

3.3.    <u>Priority for funding settlement benefits.</u> The cost of providing Credit Monitoring and Identity-Protection Services shall be paid from the Settlement Fund after the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, and the costs of the Notice Program. Thereafter, the priority for payment of claimed benefits will be as follows: (1) Out-of-Pocket Losses; (2) Lost Time; (3) CCPA Payment; and (4) *Pro Rata* Cash Payment. If the Settlement Fund is insufficient to cover all Out-of-Pocket Losses and all claims for Lost Time, such claims shall be reduced *pro rata* to account for the amount of remaining funds, and no money shall be paid to any claimants for CCPA Payments or *Pro Rata* Cash Payments. If there are sufficient funds to pay for all claimed Out-of-Pocket Losses and Lost Time, but insufficient funds to pay for all claimed CCPA payments, then claimants shall receive full value for their Out-of-Pocket Losses and Lost Time, but CCPA payments shall be reduced *pro rata* to account for the amount of remaining funds. Any remaining money in the Settlement Fund (to the extent any exists) after the payment of Out-of-Pocket Losses, Lost Time, CCPA Payments, and Credit Monitoring and Identity-Protection Services shall be disbursed in a *pro rata* amount to all valid claimants.

3.4.    <u>Credit Monitoring and Identity-Protection Services.</u> All members of the Settlement Class may apply for credit monitoring and identity-protection services for a period of twenty-four (24) months from the date a member of the Settlement Class claims the offer. Identity Defense will include a minimum of the following features: (1) identity theft insurance (with a $1,000,000.00 policy limit); (2) real-time credit monitoring services; and (3) access to fraud resolution agents.

3.5.    <u>Out-of-Pocket Losses</u>: Every Settlement Class Member may submit a claim for up to seven thousand five hundred dollars ($7,500.00) each for out-of-pocket expenses and losses, which are unreimbursed costs, expenditures, or losses incurred by a Settlement Class member that are fairly traceable to the Data Incident ("Out-of-Pocket Losses"). Out-of-Pocket Losses may include, without limitation, the following:

(a)    unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of a Settlement Class Member's Social Security number;

(b)    unreimbursed costs incurred on or after May 30, 2023, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency;

(c)    other unreimbursed miscellaneous expenses incurred related to any Out-of-Pocket Expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges;

(d)    other mitigative costs that were incurred on or after May 30, 2023, through the date of the Settlement Class Member's claim submission; and

(e)    unpaid time off work to address issues fairly traceable to the Data Incident at the actual hourly rate of that Settlement Class Member.

Settlement Class Members who elect to submit a claim for reimbursement of Out-of-Pocket Losses must provide to the Claims Administrator information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation reasonably supporting their claim; and (3) a brief description of the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member concerning the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to clarify or support other submitted documentation. Out-of-Pocket Losses will be deemed "fairly traceable" if: (1) the timing of the loss occurred on or after May 30, 2023, and (2) in the Claims Administrator's sole determination, the Out-of-Pocket Losses could reasonably be caused by the Data Incident. Claims for Out-of-Pocket Losses may be reduced *pro rata* if insufficient funds remain in the Settlement Fund after the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, and the costs of the Notice Program.

3.6.    <u>Reimbursement for Lost Time.</u> All Settlement Class Members may submit a claim for reimbursement of Lost Time up to four (4) hours at twenty-five dollars ($25.00) per hour. Settlement Class Members can receive reimbursement of Lost Time with an attestation that the time spent was in response to the Data Security Incident.

3.7.    <u>CCPA Payment.</u> California Subclass Members may submit a claim for a one-hundred-dollar ($100.00) cash payment for the CCPA claim they have brought against Defendants as California residents. The CCPA payment may be *pro rata* decreased if insufficient funds remain in the portion of the Settlement Fund set aside for the CCPA Payments following the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims

Administration, the costs of the Notice Program, claims for Out-of-Pocket Losses, and claims for Lost Time.

3.8.     _Pro Rata_ Cash Payment. All Settlement Class Members may file a claim for a _pro rata_ portion of the Settlement Fund. The amount of this benefit shall be based on the number of claims received and the amount of funds remaining in the Settlement Fund following the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, the costs of the Notice Program, the cost of Credit Monitoring and Identity-Protection Services, claims for Out-of-Pocket Losses, claims for Lost Time, and claims for CCPA Payments.

3.9.     Residual funds. The _Pro Rata_ Cash Payment is intended to exhaust all funds remaining in the Settlement Fund. If for any reason there are residual funds, they shall be distributed _cy pres_ to the non-profit organization National Cybersecurity Alliance. No residual funds will revert to Defendants.

3.10.     Claim Form Submission. Settlement Class Members submitting a claim for Credit Monitoring and Identity-Protection Services, Out-of-Pocket Losses, Reimbursement of Lost Time, CCPA Payments, and/or a _Pro Rata_ Cash Payment must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the Claims Deadline. A Claim Form being filed for an Out-of-Pocket Expense and Loss Reimbursement must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief and is being made under penalty of perjury. Notarization is _not_ required. Disputes as to claims submitted under this paragraph are to be resolved by and at the sole discretion of the Claims Administrator.

3.11.     Claim Evaluation.

(a)     The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member or Settlement Subclass Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support a claim for Out-of-Pocket Losses, pursuant to the provisions of this Settlement Agreement; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses or expenses as a result of the Data Incident. The Claims Administrator may, in its sole discretion, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the claim (_e.g._, documentation requested on the Claim Form, information regarding the claimed expenses, and claims previously made for identity theft and the resolution thereof).

(b)     Upon receipt of an incomplete or unsigned Claim Form, the Claims Administrator shall request additional information and give the claimant thirty (30) days to cure the defect before rejecting the claim. If the defect is not cured to the satisfaction of the Claims Administrator, then the claim will be deemed invalid, there shall be no obligation to pay the defective claim, and the claim shall not be considered a Valid Claim.

(c)     For a Claim Form for an Out-of-Pocket Loss that is not accompanied by sufficient documentation to support the claimed expenses, within thirty (30) days after the Claims Deadline, the Claims Administrator shall request additional information and give the claimant thirty (30) days to cure the defect before rejecting the claim, in whole or in part. If the defect is not cured to the satisfaction of the Claims Administrator, then any claim for Out-of-Pocket Losses claimed will be deemed invalid to the extent the documentation does not support the claim and shall be deemed as a Valid Claim to the extent the documentation supports the claim. Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim. To the extent the claim is deemed invalid by the Claims Administrator, there will be no obligation to pay the claim, and it will not be considered a Valid Claim. Notwithstanding the foregoing, the failure to provide sufficient information to support a claim for Out-of-Pocket Losses shall have no impact on a claimant's eligibility for Reimbursement of Lost Time, a *Pro Rata* Cash Payment, and/or CCPA Payment.

3.12.   Settlement Checks. If a Settlement Class Member opts for payment via mailed check, all settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void." If a check becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of payment on his/her claim, the Settlement Class Member's right to receive monetary relief shall be extinguished, and neither the Settlement Fund, Claims Administrator, Defendants, nor Class Counsel shall have any obligation to make payments to the Settlement Class Member on the claim. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days after the Effective Date, requests for re-issuance need not be honored after such checks become void.

3.13.   Payment of Valid Claims, whether via mailed check or electronic distribution, shall be made within sixty (60) days after the Claims Deadline.

## IV.    CLASS NOTICE AND SETTLEMENT ADMINISTRATION

4.1.    Subject to Court approval, the Parties have agreed that the Notice Program described herein is the best and most fair and reasonable notice practicable under the circumstances.

4.2.    The Parties agree to the following Notice Program:

(a)     No later than seven (7) days after entry of the Preliminary Approval Order, Defendants shall provide the Claims Administrator with the Class Member Information.

(b)     The Class Member Information and its contents shall be used by the Claims Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Settlement Agreement or provide all data and information in its possession to the Parties upon request, the Claims Administrator shall not reproduce, copy, store, or distribute in any form,

14

electronic or otherwise, the Class Member Information. The Claims Administrator shall delete all information associated with this Litigation when it no longer has a legal requirement to retain such data.

(c)    Prior to the dissemination of the Short Notice but no later than the Notice Commencement Date, the Claims Administrator shall establish the Settlement Website. The Settlement Website shall include the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Agreement; (v) the CCAC; (vi) a contact information page that includes the address and telephone number for the Claims Administrator; (vii) Class Counsel's application for Attorneys' Fees and Expenses (when available); (viii) the Final Approval Order (when available); and (ix) any other materials agreed upon by the Parties. The Settlement Website shall provide members of the Settlement Class with the ability to complete and submit the Claim Form electronically. The Settlement Website shall remain active until ninety (90) days after all the Settlement Funds have been exhausted or distributed.

(d)    On the Notice Commencement Date, the Claims Administrator shall send a copy of the Short Notice as follows via email to those individuals in the Settlement Class and Settlement Subclass for whom an email address exists in the Class Member Information; and via First Class U.S. Mail to those individuals in the Settlement Class and Settlement Subclass for whom a physical address exists in the Class Member Information. The Claims Administrator shall use the national change of address database or other appropriate skip-tracing service that includes national change of address data to update the mailing list of the Settlement Class and Settlement Subclass Members for whom a mailing address is available, prior to sending Short Notice.

(e)    Any mailed Postcard Notices returned to the Claims Administrator as undelivered and bearing a forwarding address shall be re-mailed by the Claims Administrator within seven (7) business days following receipt of the returned mail. If no forwarding address is available, and a skip trace has not previously been performed on the Class Member, the Claims Administrator shall perform a single skip trace using an industry-accepted source, to conduct an address update and send the Short Notices to the mailing addresses identified by the skip tracing within seven (7) business days following receipt of the updated mailing address.

(f)    If Class Counsel requests, the Claims Administrator shall provide a Reminder Notice to any member of the Settlement Class or Settlement Subclass at least thirty (30) days before the Claims Deadline.

(g)    Beginning on the Notice Commencement Date and continuing through thirty (30) days after the Claims Deadline, the Claims Administrator shall maintain a toll-free help line to provide members of the Settlement Class and Settlement Subclass with additional information about the settlement. The Claims Administrator also will provide copies of the Long Notice and paper Claim Form, as well as this Settlement Agreement, upon request of any member of the Settlement Class or Settlement Subclass.

(h)    CAFA Notice. Within ten (10) days of the filing of the Motion for Preliminary Approval, the Claims Administrator shall serve notice of this Settlement to appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715. Defendants, in conjunction with the Claims Administrator, shall be responsible for drafting and preparing the

notice in conformity with 28 U.S.C. § 1715 and for identifying the appropriate state and federal officials, if any, to be notified.

4.3.    The Claims Administrator has reviewed and approved the Short Notice, Long Notice, and Claim Form.

4.4.    The Claims Administrator shall provide any information or declaration requested by the Parties to assist with seeking Preliminary Approval and/or Final Approval and shall appear at the Preliminary Approval hearing and/or Final Approval Hearing if requested by the Parties.

4.5.    The Parties shall supervise the Claims Administrator in the performance of the Notice Program.

4.6.    The costs of the Notice Program as set forth in this Part and all costs of the Claims Administrator shall be paid out of the Settlement Fund.

4.7.    The Claims Administrator shall maintain the Settlement Fund by an escrow agent as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq*., of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution approved by the Parties. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process.

4.8.    Prior to the Final Approval Hearing, the Claims Administrator shall certify to the Court that it has complied with the Notice Program and notice requirements set forth herein.

4.9.    If a Settlement Class Member or Settlement Subclass Member requests that the Claims Administrator and/or his agent or employee refer him/her to Class Counsel, or if a Settlement Class Member or Settlement Subclass Member requests advice beyond merely ministerial information regarding applicable deadlines or procedures related to the Settlement for which the Claims Administrator does not have an approved response, then the Claims Administrator and/or his agent or employee shall promptly refer the inquiry to Class Counsel.

4.10.    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class and Settlement Subclass Members under Part III. The Claims Administrator shall provide reports to Class Counsel and Defendants' counsel as to both claims and distributions, and Class Counsel and Defendants' counsel have the right, but not the obligation, to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Claims Administrator's determination of whether a Settlement Claim is a Valid Claim shall be binding.

4.11.    The Parties shall have the right, but not the obligation, to audit any work carried out by the Claims Administrator.

4.12.    All Settlement Class and Settlement Subclass Members who fail to timely submit a claim for any benefits under this Settlement Agreement within the timeframes set forth in this Settlement Agreement, or such other period as may be ordered by the Court, shall be forever barred

from receiving any payments or benefits pursuant to this Settlement Agreement, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein, and the Final Judgment Order.

4.13.    No person shall have any claim against the Claims Administrator, Defendants, Class Counsel, the Class Representatives, and/or Defendants' counsel based on distributions of benefits to Settlement Class Members.

4.14.    The Parties each represent that they do not and will not have any financial interest in the Claims Administrator ultimately appointed and otherwise will not have a relationship with the Claims Administrator ultimately appointed that could create a conflict of interest.

4.15.    The Parties acknowledge and agree that the Claims Administrator is not an agent of the Class Representatives, Class Counsel, Defendants, or Defendants' counsel, and that the Claims Administrator is not authorized by this Agreement or otherwise to act on behalf of the Class Representatives, Class Counsel, Defendants, or Defendants' counsel.

## V.    ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS

5.1.    The Parties did not discuss the amount of Attorneys' Fees and Expenses Award and/or Service Awards to Plaintiffs, as provided for in Part V, until after the substantive terms of the settlement had been agreed upon.

5.2.    Within forty-five (45) days after the Notice Commencement Date, Class Counsel will move the Court for an award of their reasonable attorneys' fees incurred in the Action in an amount not to exceed six hundred thousand dollars ($600,000.00), and reimbursement of documented costs and expenses of an amount not to exceed forty-five thousand dollars ($45,000.00). This request shall be for all claims for attorneys' fees and expenses, past, present, and future incurred in connection with the Litigation or this Agreement, and Class Counsel shall not be permitted to make a second application to the Court for an Attorneys' Fees and Expenses Award. The amount of the Attorneys' Fees and Expenses Award shall be determined by the Court. Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs, and expenses awarded by the Court among Class Counsel and additional Plaintiffs' counsel. Any Attorneys' Fees and Expenses Award approved by the Court shall be paid solely from the Settlement Fund.

5.3.    Payment of the Settlement Fund shall constitute full satisfaction by Defendants of any claim to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs in the Litigation incurred by any attorney on behalf of Plaintiffs or the Class, and shall relieve Defendants and Defendants' Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of Plaintiffs, the Settlement Class, or the Settlement Subclass, or as the result of this Litigation or Agreement. Defendants shall not be liable for any attorneys' fees and expenses of any Settlement Class Members' or Settlement Subclass Members' counsel, including any potential objectors or counsel representing a Settlement Class Member or Settlement Subclass Member individually, other than through the Settlement Fund as expressly provided for in this Agreement. Class Counsel agree to hold Defendants harmless from any claim regarding the division of any

award of attorneys' fees and expenses to Class Counsel, and any claim that the term "Class Counsel" fails to include any counsel, Person, or firm who claims that they are entitled to a share of any attorneys' fees or expense awarded to Class Counsel in this lawsuit.

5.4.    Subject to Court approval, Class Counsel will move the Court for Service Awards to the Class Representatives of up to two thousand five hundred dollars ($2,500.00) each. The amount of the Service Awards shall be determined by the Court. The Service Award request shall be for all Service Awards, past, present, and future, that the Class Representatives and Class Counsel claim to be proper in connection with the Litigation or this Agreement, and Class Counsel shall not be permitted to make a second application to the Court for a Service Award. Any Service Award approved by the Court shall be paid solely from the Settlement Fund.

5.5.    It is not a condition of this Settlement Agreement that any particular amount of attorneys' fees, costs, or expenses or Service Awards be approved by the Court, or that such fees, costs, expenses, or awards be approved at all. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Service Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Settlement Agreement, or affect or delay the finality of the Final Judgment Order. Class Counsel and the Class Representatives agree that the denial of, reduction, or downward modification of, or failure to grant any application for attorneys' fees, expenses, or Service Awards shall not constitute grounds for modification or termination of this Agreement, including the releases provided for herein.

5.6.    If awarded by the Court, the Claims Administrator shall pay from the Settlement Fund any Attorneys' Fees and Expenses Award and any Service Awards for the Class Representatives within twenty-one (21) days after the Effective Date.

5.7.    Except as set forth in this Agreement, each Party shall bear his or its own fees, costs, and expenses.

## VI.    CLASS SETTLEMENT PROCEDURES

6.1.    Certification of the Settlement Class and Settlement Subclass. The Parties agree, for purposes of this settlement only, to the certification of the Settlement Class and Settlement Subclass. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to its terms, the certification of the Settlement Class and Settlement Subclass will be vacated and the Litigation shall proceed as though the Settlement Class and Settlement Subclass had never been certified, without prejudice to any Party's position on the issue of class certification or any other issue. The Parties' agreement to the certification of the Settlement Class and Settlement Subclass is also without prejudice to any position asserted by the Parties in any other proceeding, case or action, as to which all their rights are specifically preserved.

6.2.    Preliminary Approval. As soon as practicable after the signing of this Agreement, Plaintiffs shall move, without opposition from the Defendant, solely for purposes of this Settlement, for entry of the Preliminary Approval Order, requesting (1) certification of the Settlement Class and Settlement Subclass for the purposes of effectuating this Settlement

Agreement only; (2) preliminary approval of this Settlement Agreement; (3) appointment of Class Counsel; (4) appointment of the Class Representatives; (5) approval of the Notice Program; (6) approval of the Claim Form; and (7) appointment of the Claims Administrator. The Parties shall seek with the Court to schedule a Final Approval Hearing to occur approximately one hundred twenty (120) days after the Preliminary Approval.

6.3.    Opt-out procedures. Each Person wishing to opt out of the Settlement Class or Settlement Subclass shall individually sign (with a physical signature) and timely submit a written notice to the Claims Administrator of such intent by mailing it with a postmark by the Opt-Out Date to the designated Post Office box established by the Claims Administrator. To be effective, the written opt-out notice must include the following: (a) the requestor's name, address and email address; (b) the requestor's physical signature; (c) the name and number of this Litigation, *Meyers, et al. v. BHI Energy Services, LLC, et al.*, Lead Case No. 1:23-cv-12513-LTS (D. Mass); and (d) a statement that clearly manifests his or her wish to be excluded from the Settlement Class for purposes of this settlement. To be effective, written notice must be postmarked or emailed no later than the Opt-Out Date.

(a)    All persons who submit valid and timely notices of their intent to opt-out and not be a Settlement Class Member or Settlement Subclass Member, as set forth in Paragraph 6.3 above (referred to as "Opt-Outs"), shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class or Settlement Subclass who do not opt out of the Settlement Class or Settlement Subclass in the manner set forth in Paragraph 6.3, above, shall be bound by the terms of this Settlement Agreement and Final Judgment Order entered thereon.

(b)    Opt-Outs are not entitled to any benefits of the settlement provided for in Part III. Any Opt-Outs who submit a Claim Form shall not be entitled to receive any benefit and his or her claim shall not be considered a Valid Claim.

(c)    Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Class Counsel and Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

6.4.    Objections. The Preliminary Approval Order and Notice Program shall advise the Settlement Class and Settlement Subclass of their rights to object to this Settlement individually or through counsel and to appear at the Final Approval Hearing. Class Members who wish to object to the fairness, reasonableness, or adequacy of the settlement or this Agreement, any request for attorneys' fees or attorneys' expenses, or any request for a Service Award shall submit a written notice of objection in accordance with the following procedures:

(a)    Opt-Outs may not object to the Settlement Agreement. Settlement Class Members and Settlement Subclass Members who wish to object must submit a written statement of objection to the Clerk of Court, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, postmarked or filed via the Court's electronic filing system (ECF), on or before the Objection Date.

(b)     To be valid, an objection must include: (a) a reference to this case, *Meyers, et al. v. BHI Energy Services, LLC, et al.*, Lead Case No. 1:23-cv-12513-LTS (D. Mass.), and the name of the presiding Judge, the Hon. Leo T. Sorokin; (b) the name, address, telephone number, and, if available, the email address of the Settlement Class Member or Settlement Subclass Member objecting, and if represented by counsel, their counsel's name, address, telephone number, email, and bar number; (c) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (d) a statement of whether they intend to appear at the Final Approval Hearing, either with or without counsel; (e) proof that the objector is a member of the Settlement Class or Settlement Subclass (*e.g.*, copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (f) a list of any other objections submitted by the Settlement Class Member or Settlement Subclass Member and their counsel (if he or she is represented by counsel), to any class actions submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years; and (g) the Settlement Class Member or Settlement Subclass Member's signature, even if the objection is submitted through counsel. If the Settlement Subclass Member, Settlement Subclass Member, or their counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, they shall affirmatively state so in the written materials provided in connection with the objection to this Settlement. This information is material to the Court's consideration of the Settlement; failure to include this information and documentation may be grounds for overruling and rejecting the objection. Any Settlement Class Member or Settlement Subclass Member who fails to timely submit a written objection prior to the Objection Date shall be deemed to have waived their objections, and those objections will not be considered by the Court.

(c)     Any Settlement Class Member or Settlement Subclass Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at their own expense. However, if the Settlement Class Member or Settlement Subclass Member wishes to object to the Settlement Agreement at the Final Approval Hearing (either personally or through counsel), the Settlement Class Member or Settlement Subclass Member must submit a timely written objection in compliance with the requirements in this Agreement. In addition, to appear in person or by counsel at the Final Approval Hearing, the objecting Settlement Class Member or Settlement Subclass Member must include in their objection a Notice of Intention to Appear. Settlement Class Members and Settlement Subclass Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement Agreement.

(d)     Any Settlement Class Member or Settlement Subclass Member who submits a written objection shall be bound by all terms of the Settlement and the Final Judgment Order if the Settlement Agreement is finally approved by the Court.

(e)     Class Counsel shall serve on Defendants' counsel and file with the Court any responses to written objections to the settlement received prior to the Final Approval Hearing.

6.5.    <u>Final Approval and Judgment</u>. After Preliminary Approval, the Notice Program being effectuated, the expiration of the Objection Date, and the expiration of the Opt-Out Date, a Final Approval Hearing shall be held on a date set by the Court. As part of the Motion for Preliminary Approval, Class Counsel shall request that the Final Approval Hearing be held no

fewer than one hundred twenty (120) days after the Preliminary Approval Order being entered. Class Counsel shall file a Motion for Final Approval at least 35 days before the Final Approval Hearing.

      6.6.   <u>Conditions Impacting Finality of Settlement</u>.

      (a)   The Parties expressly agree that in the event of any of the following conditions this Agreement shall be null and void *ab initio* and any order entered by the Court in furtherance of this settlement shall be treated as withdrawn or vacated by stipulation of the Parties, and Defendant shall have no further obligation under this Agreement: (i) the Court does not preliminarily approve the Settlement; (ii) the Court does not finally approve the Settlement; (iii) the Court does not enter the Final Judgment Order; (iv) the Court makes any modification to the Settlement Agreement not agreed to by both Parties (including by conditioning the Preliminary Approval Order or Final Judgment Order on any change not agreed to by both Parties)—except with respect to any rulings on attorneys' fees, attorneys' expenses, or Service Awards; (v) the Preliminary Approval Order or Final Approval Order is vacated, modified, or reversed, in whole or in part—except with respect to any rulings on any attorneys' fees, attorneys' expenses, or Service Awards; and/or (vi) this Settlement does not become final for any reason.

      (b)   The Settlement Agreement may be terminated and cancelled at the sole and exclusive discretion of Defendants if 125 or more members of the Settlement Class or Settlement Subclass timely and validly opt out, on the ground that exclusion at that level threatens to frustrate the essential purpose of this Agreement. Defendants may exercise their right to terminate this Settlement Agreement under this subsection by providing written notification to Class Counsel of their election within five (5) business days after the Claims Administrator has delivered the Opt-Out List to the Parties.

      (c)   If any of the conditions outlined in Paragraph 6.6.a, above, occur or if Defendants elect to terminate the Agreement pursuant to Paragraph 6.6.b, above, such that this settlement does not become final, the Parties shall proceed in all respects as if this Agreement had not been executed. Notwithstanding the foregoing, the denial of, an appeal of, a modification of, or a reversal on appeal of any attorneys' fees, attorneys' expenses, or Service Awards shall not constitute grounds for cancellation or termination of this Agreement.

      6.7.   <u>Effect if Settlement Not Approved or Agreement is Terminated</u>. This Agreement is entered into only for purposes of settlement. In the event that the Effective Date does not occur for any reason, including without limitation termination of this Agreement pursuant to Paragraph 6.6, or if Final Approval is reversed on appeal, then no term or condition of this Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect. Nor shall any such matter be used or referred to for any purposes whatsoever in the Litigation, or in any other proceeding; the Litigation may continue as if the settlement had not occurred; and the Parties shall be returned to their pre-settlement litigation posture. The Parties agree that all drafts, discussions, negotiations, documentation, or other information prepared in relation to this Agreement, and the Parties' settlement discussions, shall be treated as strictly confidential and may not, absent a court order, be disclosed to any person other than the Parties' counsel, and only for purposes of the Litigation.

## VII.   RELEASES

7.1.   <u>Releases</u>. Upon the Effective Date, each Settlement Class Member, Settlement Subclass Member, and Plaintiff, shall, by operation of the Final Judgment Order, have, fully, finally, and forever released, relinquished, and discharged all Released Claims, including, without limitation, Unknown Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, Settlement Subclass Member, and Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

7.2.   <u>Covenant Not to Sue</u>. Plaintiffs and every Settlement Class Member and Settlement Subclass Member agree and covenant not to sue any Released Person with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

7.3.   <u>No Admission of Liability</u>. This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and neither this Agreement nor the releases given herein, nor any consideration therefore, nor any actions taken to carry out this Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not limited to matters respecting class certification) on the part of any Party. Defendants expressly deny all allegations. Neither this Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by the Released Persons, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by the Released Persons in any proceeding, except that this Agreement may be offered or received in evidence in such proceedings as may be necessary to consummate, interpret, or enforce this Agreement.

## VIII.   ADDITIONAL PROVISIONS

8.1.   <u>No Collateral Attack</u>. This Agreement shall not be subject to collateral attack by any individuals in the Settlement Class or Settlement Subclass or their representatives any time on or after the Effective Date. Prohibited collateral attacks shall include, but are not limited to, assertions that a Settlement Class Member or Settlement Subclass Member's claim should have been heard or decided by another forum or that a Settlement Class Member or Settlement Subclass Member's claim was improperly denied.

8.2.   <u>Non-Disparagement</u>. The Parties, Class Counsel, and Defendants' counsel agree that they will not make or cause to be made any statements that disparage Plaintiffs, Defendants or their employees, or any of the other Released Persons. The Parties, Class Counsel, and Defendants' counsel also agree that they will not encourage any person to disparage Plaintiffs, Defendants or their employees, or any of the other Released Persons. Disparagement includes, but is not limited to, statements made by an Internet posting or use of social media. Disparagement

does not include statements that recite or refer to the Allegations of the Lawsuit or terms of the Agreement. Nor does it include any good faith claim or allegation of a legal violation in the future.

8.3.    Cooperation. The Parties acknowledge that it is their intent to consummate this Agreement. All the Parties, their successors and assigns, and their attorneys agree to work reasonably and cooperatively in order to obtain Court approval of this Agreement and to effectuate the Settlement, and to provide declarations to facilitate the Court's preliminary approval and final approval of the Settlement Agreement. The Parties further agree to cooperate in the Claims Administration process and implementation of the Settlement Agreement and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration and implementation of the Settlement Agreement.

8.4.    Authorization of Class Counsel. Class Counsel, on behalf of the Settlement Class and Settlement Subclass, are expressly authorized by the Class Representatives to take all appropriate actions required or permitted to be taken by the Settlement Class and Settlement Subclass pursuant to the Settlement Agreement to effectuate its terms, and which Class Counsel deems appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class and Settlement Subclass, consistent with the terms of this Agreement.

8.5.    Finality. The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement Agreement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Parties each agree that the Settlement Agreement was negotiated in good faith by the Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties reserve their rights to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

8.6.    Change of Time Periods. The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendants' counsel. For the avoidance of doubt, any change to the time periods and/or dates described in this Agreement with respect to the giving of notices and hearings is not a condition impacting finality of settlement within the scope of Paragraph 6.7.

8.7.    Time for Compliance. If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday, or Court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

8.8.    Governing Law. This Agreement is intended to and shall be governed by federal law and the laws of the Commonwealth of Massachusetts, without regard to conflicts of law principles.

8.9.    <u>Entire Agreement</u>. The terms and conditions set forth in this Agreement and its exhibits constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement constitutes the complete and exclusive statement of its terms as between the Parties, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving the interpretation of this Agreement. In executing this Agreement, the Parties acknowledge that they have not relied upon any oral or written understandings, negotiations, agreements, statements, or promises that are not set forth in this Agreement. The Parties also acknowledge and agree that each has been represented by their own counsel with respect to the negotiating and drafting of this Settlement and this Agreement. All exhibits to this Agreement as set forth herein are integrated herein and are to be considered terms of this Agreement as if fully set forth herein.

8.10.    <u>Modifications</u>. Any amendment or modification of the Agreement must be in writing signed by all the Parties to this Agreement or their counsel. The Parties agree that nonmaterial amendments or modifications to this Agreement may be made in writing after Preliminary Approval without the need to seek the Court's approval. If the Court indicates, prior to preliminary approval or final approval, that the Settlement will not be approved unless certain changes are made, the Parties will attempt in good faith to reach an agreement as to any such changes prior to withdrawing from this Agreement. However, all modifications are at the absolute discretion of the Parties. Further, if no such agreement can be reached within thirty (30) days after the Court indicates that the Settlement will not be approved unless certain changes are made, then the Class Representatives or Defendants may terminate and withdraw from this Agreement, pursuant to Part VI. Notwithstanding the foregoing, the denial of, an appeal of, a modification of, or a reversal on appeal of any attorneys' fees, attorneys' expenses, or Service Awards shall not constitute grounds for cancellation or termination of this Agreement. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of this Agreement or the Preliminary Approval Order. The Court has no power to make any modification whatsoever to this Agreement without the express, written consent of both Parties.

8.11.    <u>No Admissions</u>. If this Agreement does not become effective or is cancelled, withdrawn, or terminated for any reason, including as set forth in Part VI, it shall be deemed a negotiation for settlement purposes only and will not be admissible in evidence or usable for any purposes whatsoever in the Litigation or any proceedings between the Parties or in any other action related to the Released Claims or otherwise involving the Parties or any Released Persons. Nothing in this Agreement may be construed as, or may be used as, an admission by the Class Representatives that any of their claims are without merit. Nothing in this Agreement may constitute, may be construed as, or may be used as an admission by Defendants of any fault, wrongdoing, or liability whatsoever, or that class certification is appropriate. Defendants continue to affirmatively deny all liability and all the claims, contentions, Released Claims, and each and every allegation made by the Class Representatives in the Litigation.

8.12.    <u>Advice of Counsel</u>. The terms of this Agreement have been arrived at by mutual agreement after extensive arm's-length, bilateral negotiations, with consideration by and participation of all Parties and their counsel. The presumption found in the law that uncertainties

in contracts are interpreted against the party that drafted the contract is hereby waived by all Parties.

8.13.    <u>No Tax Advice</u>. Neither Class Counsel nor Defendants' counsel intends anything contained herein to constitute legal advice regarding the tax consequences of any amount paid hereunder; nor shall it be relied upon as such.

8.14.    <u>Tax Forms</u>. Notwithstanding anything else in this Agreement, the Claims Administrator shall have no obligation to pay any Attorneys' Fees or Expenses to Class Counsel or Service Awards to any Class Representative, unless Class Counsel and the Class Representatives have provided the Claims Administrator with complete and correct IRS W-9 tax forms.

8.15.    <u>Conflicts</u>. In the event of a conflict between this Agreement and any other document prepared pursuant to the settlement, the terms of this Agreement supersede and control.

8.16.    <u>No Waiver</u>. Any failure by any Party to insist upon the strict performance by any other Party of any provision of this Agreement shall not be deemed a waiver of any provision of this Agreement and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of all the provisions of this Agreement.

8.17.    <u>Warranties</u>. Each signatory to this Agreement hereby warrants that he/she has the authority to execute this Agreement and thereby bind the respective Party. The Class Representatives warrant and represent that they are the sole and lawful owners of all rights, title, and interest in and to all the Released Claims and that they have not, by operation of law or otherwise, sold, assigned, or transferred or purported to sell, assign, or transfer to any other person or entity any Released Claims or any part or portion thereof.

8.18.    <u>Binding Effect of the Agreement</u>. This Agreement shall be valid and binding as to the Parties and their respective heirs, legal representatives, executors, administrators, successors, and assigns upon signing by all Parties.

8.19.    <u>Execution in Counterparts</u>. This Agreement shall become effective upon its execution by all the undersigned. The Parties may execute this Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

8.20.    <u>Enforcement of this Agreement</u>. If the Court grants final approval of this Settlement Agreement, it shall enter the Final Judgment Order. The Court shall retain jurisdiction solely to enforce, interpret, and implement this Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement Agreement. The Court shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Claims Administrator. As part of its

agreement to render services in connection with this Settlement, the Claims Administrator shall consent to the jurisdiction of the Court for this purpose.

8.21.  <u>Notices</u>. All notices to the Parties or counsel required by this Agreement shall be made in writing and communicated by mail and email to the following addresses:

If to Plaintiffs or Class Counsel:

William B. Federman
Federman & Sherwood
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Email: wbf@federmanlaw.com

A. Brooke Murphy
Murphy Law Firm
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989
Email: abm@murphylegalfirm.com

If to Defendants or Defendants' counsel:

Michael J. Stortz
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Email: michael.stortz@klgates.com

Wesley A. Prichard
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-8969
Email: wesley.prichard@klgates.com

8.22.  <u>Confidentiality</u>.

(a)    The Parties, Class Counsel, and Defendants' counsel agree to keep the existence and contents of this Agreement confidential until the filing of the motion for Preliminary Approval. All other settlement communications shall remain confidential. This provision will not prevent the disclosure of the Agreement prior to the filing of the motion for Preliminary Approval with the Court to (1) the Released Persons, the Released Persons' independent accountants, the Released Persons' existing or potential insurers or reinsurers, experts retained for the purposes of this Litigation, or any existing or potential investor of or any existing or potential lender to any of

the Released Persons; (2) the Claims Administrator; and/or (3) any person or entity that the Parties agree in writing must have access to it in order to effectuate the Settlement.

(b)    Nothing in this Agreement will be construed to prohibit communications between Defendants and any of the other Released Persons about the Settlement or any related topic.

(c)    If contacted by an individual in the Settlement Class or Settlement Subclass regarding their rights under this Agreement, any Released Person shall refer the Settlement Class or Settlement Subclass Member to Class Counsel. At no time shall any of the Parties or their counsel or their agents seek to solicit Settlement Class Members or Settlement Subclass Members or any other persons to submit written objections to the Settlement Agreement; discourage Settlement Class Members or Settlement Subclass Members from participating in the Settlement; or encourage Settlement Class Members or Settlement Subclass Members or any persons to appeal from the Preliminary Approval Order and/or the Final Judgment Order. Except for the limitations on communications set forth in this paragraph, Released Persons may continue to communicate with Settlement Class Members and Settlement Subclass Members in the regular and ordinary course of business.

(d)    The Class Representatives and Class Counsel agree that the discussions and the information exchanged in the course of negotiating this Agreement are confidential and were made available on the condition that they not be disclosed to third parties (other than experts or consultants retained by Class Counsel in connection with the Litigation), that they not be the subject of public comment, and that they not be publicly disclosed or used by the Class Representatives or Class Counsel in any way in the Litigation or in any other proceeding.

8.23.    <u>Confidential Documents</u>. The Parties reaffirm their obligation to comply with the Confidential Agreement for Mediation. Class Counsel are entitled to retain an archival copy of the entire file (paper and/or electronic), including all pleadings, motion papers, legal memoranda, correspondence, discovery, and attorney work product, even if such materials contain material designated as confidential, provided that Class Counsel complies with all aspects of the Confidential Agreement for Mediation, until thirty (30) months after the Effective Date. Thirty (30) months after the Effective Date, Class Counsel shall destroy all copies of material designated as confidential, whether hard-copy or electronic.

8.24.    <u>Exhibits</u>. The Exhibits to the Agreement are an integral part of the Settlement and are hereby incorporated and made part of the Agreement.

8.25.    <u>Complete Resolution</u>. The Parties intend for this Agreement to be a complete and final resolution of all disputes between them with respect to the Litigation.

**APPROVED AND AGREED:**

BY PLAINTIFFS:                                   BY DEFENDANTS

*Michael A Meyers*

————————————————              ————————————————

Michael Meyers                                   Brian J. Smith

                                                 President, BHI Energy Services LLC & BHI
                                                 Energy Specialty Services LLC

————————————————

Daniel Muske

*Gary Kaplan*

————————————————

Gary Kaplan

————————————————

Kim Wever

————————————————

Joshua Pyfrom

————————————————

Lashawntae Washington

————————————————

Ted Melton

**APPROVED AND AGREED:**

BY PLAINTIFFS:                          BY DEFENDANTS

_____          _____

Michael Meyers                          Brian J. Smith

                                        President, BHI Energy Services LLC & BHI
                                        Energy Specialty Services LLC

_____
2710549A308B47C...          _____

Daniel Muske


_____

Gary Kaplan

_____
E1EC0893962E45F...

Kim Wever

_____
CFEFE698C1654AE...

Joshua Pyfrom


_____

Lashawntae Washington


_____

Ted Melton

28

**APPROVED AND AGREED:**

BY PLAINTIFFS:                          BY DEFENDANTS

_____                 _____

Michael Meyers                          Brian J. Smith

                                        President, BHI Energy Services LLC & BHI
                                        Energy Specialty Services LLC

_____

Daniel Muske


_____

Gary Kaplan

*Kim Wever*
Kim Wever (Nov 11, 2024 08:53 AKST)
_____

Kim Wever


_____

Joshua Pyfrom


_____

Lashawntae Washington

*Ted Melton*
Ted Melton (Nov 13, 2024 12:11 CST)
_____

Ted Melton

**APPROVED AND AGREED:**

BY PLAINTIFFS:                              BY DEFENDANTS

_____                    _____

Michael Meyers                             Brian J. Smith

                                           President, BHI Energy Services LLC & BHI
                                           Energy Specialty Services LLC

_____

Daniel Muske


_____

Gary Kaplan


_____

Kim Wever


_____

Joshua Pyfrom

DocuSigned by:

*Lashawntae Washington*

DC658A5A868D41E...
_____

Lashawntae Washington


_____

Ted Melton

**APPROVED AND AGREED:**

BY PLAINTIFFS:                        BY DEFENDANTS

_____

Signed by:

*Brian J. Smith*

1FF140D7CFA74BA...

_____        _____

Michael Meyers                        Brian J. Smith

President, BHI Energy Services LLC & BHI
Energy Specialty Services LLC

_____

Daniel Muske

_____

Gary Kaplan

_____

Kim Wever

_____

Joshua Pyfrom

_____

Lashawntae Washington

_____

Ted Melton

**APPROVED AS TO FORM:**

**By Class Counsel for Plaintiffs:**                    **By Counsel for Defendants:**

_____                    _____
William B. Federman                                     Michael J. Stortz
*Interim Class Counsel*                                 *Counsel for BHI*



_____
A. Brooke Murphy
*Interim Class Counsel*

**APPROVED AS TO FORM:**

**By Class Counsel for Plaintiffs:**                    **By Counsel for Defendants:**


_____                      _____
William B. Federman                                   Michael J. Stortz
*Interim Class Counsel*                               *Counsel for BHI*


_____
A. Brooke Murphy
*Interim Class Counsel*

**APPROVED AS TO FORM:**

**By Class Counsel for Plaintiffs:**          **By Counsel for Defendants:**

Signed by:

*Michael J. Stortz*

6444F05C57E340C...

_____          _____
William B. Federman                Michael J. Stortz
*Interim Class Counsel*            *Counsel for BHI*


_____
A. Brooke Murphy
*Interim Class Counsel*

# APPENDIX A[3]

## SETTLEMENT TIMELINE

| | |
|---|---|
| **From Order Granting Preliminary Approval** | |
| | |
| BHI provides list of Settlement Class Members to the Claims Administrator | +7 days |
| BHI pays cost of Notice | +21 days |
| Notice Commencement Date | +30 days |
| | |
| **From Notice Commencement Date** | |
| | |
| Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses | +45 days |
| Objection Deadline | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Opt-Out Deadline | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Optional Reminder Notice | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Claims Deadline | +150 days (*i.e.*, 180 days after Order Granting Preliminary Approval) |
| Final Approval Hearing | At least 120 days from Order Granting Preliminary Approval |
| Motion for Final Approval | At least 35 days before Final Approval Hearing |
| | |
| **From Order Granting Final Approval** | |
| | |
| Effective Date | +30 days, assuming no appeals or objections (*See* ¶ 2.21 for definition) |
| BHI pays remaining Settlement Payment | +14 days after the Effective Date |
| Payment of Attorneys' Fees and Expenses and Class Representative Service Awards | +21 days after the Effective Date |

---

[3] This Appendix A is intended only to serve as a convenient reference and does not add to, subtract from, or otherwise modify the terms of the Settlement Agreement. In the event of conflict between this Appendix A and the text of the Settlement Agreement, the text of the Settlement Agreement controls.

# Exhibit A

## CLAIM FORM

*Meyers, et al. v BHI Energy Services, LLC. et al.*
*Case No. 1:23-cv-12513-LTS*

**If you are a resident of the United States and were sent a notice letter from BHI Energy Services, LLC and/or BHI Energy I Specialty Services LLC ("BHI" or "Defendants"), which was not returned as undeliverable and which notified you that your Private Information may have been compromised in a data breach incident (the "Data Incident") between May 30, 2023 and July 7, 2023, use this form to make a claim for Documented Out-Of-Pocket Losses, and/or reimbursement of Lost Time, CCPA Payment and/or Identity Theft Protection and Credit Monitoring Services, or a one-time Pro Rata Cash Payment.**

## GENERAL INSTRUCTIONS

If you fit the above description and are a member of the Settlement Class, you are eligible to complete this Claim Form to request reimbursement for Documented Out-Of-Pocket Losses as a result of the Data Incident up to a maximum of $7,500 per person, compensation for up to 4 hours of Lost Time at $25 per hour for time spent reasonably related to mitigating the effects of the Data Incident, $100 CCPA Payment, two (2) years of three-bureau Identity Theft Protection and Credit Monitoring Services, and a *Pro Rata* Cash Payment.

Please read the Claim Form carefully and answer all questions. Failure to provide the required information could result in a denial of your claim. This Claim Form can be completed and submitted with the required documentation on the Settlement Website at **www.BHIdatabreach.com** or mailed to the address below. **Claim Forms must be submitted on or before [Claims Deadline].** Please legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to the address below. Documentation provided in support of your claim will not be returned, please retain copies of your documents for your personal records.

*BHI Energy Services Data Breach Settlement*
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

---

### I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Claims Administrator if your contact information changes after you submit this form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

**Mailing Address**

| **City** | **State** | **Zip Code** |
|---|---|---|

| **Email Address** | **Telephone Number** |
|---|---|

## II. PROOF OF CLASS MEMBERSHIP

I certify that I reside in the United States and received notice from BHI that my ☐ YES ☐ NO
Private Information may have been compromised in a data breach incident between May 30, 2023, to July 7, 2023
("Settlement Class Member").

I certify that I reside in the State of California and am a California Subclass Member and ☐ YES ☐ NO
received notice from BHI that my Private Information may have been compromised in a data breach incident
between May 30, 2023, to July 7, 2023 ("California Subclass").

Enter the seven-digit Notice ID Number printed above your name and address on your mailed Notice <u>or</u> the last four
digits of your Social Security Number:

| | |
|---|---|
| **Notice ID Number** | **Social Security Number (last four digits)** |

## III. IDENTITY THEFT PROTECTION AND CREDIT MONITORING SERVICES

I wish to receive two (2) years of Identity Theft Protection and Credit Monitoring Services.  ☐ YES ☐ NO

## IV. DOCUMENTED OUT-OF-POCKET LOSSES

Complete this section of the Claim Form to be reimbursed for Documented Out-Of-Pocket Losses that you
incurred as a result of the Data Incident, up to a maximum of $7,500.00. Documentation to substantiate your
claim(s) is required and must accompany your Claim Form.

| Documented Out-of-Pocket Loss Description | Date | Dollar Amount | Support Documentation Description |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**To qualify for Documented Out-Of-Pocket Loss Reimbursements, documentation must be provided for
each claimed Out-Of-Pocket expense listed above.**

## V. LOST TIME

Complete this section of the Claim Form to receive compensation for up to four (4) hours of Lost Time at $25 per
hour for time spent reasonably related to mitigating the effects of the Data Incident.

I am claiming Lost Time in the total hours (rounding up to the next hour) indicated below:

☐ **1 Hour ($25)**    ☐ **2 Hours ($50)**    ☐ **3 Hours ($75)**    ☐ **4 Hours ($100)**

**The below attestation is required to be eligible for compensation for Lost Time.**

⬭    I attest and affirm to the best of my knowledge and belief that any claimed Lost Time was spent reasonably related to mitigating the effects of the Data Incident.

## VI.  CCPA PAYMENT

Complete this section of the Claim Form if you are a California Subclass Member seeking the CCPA Payment Benefit.

⬭    I attest and affirm to the best of my knowledge and belief that I am a California Subclass Member and would like to claim the *pro rata* $100 CCPA Payment Benefit.

## VII.  PRO RATA PAYMENT

Complete this section of the Claim Form if you are a Settlement Class Member and are seeking the *Pro Rata* Cash Payment Benefit.

⬭    I attest and affirm to the best of my knowledge and believe that I am a Settlement Subclass Member and would like to claim the *pro rata* Cash Payment.

## VIII.  PAYMENT SELECTION

Please select **<u>one</u>** payment method for receipt of any Settlement payment to which you are determined eligible:

☐ **PayPal -** Enter your PayPal account email address: _____

☐ **Venmo -** Enter your Venmo account mobile number: __ __ __ -__ __ __ -__ __ __ __

☐ **Zelle -** Enter your Zelle mobile number or email address:

Mobile Number: __ __ __ -__ __ __ -__ __ __ __    or Email Address: _____

☐ **Virtual Prepaid e-Mastercard -** Enter your email address: _____

☐ **Physical Check -** Payment will be mailed to the address provided above.

## IX.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____        _____        _____
              Signature                                              Printed Name                                                 Date

**PLEASE MAKE SURE YOUR CLAIM FORM IS COMPLETE, SIGNED, AND INCLUDES
DOCUMENTATION TO SUPPORT ANY OUT-OF-POCKET LOSSES BEING CLAIMED.**

**THE CLAIM FORM MUST BE POSTMARKED FOR MAIL
OR SUBMITTED ONLINE ON OR BEFORE <mark>CLAIMS DEADLINE</mark>.**

# **Exhibit B**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL MEYERS, DANIEL MUSKE, GARY KAPLAN, KIM WEVER, JOSHUA PYFROM, LASHAWNTAE WASHINGTON, and TED MELTON, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>BHI ENERGY SERVICES, LLC and BHI ENERGY I SPECIALTY SERVICES LLC,<br><br>      Defendants. | Lead Case No. 1:23-cv-12513 |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*THIS IS A COURT-AUTHORIZED NOTICE.  IT IS NOT A NOTICE OF A LAWSUIT AGAINST YOU OR A SOLICITATION FROM A LAWYER.*

### PLEASE READ THIS NOTICE CAREFULLY

**If you are a resident of the United States and were sent a notice letter from BHI Energy Services, LLC and BHI Energy I Specialty Services LLC ("BHI" or "Defendants"), which was not returned as undeliverable and which notified you that your Private Information may have been compromised in a data breach incident (the "Data Incident") between approximately May 30, 2023 and July 7, 2023, you are eligible to participate in a proposed class action lawsuit settlement ("Settlement Class").**

A proposed Settlement has been reached in a class action lawsuit against BHI. The lawsuit asserted claims against BHI arising out of or related to the Data Incident that BHI advised you of on or about October 18, 2023.

If you are a member of the Settlement Class or California Subclass, you have the following options:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A VALID CLAIM BY [CLAIMS DEADLINE]** | You must submit a valid Claim Form to receive Settlement benefits, including reimbursement for documented Out-of-Pocket expenses incurred as a result of the Data Incident, up to a maximum of $7,500 per person; compensation for up to 4 hours of Lost Time at $25 per hour for time spent reasonably related to mitigating the effects of the Data Incident, CCPA Payment of $100, Pro-Rata Cash Payment and 2 years of Identity Theft Protection and Credit Monitoring. |

1

| **DO NOTHING** | You will receive no benefits from the Settlement and will no longer be able to sue the Released Persons,[1] including BHI over the claims resolved in the Settlement. |
|---|---|
| **SUBMIT A WRITTEN OPT-OUT BY [OPT-OUT DATE]** | Submit a written notice of your intent to be excluded from the Settlement. You will receive no benefits from the Settlement, but you will retain your legal claims against the Released Parties. |
| **FILE AN OBJECTION BY [OBJECTION DATE]** | Write to the Court about why you do not like the Settlement. You must remain in the Settlement Class to object to the Settlement. |
| **GO TO A HEARING ON FINAL APPROVAL DATE** | Ask to speak in Court about the fairness of the Settlement. |

No payments or other Settlement benefits will be issued until after the Court gives final approval to the Settlement and any appeals are resolved.

You can learn more about the Settlement by visiting **www.BHIdatasettlement.com** or by calling 1-8XX-XXX-XXXX.

## **Further Information about this Notice and the Lawsuit**

| **1.    Why did I receive a Notice in the mail?** |
|---|

The Postcard Notice you received in the mail was sent to inform you of the proposed Settlement because you may be a member of the Settlement Class eligible to receive benefits. The class action lawsuit is *Meyers, et al., v. BHI Energy Services, LLC, et al.* Case No. 1:23-cv-12513-LTS in the United States District Court for the District of Massachusetts the ("Lawsuit"). The Court overseeing the Lawsuit authorized this Notice to advise Settlement Class Members about the proposed Settlement that will affect their legal rights. The Notice explains certain legal rights and options you have in connection with that Settlement.

| **2.    What is the Lawsuit about?** |
|---|

The proposed class action Lawsuit is brought on behalf of all natural persons residing in the United States who were sent a notice letter by BHI, which was not returned as undeliverable and which notified them that their Private Information may have been compromised in a Data Incident between May 30, 2023 and July 7, 2023.

---

[1] The Released Persons means Defendants and their current and former parent companies, subsidiaries, affiliates, divisions, and current and former affiliated individuals and entities, legal successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint ventures, and each and all of their respective officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, vendors, investors, and funds, past, present, and future, and all persons acting under, by, through, or in concert with any of them.

2

For more information visit www.BHIdatasettlement.com or call toll-free 1-8XX-XXX-XXXX.

### 3.    Why is the Lawsuit a class action?

In a class action, one or more representative plaintiffs bring a lawsuit on behalf of all others who are alleged to have similar claims.  Together, these people are the "Class" and each individually is a "Class Member."  In this case the Plaintiffs or "Class Representatives" are Michael Meyers, Daniel Muske, Gary Kaplan, Kim Wever, Joshua Pyfrom, Lashawntae Washington, and Ted Melton. The companies being sued, in this case BHI Energy Services, LLC and BHI Energy I Specialty Services LLC are known as the Defendants.

### 4.    Why is there a Settlement?

The Plaintiffs in the Lawsuit, through their attorneys (known as "Class Counsel"), investigated the facts and law relating to the issues in the Lawsuit. The Plaintiffs and Class Counsel believe that the Settlement is fair, reasonable, and adequate and will provide substantial benefits to the Class.

The Court has not decided whether the Plaintiffs' claims or BHI's defenses have any merit, and it will not do so if the proposed Settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid timely claims will receive benefits from the Settlement. The Settlement does not mean that BHI did anything wrong, or that the Plaintiffs and the Settlement Class would or would not win the case if it were to go to trial.

## Terms of the Proposed Settlement

### 5.    Who is in the Settlement Class?

The Settlement Class means all U.S. residents who were sent breach notice letters by BHI and whose breach notice letter was not returned as undeliverable.

The Settlement Class includes a California Subclass, which means all California residents who were sent breach notice letters by BHI and whose breach notice letter was not returned as undeliverable.

The Settlement Class specifically excludes: (a) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; (b) counsel for the Parties, any member of their respective staffs who worked directly on the Litigation, and any member of their immediate families; (c) any government entity; (d) any entity in which BHI has a controlling interest; and (e) any of BHI's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns.

### 6.    What are the Settlement benefits?

Class Members shall have the opportunity to submit a Claim Form for certain claimed benefits. The claimed benefits, as described below, shall include: (a) Reimbursement of attested time spent addressing the Data Incident; (b) Out-of-Pocket Losses; (c) Credit Monitoring and Identity-Protection Services; (d) CCPA Payment; and (e) a Pro Rata Cash Payment.

**Reimbursement of Lost Time**: All Settlement Class Members may submit a claim for reimbursement of Lost Time up to four (4) hours at twenty-five dollars ($25) per hour. Settlement

Class Members can receive reimbursement of Lost Time with an attestation that the time spent was in response to the Data Incident.

**Out-of-Pocket Losses:** Every Settlement Class Member may submit a claim for up to $7,500 each for documented out-of-pocket expenses and losses, which are unreimbursed costs, expenditures, or losses incurred by a Settlement Class Member that are fairly traceable to the Data Incident ("Out-of-Pocket Losses"). Out-of-Pocket Losses may include, without limitation, the following: (1) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of a Settlement Class Member's Social Security Number; (2) unreimbursed costs incurred on or after May 30, 2023, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (3) other unreimbursed miscellaneous expenses incurred related to any Out-of-Pocket Expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges; (4) other mitigative costs that were incurred on or after May 30, 2023, through the date of the Settlement Class Member's claim submission; and (5) unpaid time off work to address issues fairly traceable to the Data Incident at the actual hourly rate of that Settlement Class Member.

**CCPA Payment**: California Subclass Members may submit a claim for a $100.00 cash payment for the CCPA claim they have brought against Defendants as California residents. The CCPA payment may be *pro rata* decreased if insufficient funds remain in the portion of the Settlement Fund set aside for the CCPA Payments following the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, the CAFA Notice, claims for Out-of-Pocket Losses, and claims for Lost Time.

***Pro Rata* Cash Payment**: All Settlement Class Members may file a claim for a *pro rata* portion of the Settlement Fund. The amount of this benefit shall be based on the number of claims received and the amount of funds remaining in the Settlement Fund following the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, the CAFA Notice, the cost of Credit Monitoring and Identity-Protection Services, claims for Out-of-Pocket Losses, claims for Lost Time, and claims for CCPA Payments. The *Pro Rata* Cash Payment is intended to exhaust all funds remaining in the Settlement Fund. If for any reason there are residual funds, they shall be distributed *cy pres* to the non-profit organization National Cybersecurity Alliance. No residual funds will revert to Defendants.

**Credit Monitoring and Identity-Protection Services Benefit**: All members of the Settlement Class may apply for credit monitoring and identity-protection services for a period of 24 months from the date a member of the Settlement Class claims the offer. Identity Defense will include a minimum of the following features: (1) identity theft insurance (with a $1,000,000 policy limit); (2) real-time credit monitoring services; and (3) access to fraud resolution agents. The costs for such services will be paid from the Settlement Fund.

**Business Practice Commitments**: In addition to the above Settlement benefits, Defendants have agreed to remedial enhancements to their data security practices and systems, the cost of which totals approximately $6,400,000.00. These Business Practice Commitments include: (1) implementing and maintaining multi-factor authentication on Defendants' remote access virtual private network; (2) extending Defendants' deployment of endpoint detection and response

4

within its systems; (3) extending Defendants' deployment of antivirus software within its systems; (4) decommissioning legacy and unused systems; and (5) taking offline from Defendants' corporate systems data related to former employees within seven (7) years of the termination of the employer-employee relationship.

| 7. | What claims are Settlement Class Members giving up under the Settlement? |
|---|---|

Settlement Class Members who do not validly exclude themselves from the Settlement will be bound by the Settlement Agreement and any final judgment entered by the Court and will give up their right to sue the Released Persons for the claims being resolved by the Settlement.

The claims that are being released and the persons and entities being released from those claims are described in the Settlement Agreement.  To view the Settlement Agreement, please visit **www.BHIdatasettlement.com**.

## Your Options as a Settlement Class Member

| 8. | If I am a Settlement Class Member, what options do I have? |
|---|---|

If you are a Settlement Class Member, you do not have to do anything to remain in the Settlement Class.

However, if you wish to be eligible for Settlement Benefits, you **must** complete and submit a Claim Form postmarked or submitted online **by [Claims Deadline]**. You may download or submit a Claim Form online at **www.BHIdatasettlement.com**.

If you do not want to give up your right to sue the Released Parties related to the Data Incident or the issues raised in this case, you must exclude yourself (or "Opt-Out") from the Settlement Class. *See* Question 12 below for instructions on how to exclude yourself.

If you object to the Settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and file a written objection in this case with the Court. (*See* Question 15 below.) If you object, you must still submit a claim if you want compensation for unreimbursed losses or credit monitoring services.

| 9. | What happens if I do nothing? |
|---|---|

If you do nothing, you will get no benefit from this Settlement. Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Parties related to the claims released by the Settlement.

| 10. | How do I submit a claim? |
|---|---|

You may complete the Claim Form online at **www.BHIdatasettlement.com.** You may also obtain a paper Claim Form by downloading it at **www.BHIdatasettlement.com** or by calling the Claims Administrator at **1-8XX-XXX-XXXX**. If you choose to complete a paper Claim Form, you may

5

For more information visit www.BHIdatasettlement.com or call toll-free 1-8XX-XXX-XXXX.

either submit the completed and signed Claim Form and any supporting materials electronically at **www.BHIdatasettlement.com**, via email at: **SettlementEmail@atticusadmin.com**, or mail them to:

BHI Energy Services Data Breach Settlement
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

| 11. | Who decides my Settlement claim and how do they do it? |
|---|---|

The Claims Administrator will initially decide whether a Claim Form is complete and valid and includes all required documentation. The Claims Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

| 12. | How do I exclude myself from the Settlement? |
|---|---|

If you wish to Opt Out of the Settlement Class, you must individually sign and timely submit written notice of such intent and send it by mail to the Claims Administrator by **[Opt-Out Date]**. To be effective, the written opt-out notice must include the following: (a) the requestor's name, address and email address; (b) the requestor's physical signature; (c) the name and number of this Litigation, *Meyers, et al. v. BHI Energy Services, LLC, et al.*, Lead Case No. 1:23-cv-12513-LTS (D. Mass); and (d) a statement that clearly manifests his or her wish to be excluded from the Settlement Class for purposes of this settlement.

You must mail your request postmarked by **[Opt-Out Date]** to:

BHI Energy Services Data Breach Settlement
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

| 13. | If I exclude myself, can I receive a benefit from this Settlement? |
|---|---|

No. If you exclude yourself, you will not be entitled to any Settlement benefits. You will also not be bound by the terms of the Settlement Agreement.

| 14. | If I do not exclude myself, can I sue the Released Parties for the Incident later? |
|---|---|

No. Unless you exclude yourself, you give up any right to sue the Released Persons for the claims that this Settlement resolves. You must timely exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form requesting benefits from this Settlement.

For more information visit www.BHIdatasettlement.com or call toll-free 1-8XX-XXX-XXXX.

| 15. | How do I object to the Settlement? |
| --- | --- |

If you do not request exclusion from the Settlement Class, you have the right to object to the Settlement or any part of it. The Court will consider your views and decide whether to approve or reject the Settlement. You cannot ask the Court to order a different settlement. If the Court denies approval, no settlement benefits will be sent out and the lawsuit will continue.

Any objection to the proposed Settlement must be in writing and it and any supporting papers must be filed with the Clerk of Court and a copy mailed to Class Counsel and BHI's Counsel at the addresses listed below. Objections must be filed or postmarked no later than **[OBJECTION DATE]**.

| Class Counsel | BHI's Counsel |
| --- | --- |
| William B. Federman<br>**FEDERMAN & SHERWOOD**<br>10205 North Pennsylvania Ave.<br>Oklahoma City, OK 73120<br><br>A. Brooke Murphy<br>**MURPHY LAW FIRM**<br>4116 Will Rogers Pkwy, Suite 700<br>Oklahoma City, OK 73108 | Michael J. Stortz<br>**K&L GATES LLP**<br>Four Embarcadero Center, Ste. 1200<br>San Francisco, CA 94111<br><br>Wesley A. Prichard<br>**K&L GATES LLP**<br>210 Sixth Avenue<br>Pittsburgh, PA 15222<br><br>Robert W. Sparkes, III<br>**K&L GATES LLP**<br>One Congress Street, Ste. 2900<br>Boston, MA 02114 |

To be considered by the Court, your objection must be filed timely and include: (a) a reference to this case, *Meyers, et al. v. BHI Energy Services, LLC, et al.*, Lead Case No. 1:23-cv-12513-LTS (D. Mass.), and the name of the presiding Judge, the Hon. Leo T. Sorokin; (b) the name, address, telephone number, and, if available, the email address of the Settlement Class Member or Settlement Subclass Member objecting, and if represented by counsel, their counsel's name, address, telephone number, email, and bar number; (c) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (d) a statement of whether they intend to appear at the Final Approval Hearing, either with or without counsel; (e) proof that the objector is a member of the Settlement Class or Settlement Subclass (*e.g.*, copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (f) a list of any other objections submitted by the Settlement Class Member or Settlement Subclass Member, or their counsel, to any class actions submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years; and (g) the Settlement Class Member or Settlement Subclass Member's signature, even if the objection is submitted through counsel. If the Settlement Class Member, Settlement Subclass Member, or their counsel has not objected to any other class action

settlement in any court in the United States in the previous five (5) years, they shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

If you fail to object in this manner, you will be deemed to have waived and forfeited any and all rights you may have to appear separately and/or to object to the Settlement Agreement, and you shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions set forth in paragraph 6.4 of the Settlement Agreement.

## **Court Approval of the Settlement**

| **16.    How, when, and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold a Final Approval Hearing on **[FINAL HEARING DATE]** at **[HEARING TIME]** at the U.S. District Court for the District of Massachusetts, John J. Moakley Courthouse, One Courthouse Way, Boston, MA 02210, to decide whether to approve the Settlement. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who properly requested to speak at the hearing. The Court may also consider Plaintiffs' request for Attorneys' Fees and Costs, and Plaintiffs' request for a Service Award for the Class Representatives. After the hearing, the Court will decide whether to approve the Settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check **www.BHIdatasettlement.com** to confirm the schedule if you wish to attend.

| **17.    Do I have to attend the hearing?** |
| --- |

No. You do not need to attend the hearing. Class Counsel will represent the interests of the Settlement Class. If you object to the Settlement and wish to appear in person you are welcome to do so if your written objection was properly submitted pursuant to the instructions in Question 15. It is not necessary to appear in person to make an objection. You or your own lawyer are welcome to attend the hearing at your expense but are not required to do so.

| **18.    What happens if the Court approves the Settlement?** |
| --- |

If the Court approves the Settlement, there may still be appeals. If an appeal is taken, it is possible the Settlement could be disapproved on appeal or take time to resolve. We do not know how long this process may take.

For more information visit www.BHIdatasettlement.com or call toll-free 1-8XX-XXX-XXXX.

| 19. | What happens if the Court does not approve the Settlement? |
|---|---|

If the Court does not approve the Settlement, there will be no Settlement benefits available to Settlement Class Members, Class Counsel, or the Class Representatives, and the case will proceed as if no Settlement had been attempted.

## Lawyers for the Settlement Class and BHI

| 20. | Who represents the Settlement Class? |
|---|---|

The Settlement Class is represented by:

William B. Federman
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120

and

A. Brooke Murphy
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108

Settlement Class Members will not be charged for the services of Class Counsel; Class Counsel will be paid from the Settlement Fund, subject to Court approval. However, you may hire your own attorney at your own expense to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing, if you so choose.

| 21. | How will the lawyers for the Settlement Class be paid? |
|---|---|

Class Counsel will request an award of Attorneys' Fees and reimbursement of costs and expenses. Class Counsel will move the Court for an award of their reasonable attorneys' fees incurred in the Action in an amount not to exceed Six Hundred Thousand Dollars ($600,000.00), and reimbursement of litigation expenses of an amount not to exceed Forty-Five Thousand Dollars ($45,000.00).

Class Counsel will also seek approval from the Court for Service Award Payments of Two Thousand Five Hundred Dollars ($2,500.00) to each Class Representative in recognition of his or her contributions to this Action.

BHI's obligation for all payments required to be made under the Settlement Agreement shall not exceed One Million Five Hundred Thousand Dollars ($1,500,000.00). If the Court awards the Class Counsel Fee Award and Costs and the Class Representative Service Award described above, these award(s) and the costs to administer the Settlement will be deducted from the $1,500,000.00 Settlement Fund.

For more information visit www.BHIdatasettlement.com or call toll-free 1-8XX-XXX-XXXX.

| 22. | Who represents BHI in the Lawsuit? |
|---|---|

BHI is represented by:

Michael J. Stortz
**K&L GATES LLP**
Four Embarcadero Center, Ste. 1200
San Francisco, CA 94111

Wesley A. Prichard
**K&L GATES LLP**
210 Sixth Avenue
Pittsburgh, PA 15222

Robert W. Sparkes, III
**K&L GATES LLP**
One Congress Street, Ste. 2900
Boston, MA 02114

## **For Further Information**

| 23. | What if I want further information or have questions? |
|---|---|

For additional information, please visit **www.BHIdatasettlement.com**. You may also contact the Claims Administrator by mail, email or phone:

BHI Services Data Breach Settlement
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164
SettlementEmail@atticusadmin.com
1-8XX-XXX-XXXX

**PLEASE DO NOT CONTACT THE COURT OR BHI'S COUNSEL FOR
INFORMATION REGARDING THIS SETTLEMENT.**

10

For more information visit www.BHIdatasettlement.com or call toll-free 1-8XX-XXX-XXXX.

# Exhibit C

**LEGAL NOTICE
ONLY TO BE READ BY
THE INTENDED
RECIPIENT**

*A federal court has
authorized this Notice.*

*This is <u>not</u> a solicitation
from a lawyer.*

**SCAN THE QR CODE
BELOW FOR MORE
INFORMATION:**



BHI Energy Services Data Breach Settlement
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

## «ScanString»

Postal Service: Please do not mark barcode

Claimant ID: «Claimant ID»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»

**If BHI Energy Services Notified You of a Data Incident, You May Be Eligible for a CASH PAYMENT and Other Benefits from a Class Action Settlement.** *PLEASE VISIT www.BHIdatasettlement.com FOR MORE INFORMATION.*

**Why am I receiving this Notice?** A class action settlement in the case entitled *Meyers, et al., v. BHI Energy Services, LLC, et al.,* Case No.1:23-cv-12513, in the United States District Court for the District of Massachusetts, has been reached between the Plaintiffs and the Defendants, BHI Energy Services, LLC and BHI Energy I Specialty Services, LLC ("BHI"). The case concerns a data breach incident discovered by BHI between May 30, 2023, and July 7, 2023 (the "Data Incident"). BHI's records show they sent a notice to you about the Data Incident on or about October 18, 2023, which informed you that your Private Information may have been compromised by the Data Incident.

**Who's Included in the Settlement Class?** All United States residents who were sent breach notice letters by BHI and whose breach notice letter was not retuned as undeliverable. The Settlement Subclass Member or California Subclass Member means all California residents were sent breach notice letters by BHI and whose breach letter was not returned as undeliverable.

**What are the Settlement benefits?** The Settlement provides for payments to people who submit valid claims for reimbursement of documented out-of-pocket losses as a result of the Data Incident up to a maximum of $7,500 per person; reimbursement for up to 4 hours of lost time at $25 per hour for time spent reasonably related to mitigating the effects of the Data Incident; $100 CCPA Payment for California Subclass Members only; a Pro Rata Cash Payment; and 2 years of credit monitoring and identity theft protection services.

Please visit **www.BHIdatasettlement.com** for a full description of Settlement benefits and more information on how to submit a Claim Form. The deadline to submit a Claim Form is **[Claims Deadline].**

**What are my options? To receive payment, you must submit a Claim Form by [Claims Deadline].** The Claim Form can be found on the website **www.BHIdatasettlement.com**. If you do not want to be legally bound by the Settlement, you must **Opt-Out** of the Settlement by **[Opt-Out Date]**. If you want to **object** to the Settlement, you must file an objection by **[Objection Date]**. The Long Form Notice available on the Settlement Website explains how to submit a Claim Form, Opt-Out, or objection.

**The Court's Fairness Hearing.** The Court will hold a Fairness Hearing on **[Final Hearing Date],** to consider whether to approve the Settlement and a request for Service Awards and Class Counsel's attorneys' fees and expenses. You may appear at the hearing, either yourself or through an attorney hired by you, but you are not required to do so.

**For more information, please visit www.BHIdatasettlement.com or scan the QR Code at the right. You may also call toll-free 1-8XX-XXX-XXXX.**



Postage
Required

BHI Energy Services Data Breach Settlement
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

# CLAIM FORM

**Claims must be postmarked or filed online at www.BHIdatasettlement.com no later than [Claims Deadline].**

(*Note*: Claims for reimbursement of out-of-pocket losses require supporting documentation and must be submitted online at www.BHIdatasettlement.com or mailed to Atticus Administration with a separate Claim Form.)

NAME: <<first and last name>>               ADDRESS: <<address1, city, state, zip>>

## Settlement Benefits

1.   **Identity Theft Protection and Credit Monitoring:** I want to receive two (2) years of Identity Theft Protection and Credit Monitoring Services.   ☐ YES   ☐ NO

2.   **Lost Time**: Class Members may submit a Claim for Lost Time at a rate of $25/hour for time spent in response to the Data Incident, remedying fraud, identity theft, or other alleged misuse of personal information caused by the Data Incident or spent on preventative and remedial measures to protect personal information that were caused by the Data Incident. You may claim up to 4 hours of lost time at $25 per hour ($100 maximum) under this benefit.

I spent (rounding up to the hour): ☐ 1 Hour ($25) ☐ 2 Hours ($50) ☐ 3 Hours ($75) ☐ 4 Hours ($100)

3.   **CCPA Payment** *for California Residents Only*:

⬭   I attest and affirm to the best of my knowledge and belief that I am a California Subclass Member and would like to claim the *pro rata* $100 CCPA Payment Benefit.

**I declare under penalty of perjury that the information supplied in this claim form is true and correct to the best of my recollection.  I authorize the Settlement Administrator to contact me, using the contact information set forth above, to obtain any necessary supplemental information.**

_____ (signature)

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL MEYERS, *et al.*, <br>     Plaintiffs, <br><br> v. <br><br> BHI ENERGY SERVICES, LLC, *et al.*, <br>         Defendants. | Lead Case No. 1:23-cv-12513-LTS <br><br><br> **[PROPOSED] ORDER GRANTING** <br> **PRELIMINARY APPROVAL OF** <br> **CLASS ACTION SETTLEMENT** |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan ("Motion"). The Court has reviewed the Motion and the class Settlement Agreement ("Agreement") entered into by Plaintiffs and Defendants BHI Energy Services, LLC and BHI Energy I Specialty Services LLC (collectively, "Defendants" or "BHI") (together with Plaintiffs, the "Parties"), and it finds that the Motion should be **GRANTED**.[1]

    1.    The Court does hereby preliminarily and conditionally approve, for settlement purposes only, the following Settlement Class and California Subclass:

    <u>Nationwide Class.</u> All U.S. residents who were sent breach notice letters by BHI and whose breach notice letter was not returned as undeliverable.

    <u>California Subclass.</u> All California residents who were sent breach notice letters by BHI and whose breach notice letter was not returned as undeliverable.

Excluded from the Settlement Class and California Subclass are (a) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; (b) counsel for the Parties, any member of their respective staffs who worked directly on the

---

[1] Unless otherwise stated, all capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

Litigation, and any member of their immediate families; (c) any government entity; (d) any entity in which BHI has a controlling interest; and (e) any of BHI's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns.

2.     The Settlement provides that BHI will pay $1,500,000.00 to establish a non-reversionary Settlement Fund that will be used to cover any settlement benefits, Costs of Claims Administration, any Attorneys' Fees and Expenses Award, and any Service Award to Class Representatives. The Settlement also requires BHI to implement and/or maintain certain Business Practice Commitments designed to enhance BHI's data security, with a total cost of approximately $6,400,000.00 being incurred by BHI separate from the Settlement Fund.

3.     Subject to the terms and conditions set forth in the Settlement Agreement, the following Settlement benefits are available to Settlement Class Members who submit valid and timely Claim Forms:

   a.   Reimbursement of certain documented Out-of-Pocket Losses incurred as a result of the Data Incident, up to a maximum of $7,500 per person;

   b.   Compensation for lost time spent remedying issues related to the Data Incident at $25 per hour up to 4 hours for a maximum of up to $100 per person;

   c.   Two years of credit monitoring and identity theft protection services, with identity restoration insurance;

   d.   CCPA payments of $100 for each valid California Subclass claimant;

   e.   *Pro Rata* Cash Payments to valid claimants of any money remaining in the Net Settlement Fund after the payment of Settlement costs and other Settlement benefits.

4.     Based upon information provided and for settlement purposes only: the Settlement Class is ascertainable; it numbers approximately 88,408 individuals (including 2,514 California Subclass members), satisfying numerosity; there are common questions of law and fact, including

whether BHI's Data Incident potentially compromised the Class Representatives' and Settlement Class Members' Personal Information, satisfying commonality; the proposed Class Representatives' claims are typical, in that they are members of the Settlement Class and allege they received notice from BHI that their Personal Information was potentially compromised in BHI's Data Incident, thereby alleging they have been damaged by the same conduct as other Settlement Class Members; the proposed Class Representative and Class Counsel will fully, fairly and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a nationwide class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

5.      The Court appoints Michael Meyers, Daniel Muske, Gary Kaplan, Kim Wever, Joshua Pyfrom, Lashawntae Washington, and Ted Melton as the Class Representatives of the Settlement Class.

6.      The Court appoints as Class Counsel William Federman of Federman & Sherwood and A. Brooke Murphy of Murphy Law Firm.

7.      The Court appoints Atticus Administration, LLC as Claims Administrator.

8.      The Court does hereby preliminarily approve the Settlement, including the notices and releases contained therein as being fair, reasonable, and adequate as to the Settlement Class Members, subject to further consideration at the Final Approval Hearing described below.

9.      A Final Approval Hearing shall be held before the Court on _____, 202_, at ____ am/pm for the following purposes:

      a. To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

b. To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

c. To determine whether the claims process under the Settlement is fair and reasonable, and it should be approved by the Court;

d. To determine whether Plaintiffs' application for an Attorneys' Fees and Expenses Award and requested Service Awards for the Class Representatives should be approved; and

e. To rule upon such other matters as the Court may deem appropriate.

10. Plaintiffs' Motion for Final Approval shall be filed at least thirty-five (35) days before the Final Approval Hearing.

11. The Court approves, as to the form and content, the Long Notice, Short Notice, Claim Form, and Notice Program, and finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

12. The Complaint was commenced after February 18, 2005. The Court directs BHI to timely notify, through the Claims Administrator, the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (to the extent this has not already been done). Counsel for BHI or the Claims Administrator shall, at or before the Final Approval Hearing, file with the Court proof of compliance with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

13. The Claim Form submitted by each Settlement Class Member must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the Settlement Agreement.

14.     As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Agreement.

15.     All Settlement Class Members shall be bound by all determinations and judgments in this litigation concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Settlement Class and have not opted back in. The persons who timely and validly requested exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Agreement, shall not be entitled to submit any Claim, and shall not be bound by the Agreement or the Final Approval Order.

16.     Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiffs, and Settlement Class Members are barred and enjoined from filing, commencing or prosecuting any action asserting any Released Claims against Defendants.

17.     Any Settlement Class Member may enter an appearance, individually or, at their own expense, through counsel of their choice, in which case counsel must file with the Clerk of Court and deliver to Class Counsel and counsel for BHI a notice of such appearance no later than sixty (60) days after the Notice Deadline. If they do not enter an appearance, they will be represented by Class Counsel.

18.     Any Settlement Class Member may appear and show cause, if that Settlement Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an Attorneys' Fees and Expenses Award should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has filed with the Clerk of Court of the U.S. District Court for the District

of Massachusetts, and served concurrently upon Class Counsel and Counsel for Defendants, sufficient written objections and copies of all papers and briefs in support of any such objection. Objections must be filed by the Objection Deadline.

19.    Any written objection shall include: (a) a reference to this case, *Meyers, et al. v. BHI Energy Services, LLC, et al.*, Lead Case No. 1:23-cv-12513-LTS (D. Mass.), and the name of the presiding Judge, the Hon. Leo T. Sorokin; (b) the name, address, telephone number, and, if available, the email address of the Settlement Class Member or Settlement Subclass Member objecting, and if represented by counsel, their counsel's name, address, telephone number, email, and bar number; (c) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (d) a statement of whether they intend to appear at the Final Approval Hearing, either with or without counsel; (e) proof that the objector is a member of the Settlement Class or Settlement Subclass (*e.g.*, copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (f) a list of any other objections submitted by the Settlement Class Member or Settlement Subclass Member, or their counsel, to any class actions submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years; and (g) the Settlement Class Member or Settlement Subclass Member's signature, even if the objection is submitted through counsel. If the Settlement Subclass Member, Settlement Subclass Member, or their counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, they shall affirmatively state so in the written materials provided in connection with the objection to this Settlement. This information is material to the Court's consideration of the Settlement.

20.     Any person who does not make an objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court.

21.     Each Person wishing to opt out of the Settlement Class or Settlement Subclass shall individually sign (with a physical signature) and timely submit a written notice to the Claims Administrator of such intent by mailing it with a postmark by the Opt-Out Date to the designated Post Office box established by the Claims Administrator. To be effective, the written opt-out notice must include the following: (a) the requestor's name, address and email address; (b) the requestor's physical signature; (c) the name and number of this Litigation, *Meyers, et al. v. BHI Energy Services, LLC, et al.*, Lead Case No. 1:23-cv-12513-LTS (D. Mass); and (d) a statement that clearly manifests his or her wish to be excluded from the Settlement Class for purposes of this settlement. To be effective, written notice must be postmarked no later than the Opt-Out Date.

22.     This Order, the Agreement, and the Settlement, and any of their terms, whether or not it becomes final, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Defendants or any of the Released Parties; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Settlement Class Member; or (d) the propriety of certification of a class other than solely for the purposes of the Settlement. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement and the Settlement shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any court,

administrative agency, arbitration tribunal, or other forum of any kind of character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement. All rights of the Parties are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

23.    The Claims Administrator is directed to provide Notice to the Settlement Class Members, collect, process, review and determine the validity of all Claims, and otherwise perform its duties in accordance with the Agreement.

24.    In the event the Final Judgment Order is not entered by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, the Settlement, this Preliminary Approval Order, and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or any other case or controversy. In such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

25.    Counsel for the Parties are hereby authorized to use all reasonable procedures in connection with the administration of the Settlement that are not materially inconsistent with either this Preliminary Approval Order or the terms of the Settlement Agreement.

26.    All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Settlement Agreement and this Preliminary Approval Order.

27.    In addition to the deadlines imposed above, the Settlement Administrator and Parties shall abide by the following timeline:

| | |
|---|---|
| **From Order Granting Preliminary Approval** | |
| | |
| BHI provides list of Settlement Class Members to the Claims Administrator | +7 days |
| BHI pays cost of Notice | +21 days |
| Notice Commencement Date | +30 days |
| | |
| **From Notice Commencement Date** | |
| | |
| Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses | +45 days |
| Objection Deadline | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Opt-Out Deadline | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Optional Reminder Notice | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Claims Deadline | +150 days (*i.e.*, 180 days after Order Granting Preliminary Approval) |
| Final Approval Hearing | At least 120 days from Order Granting Preliminary Approval |
| Motion for Final Approval | At least 35 days before Final Approval Hearing |

28.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiffs and Defendants, if appropriate, without further notice to the Settlement Class.

**IT IS ORDERED:**

Date: _____          _____

                             HONORABLE LEO T. SOROKIN
                             UNITED STATES DISTRICT COURT JUDGE

# Exhibit E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL MEYERS, *et al.*,
     Plaintiffs,

v.

BHI ENERGY SERVICES, LLC, *et al*.,
     Defendants.

Lead Case No. 1:23-cv-12513-LTS

**[PROPOSED] FINAL JUDGMENT ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Settlement Agreement (the "Motion") requesting that the Court enter an Order granting final approval of the class action settlement involving Class Representatives Michael Meyers, Daniel Muske, Gary Kaplan, Kim Wever, Joshua Pyfrom, Lashawntae Washington, and Ted Melton ("Plaintiffs" or "Class Representatives") and Defendants BHI Energy Services, LLC and BHI Energy I Specialty Services LLC (collectively, "Defendants" or "BHI") as fair, reasonable and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiffs' Motion, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Judgment and Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the

settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS _____ day of _____, 202_, ORDERED** that:

1.     Unless otherwise noted, words spelled in this Final Judgment Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

2.     On _____ ___, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiffs as the Class Representatives and A. Brooke Murphy and William B. Federman as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Settlement Administrator; and (g) set the date for the Final Approval Hearing.

3.     In the Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(e), the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class and California Subclass as follows:

Settlement Class. All U.S. residents who were sent a breach notice letter by BHI and whose breach notice letter was not returned as undeliverable.

California Subclass. All California residents who were sent a breach notice letter by BHI and whose breach notice letter was not returned as undeliverable.

Excluded from the Settlement Class are (a) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; (b) counsel for the Parties, any member of their respective staffs who worked directly on the Litigation, and any member of their immediate families; (c) any government entity; (d) any entity in which BHI has a controlling

2

interest; and (e) any of BHI's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns.

4.    The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and certifies the Settlement Class as defined herein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

5.    The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a.    The establishment of a Settlement Fund in the amount of $1,500,000.00.

b.    A process by which Settlement Class Members who submit valid and timely Claim Forms to the Claims Administrator will receive two years of credit monitoring and identity-protection services free of charge.

c.    A process by which Settlement Class Members who submit valid and timely Claim Forms for lost time spent responding to the Data Incident to the Claims Administrator are eligible to receive compensation up to $100.

d.    A process by which Settlement Class Members who submit valid and timely Claim Forms with supporting documentation to the Claims Administrator, which will evaluate all Claim Forms submitted, are eligible to receive compensation for unreimbursed losses up to a total of $7,500.00.

e.    A process by which California Subclass Members who submit valid and timely Claim Forms for CCPA payments are eligible to receive $100, subject to *pro rata* decrease if insufficient funds remain following the payment of Settlement costs and other Settlement benefits.

f.      A process by which Settlement Class Members who submit valid and timely Claim Forms are eligible to receive additional *pro rata* compensation from the remaining Settlement Fund based upon the amount of funds available after the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, the CAFA Notice, the cost of Credit Monitoring and Identity-Protection Services, claims for Out-of-Pocket Losses, claims for Lost Time, and claims for CCPA payments.

g.      Defendants have implemented improvements, and planned for future implementations, to improve their cybersecurity since the Data Incident to help mitigate the risk of similar data incidents. Costs associated with these business practice changes are estimated at $6,400,000.00 total and will be paid by Defendants separate and apart from the Settlement Fund.

h.      All costs of class notice and claims administration shall be paid out of the Settlement Fund.

i.       Service Awards in the amount of up to $2,500.00 to each Class Representative to be paid out of the Settlement Fund, subject to Court approval.

j.      Attorneys' fees to Class Counsel in an amount up to $600,000.00 of the Settlement Fund and reimbursement of litigation expenses up to $45,000.00, subject to Court approval, to be paid out of the Settlement Fund.

6.      Commencing on the Notice Commencement Date, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator provided Notice to Settlement Class Members in compliance with the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The Notice:

a.      Fully and accurately informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

      b.      Advised Settlement Class Members of their right to request exclusion from the settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

      c.      Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

      d.      Provided the time, date, and place of the Final Approval Hearing.

7.      The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

8.      Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards have been provided to Settlement Class Members as directed by this Court's orders.

9.      The record establishes that the Claims Administrator served the required notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, with the documentation required by 28 U.S.C. § 1715(b)(1)–(8).

10.      The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

11.     As of the final date for opting out of the Settlement, _____ Settlement Class Members have submitted a valid request to be excluded from the settlement. Those persons are not bound by this Final Judgment and Order, as set forth in the Settlement Agreement, and a list of those persons is attached hereto.

12.     The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.     The Court awards Class Counsel $_____ in reasonable fees, and $_____ in reimbursement of costs and expenses. The Court finds this amount to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

14.     The Court awards a Service Award of $_____ to each Class Representative. The Court finds this amount is justified by the Class Representatives' service to the Settlement Class. Payment shall be made from the Settlement Fund as directed by Class Counsel in accordance with the Settlement Agreement.

15.     As of the Effective Date, the Class Representatives and every Settlement Class Member have released the Released Claims, which are: any and all past, present, and future claims, causes of action, demands, damages, debts, liabilities, remedies, proceedings, actions, suits, allegations, assertions of wrongdoing, and any demand for injunctive relief or any other type of equitable or legal relief including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, whether known or unknown, suspected or

unsuspected, asserted or unasserted, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted by any Settlement Class Member or Settlement Subclass Member against any of the Released Persons with respect to the Data Incident or data security in any fashion. Released Claims shall not include the right of any Settlement Class Member or Settlement Subclass Member or any of the Released Persons to enforce the terms of this Settlement Agreement and shall not include the claims of individuals in the Settlement Class who have timely opted out from the Settlement.

16.    The Released Claims are released by the Class Representatives and every Settlement Class Member in favor of the Released Persons, which are: Defendants and their current and former parent companies, subsidiaries, affiliates, divisions, and current and former affiliated individuals and entities, legal successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint ventures, and each and all of their respective officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, vendors, investors, and funds, past, present, and future, and all persons acting under, by, through, or in concert with any of them.

17.    The Class Representatives and the Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

18.     The Class Representatives and the Settlement Class Members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. The Class Representatives and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, the Class Representatives and the Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

19.     In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Litigation or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

20.     The Settlement Agreement and this Final Judgment Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendants of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Action.

21.     The Settlement Agreement and this Final Judgment Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Judgment Order may be filed in

any action by any Defendant or Settlement Class Member seeking to enforce the Settlement Agreement or the Final Judgment Order.

22.     If the Effective Date does not occur for any reason, the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Litigation.

23.     The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction solely over the consummation and enforcement of the settlement.

24.     The Court shall retain jurisdiction solely with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

25.     In accordance with Federal Rule of Civil Procedure 23, this Final Judgment and Order resolves all claims against all Parties in this action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Final Judgment Order in this matter and mark this case as Administratively Closed.

**IT IS ORDERED:**

Date: _____

_____
HONORABLE LEO T. SOROKIN
UNITED STATES DISTRICT COURT JUDGE